IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD WILCOX and                                              OPINION AND ORDER
RICHARD D. MORRIS,

                        Plaintiffs,

                                                                   09-cv-659-bbc

     v.

ALTERNATIVE ENTERTAINMENT, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed collective action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, plaintiff Richard Wilcox alleges that defendant Alternative Entertainment, Inc. denied payment of overtime and minimum wages to plaintiff and others similarly situated. Jurisdiction is present under 28 U.S.C § 1331. Now before the court is defendant's motion to transfer venue to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a) on the ground that transfer to that district is clearly more convenient for the parties and witnesses. Because I conclude that transfer to the Eastern District is not clearly more convenient and does not serve the interests of justice, I will deny defendant's motion to transfer.

1

From the complaint and submitted affidavits, I find the following facts to be undisputed for the purpose of deciding the present motion.

UNDISPUTED FACTS

A.  Parties

Plaintiff Richard Wilcox is a resident of Monona, Wisconsin. Defendant Alternative Entertainment, Inc. employed plaintiff as a technician. Plaintiff installed satellite dishes for defendant in and around Madison, Wisconsin. Plaintiff seeks to certify a collective class, which would include other technicians who install or have installed satellite dishes for defendant throughout Wisconsin and Michigan. These technicians include 175 Michigan employees and 158 Wisconsin employees. It is not clear how many of defendant's Wisconsin technicians work in the Eastern District of Wisconsin and how many work in the Western District of Wisconsin.

Defendant is a Wisconsin company with its headquarters in Seymour, Wisconsin, in the Eastern District of Wisconsin and near Green Bay, the site of a federal courthouse. Defendant employs approximately 100 employees at its Seymour headquarters, including the company's upper-level management.  The upper-level management formulates defendant's policies related to employee wages, hours, and overtime. Defendant also administers payroll from its Seymour office. Thus, defendant maintains its payroll records,

2

...

in addition to all physical and electronic records, at its headquarters in Seymour.

B. Background

Plaintiff filed this suit on October 29, 2009, and seeks certification of a collective action under § 216 of the FLSA. Another plaintiff filed an identical suit in this district six weeks later. Morris v. Alternative Entertainment, Inc., 09-cv-758-bbc. Counsel in Morris has agreed to dismiss that case and add Morris to the present suit so all the claims against defendant can proceed in a single suit. Id.; dkt. # 18. In addition, in this case, the court has ordered that plaintiff and defendant stay the proceeding in light of the parties' stipulation, which allows defendant to respond to a Department of Labor investigation into defendant's pay practices. Case No. 09-cv-659-bbc, dkt. # 34. The parties have also agreed to toll the statute of limitations beginning April 1, 2010. Despite these agreements, defendant continues to seek transfer to the Eastern District of Wisconsin.

Although plaintiff Morris is now part of this case, the parties have agreed that their agreement to allow Morris to be added to the case "has no effect" on the present motion, dkt. #33, at 4; therefore, the 28 U.S.C. § 1404 analysis will be conducted without consideration of Morris. All future references to "plaintiff" are to plaintiff Wilcox.

OPINION

28 U.S.C. § 1404(a) authorizes a district court to transfer a case when the moving party demonstrates that transfer is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). In weighing a transfer motion, the court must decide whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. Id.; see also Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience concerns of parties and witnesses or interest of justice). The convenience inquiry requires the court to consider the situs of material events, ease of access to sources of proof, including the location of the parties and the witnesses, and plaintiff's choice of forum. Harley-Davidson, Inc. v. Columbia Tristar Homes Video, Inc., 851 F. Supp. 1265, 1269 (E.D. Wis. 1994); Kinney v. Anchorlock Corp., 736 F. Supp. 818, 829 (N.D. Ill. 1990). The "interest of justice" analysis focuses on whether transfer would promote the "efficient administration of the court system," including whether transfer would insure or hinder a speedy trial. Coffey, 796 F.2d at 221.

A. Convenience

Defendant contends that the Eastern District of Wisconsin is more convenient because defendant maintains its offices and documents in Seymour, Wisconsin, very close

4

to the Green Bay division of the Eastern District.  In addition, defendant argues that many of the likely witnesses work at the Seymour office, including corporate executives who formulate payroll policies and human resources staff.  In defendant's view, litigating in the Eastern District would provide easier access to sources of proof.  Finally, defendant argues that plaintiff's choice of forum should receive less deference because this is a potential collective action in which the Western District will not be the home forum for a majority of the potential class members.

Plaintiff maintains that his choice of forum deserves deference and points out that numerous potential witnesses are located throughout Wisconsin and Michigan.  No one district boasts a majority of the parties or witnesses.

Plaintiff filed this suit in the Western District because he resides in Monona, Wisconsin, and worked for defendant in the Madison area.  He has a clear connection to this area because it is his home forum and his choice is entitled to deference.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981) (ordinarily, there is strong presumption in favor of plaintiff's choice of forum but presumption applies with less force when plaintiff is from foreign jurisdiction).  Even so, a plaintiff's choice of forum may merit less deference when a plaintiff is bringing a collective action and seeking to represent others who have few if any ties to plaintiff's chosen forum.  Koster v. (American) Lumbermens Mutual Casualty Ins. Co., 330 U.S. 518, 526 (1947) (residence of named plaintiff given less significance in large

5

derivative action). In this case, at least 175 potential class members work in Michigan and an unknown amount of the 158 remaining members work in this district, as opposed to the Eastern District. However, the collective action is merely proposed and it remains uncertain whether a class will be certified. This latter consideration weighs slightly in favor of keeping the suit here.

As for defendant's convenience concerns, they are overstated. Although transferring this suit to the Eastern District may give easier access to some sources of proof, the difference is minor. The distance between the site of defendant's documents and potential witnesses and the courthouse in the Western District is only 144.7 miles. Consequently, travel between defendant's headquarters and the Western District is not overly burdensome. Further, keeping the suit in the Western District will not create any practical limits on securing the presence of any witnesses or problems with compulsory process over witnesses. The key witnesses that defendant has identified work for defendant in the Eastern District, but defendant will have no trouble securing the presence of its own employees in the Western District if the suit remains here. Finally, numerous potential class members and witnesses work and reside throughout Wisconsin and Michigan, so the Eastern District's Green Bay division is not the exclusive situs of the parties and witnesses. Obtaining the presence of any of the 175 potential class members and witnesses who work in Michigan will be no different if the suit remains in this district or is transferred to the Eastern District.

6

Because access to sources of proof is at most only sightly worse in this district, I conclude that defendant has not met its burden to establish that transfer is *clearly* more convenient.

B. Interests of Justice

Defendant contends that transfer serves the interests of justice because "the community" in the Eastern District has a greater stake in the litigation. It does not explain why such a factor would play a part in the interests of justice determination or proffer any arguments that might support a finding that the interests of justice would require transfer.

Initially, plaintiff had three arguments to support his assertion that maintaining the suit in the this district was in the interests of justice. The parties' stipulation to toll the statute of limitations and the dismissal of the Morris case rendered moot plaintiff's argument that transfer would cause undue prejudice because the statute of limitations would continue to run and splitting the prosecution of the Morris and this one between two districts would increase the possibility of duplicate suits. Consequently, I will address only plaintiff's third argument, which is that the suit should remain in the Western District because this district is experienced in handling complex FLSA litigation and can process plaintiff's claims most expediently to promote the efficient administration of justice.

Plaintiff's remaining argument carries little force. He has not shown that this is the only federal court in Wisconsin experienced in hearing complex FLSA litigation. The court

7

in Green Bay (or in Milwaukee, if the case ended up there) would be just as capable of handling this litigation as this court. Comparing the parties' concerns, the interests of justice analysis does not weigh heavily in favor of either party. I conclude therefore that defendant has failed to carry its burden on both prongs: it has not shown that transfer is clearly more convenient or that it would serve the interests of justice. Accordingly, I will deny defendant's motion to transfer venue to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that defendant Alternative Entertainment, Inc.'s motion to transfer venue to the Eastern District of Wisconsin, dkt. # 12, is DENIED.

Entered this 25th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge