IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD WILCOX,
RICHARD D. MORRIS and
DEWEY STEVENSON,
on behalf of themselves and
all others similarly situated,

                    Case No. 3:09-CV-659

              Plaintiffs,

      vs.

ALTERNATIVE ENTERTAINMENT, INC,

              Defendant.

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release of Claims ("the Agreement") is created by and between Plaintiffs Richard Wilcox, Richard D. Morris, Dewey Stevenson and the classes of individuals that they represent and Defendant Alternative Entertainment, Inc.  This Agreement is binding upon all Class Representatives (as defined in ¶1.5), all Wisconsin Overtime/Minimum Wage Class Members (as defined in ¶1.34), all Michigan Overtime/Minimum Wage Class Members (as defined in ¶1.18), all Wisconsin Deduction Class Members (as defined in ¶1.30), all Michigan Deduction Class Members (as defined in ¶1.14), all Opt-In Class Members (as defined in ¶1.22), Class Counsel (as defined in ¶1.4), the Company (as defined in ¶1.7), and Defense Counsel (as defined in ¶1.8), other than those Rule 23 Class Members who both opt out of settlement and do not participate as Opt-In Class Members, except as set forth herein.

I.    **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its Exhibits.

1.1    The "Civil Action" means the above-captioned case.

1.2    "Claimant" is a generic term referring, in proper context, to any Wisconsin Overtime/Minimum Wage Claimant, Michigan Overtime/Minimum Wage Claimant, Wisconsin Deduction Claimant, Michigan Deduction Claimant or Opt-In Claimant who returns a timely executed claim form.  It is within the contemplation of the Parties that Claimants may be members of more than one of the above-described Classes and would have the right to settlement proceeds from more than one of said Classes.

1.3    "Claims Administrator" means Rust Consulting Co., Inc.

1.4    "Class Counsel" means Hawks Quindel, S.C., Axley Brynelson, LLP, and Gingras, Cates, & Luebke, S.C.

1.5    "Class Representatives" are, for the purposes of settlement only, (1) for the Wisconsin Overtime/Minimum Wage Class, Plaintiffs Richard Wilcox and Richard D. Morris; (2) for the Michigan Overtime/Minimum Wage Class, Plaintiff Dewey Stevenson; (3) for the Wisconsin Deduction Class, Plaintiff Richard D. Morris; (4) for the Michigan Deduction Class, Plaintiff Dewey Stevenson; and (5) for the Opt-In Class, Plaintiffs Richard Wilcox, Richard D. Morris and Dewey Stevenson.

1.6    The "Court" means the United States District Court for the Western District of Wisconsin, Judge Barbara B. Crabb presiding.

1.7    "Defendants" means Alternative Entertainment, Inc. and Thomas Burgess.  The "Company" means Alternative Entertainment, Inc.

1.8     "Defense Counsel" means Ross W. Townsend and Kurt A. Goehre of Liebmann, Conway, Olejniczak & Jerry, S.C., and Jill S. Kirila of Squire, Sanders & Dempsey L.L.P.

1.9     "Effective Date" means the earliest date upon which both of the following have occurred: (1) entry of an Order by the Court certifying the Rule 23 Classes for purposes of this settlement; and (2) entry of Final Approval Order as defined in ¶1.11.

1.10    "Execution Date" means the date on which the last of the Parties executes this Agreement.

1.11    The "Final Approval Order" means the Order entered by this Court 1) approving the terms of the this Agreement following submission to the Court of a Joint Motion for Order for Final Certification of the Rule 23 Settlement Classes and Final Approval of this Agreement; and 2) approving the terms of this Agreement following submission to the Court of a Joint Motion for Order for Approval of §216(b) Collective Action Settlement and for Certification of the Opt-In Class.

1.12    "Maximum Settlement Amount" means Two Million-Three-Hundred-Thirty Thousand and 00/100 Dollars ($2,330,000.00) which is the maximum total amount to be paid by the Company to all Wisconsin Overtime/Minimum Wage Class Members, Michigan Overtime/Minimum Wage Class Members, Wisconsin Deduction Class Members, Michigan Deduction Class Members, Opt-In Class Members, all Class Representatives, and Class Counsel.

1.13    The "Michigan Deduction Class" means any and all persons employed by the Company in Michigan as a technician at any time during the period of October 29, 2006 through and including August 6, 2010.

1.14    "Michigan Deduction Class Member" means any current or former employee of the Company who was employed as a technician in Michigan at any time during the period of

October 29, 2006 through and including August 6, 2010. There are 668 Michigan Deduction Class Members, all of whom are listed in Exhibit A.

1.15    "Michigan Deduction Claimant" means any Michigan Deduction Class Member who timely signs and returns a Settlement Claim Form and Release of Claims, as provided in ¶3.2(E).

1.16    "Michigan Deduction Maximum Settlement Amount" means the amount calculated by the formula set out in paragraph 2.15.

1.17    The "Michigan Overtime/Minimum Wage Class" means any and all persons employed by the Company in Michigan as a COV or POV technician at any time during the period of October 29, 2006 through and including August 6, 2010.

1.18    "Michigan Overtime/Minimum Wage Class Member" means any current or former employee of the Company who was employed as a COV or POV technician in Michigan at any time during the period of October 29, 2006 through and including August 6, 2010. There are 878 Michigan and Wisconsin Overtime/Minimum Wage Class Members, all of whom are listed in Exhibit B. The Parties acknowledge that Defendant has provided class member information for the Michigan and Wisconsin Overtime/Minimum Wage Class for pay periods up to June 18, 2010. Exhibit B will be supplemented with the remaining pay periods through August 6, 2010 as soon as practicable.

1.19    "Michigan Overtime/Minimum Wage Claimant" means any Michigan Overtime/Minimum Wage Class Member who timely signs and returns a Settlement Claim Form and Release of Claims, as provided in ¶3.2(D).

1.20    "Michigan Overtime/Minimum Wage Maximum Settlement Amount" means the amount calculated by the formula set out in paragraph 2.12.

1.21    The "Opt-In Class" means any and all current or former COV or POV technicians employed by the Company at any time during the period of October 29, 2006 through and including August 6, 2010 who is also a Class Representative or who filed an opt-in notice with the Court on or before the Execution Date, or who timely opts into the Civil Action and the settlement by timely signing and returning a Settlement Claim Form and Release of Claims, as provided in ¶3.2(D).

1.22    "Opt-In Class Member" means any current or former employee of the Company who was employed as a COV or POV technician at any time between October 29, 2006 and August 6, 2010 who is a Class Representative or who filed an opt-in notice with the Court on or before the Execution Date, or who timely opts into the Civil Action and the settlement by timely signing and returning a Settlement Claim Form and Release of Claims, as provided in ¶3.2(D).

1.23    The "Parties" mean, collectively, the Class Representatives, the Rule 23 Class Members, the Opt-In Class Members and the Defendants.

1.24    "Plaintiffs" mean all Class Representatives, Rule 23 Class Members and Opt-In Class Members.

1.25    The "Preliminary Approval Order" means the Order entered by this Court preliminarily approving this Agreement following submission to the Court of a Joint Motion for Order Preliminarily Approving the Settlement Agreement and Certifying the Rule 23 Settlement Classes.

1.26    "Released Claims" means "Wage Classes Released Claims" and "Class Representative Released Claims".

1.27    "Released Parties" means the Company and (except as limited below) DISH Network, Inc., their owners (including, but not limited to, Tom Burgess), stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers,

attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action. DISH Network, Inc. is included as one of the "Released Parties" only to the extent that any claim raised against DISH Network, Inc. is based upon, relates to, or arises out of any claimant's past or present employment or termination of employment with the Company.

1.28    The "Rule 23 Class Members" is a collective term referring to all Wisconsin Overtime/Minimum Wage Class Members, all Michigan Overtime/Minimum Wage Class Members, all Wisconsin Deduction Class Members and all Michigan Deduction Class Members.

1.29    The "Wisconsin Deduction Class," means any and all persons employed by the Company in Wisconsin as a technician at any time during the period of December 22, 2003 through and including August 6, 2010.

1.30    "Wisconsin Deduction Class Member" means any current or former employee of the Company who was employed as a technician in Wisconsin at any time during the period of December 22, 2003 through and including August 6, 2010. There are 1426 Wisconsin Deduction Class Members, all of whom are listed in Exhibit C.

1.31    "Wisconsin Deduction Claimant" means any Wisconsin Deduction Class Member who timely signs and returns a Settlement Claim Form and Release of Claims, as provided in ¶3.2(E).

1.32    "Wisconsin Deduction Maximum Settlement Amount" means the amount calculated by the formula set out in paragraph 2.14.

1.33    "Wisconsin Overtime/Minimum Wage Class" means any and all persons employed by the Company in Wisconsin as a COV or POV technician at any time during the period of October 29, 2006 through and including August 6, 2010.

1.34    "Wisconsin Overtime/Minimum Wage Class Member" means any current or former employee of the Company who was employed as a COV or POV technician in Wisconsin at any time during the period of October 29, 2006 through and including August 6, 2010.  There are 878 Michigan and Wisconsin Overtime/Minimum Wage Class Members, all of whom are listed in Exhibit B.    The Parties acknowledge that Defendant has provided class member information for the Michigan and Wisconsin Overtime/Minimum Wage Class for pay periods up to June 18, 2010. Exhibit B will be supplemented with the remaining pay periods through August 6, 2010 as soon as practicable.

1.35    "Wisconsin Overtime/Minimum Wage Claimant" means any Wisconsin Overtime/Minimum Wage Class Member who timely returns and signs a Settlement Claim Form and Release of Claims, as provided in ¶3.2(D).

1.36    "Wisconsin Overtime/Minimum Wage Maximum Settlement Amount" means the amount calculated by the formula set out in paragraph 2.12.

## II.    RECITALS

2.1    On or about October 29, 2009, Class Representative Richard Wilcox brought this Civil Action in which he claimed that the Company violated the Fair Labor Standards Act ("FLSA") and Wisconsin state law by failing to properly pay its technicians for overtime hours worked.  The Complaint sought recovery of overtime pay, liquidated damages in an amount equal to the overtime pay, pre- and post- judgment interest, costs, reasonable attorneys' fees, and other relief.

2.2    On or about December 22, 2009, the Complaint was amended to add claims that the Company violated the FLSA and Wisconsin state law by failing to pay technicians minimum wages for all time worked and by unlawfully deducting earned wages from technicians' pay without proper written authorization.

2.3     On or about February 11, 2010, the Complaint was again amended to add a second class representative, Richard Morris.

2.4     Through this Agreement and for the purposes of settlement only, the Parties stipulate to the filing of Plaintiffs' Third Amended Complaint which adds a third class representative, Dewey Stevenson, which adds Tom Burgess as a defendant, and which adds claims for alleged violations of Michigan law regarding minimum wage and overtime pay as well as a Michigan claim of common law conversion.  A copy of the Plaintiffs' Third Amended Complaint is attached hereto as Exhibit D.  Class Counsel will file Exhibit D within ten (10) business days following the Execution Date.  Following the filing of Plaintiffs' Third Amended Complaint, the Company and Mr. Burgess will answer the Third Amended Complaint, dispute the material allegations both as to fact and law, and deny any liability to the Plaintiffs or any member of the settlement classes.

2.5     For the purposes of settlement only, the Parties seek the certification of the following opt-out settlement classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(A)     The "Wisconsin Overtime/Minimum Wage Class" (as defined in ¶1.33);

(B)     The "Michigan Overtime/Minimum Wage Class" (as defined in ¶1.17);

(C)     The "Wisconsin Deduction Class" (as defined in ¶1.29); and

(D)      The "Michigan Deduction Class" (as defined in ¶1.13).

2.6     Intentionally left blank.

2.7     This Settlement Agreement is contingent upon the approval and certification of all four settlement classes enumerated in ¶2.5.  The Company does not waive, and expressly reserves its right to challenge the propriety of class certification for any purpose should the Court refuse to certify any of the five settlement classes, fail to approve this Settlement Agreement, or fail to enter the Final Approval Order.

- 8 -

2.8     Prior to entering into this Agreement, Class Counsel conducted a thorough investigation into the facts of the Civil Action.  As part of that investigation Class Counsel conducted an extensive review and audit of numerous Company and employee documents (including payroll records, job reports, employee invoices, etc.), interviewed numerous class members, conducted depositions of company representatives, and audited records of class and non-class members.  Based upon Class Counsel's investigation and evaluation, and in light of all known facts and circumstances (including the risk of significant delay, defenses asserted by Defendants, and other potential legal and factual issues), Class Counsel are of the opinion that the settlement set forth in this Agreement is fair, reasonable, adequate, and is in the best interest of all Plaintiffs.

2.9     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement of all Released Claims (as those terms are defined in ¶¶5.1, 5.2 and 5.3) against all Released Parties (as that term is defined in ¶1.27).

2.10    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.11    This Agreement is a compromise and shall not be construed as an admission by Defendants or the Released Parties of liability at any time or for any purpose.  The Parties further acknowledge and agree that neither this Agreement nor the settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, including any of the Defendants.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.12    The formula used to calculate the amount to be paid to each potential Wisconsin and Michigan Overtime/Minimum Wage Claimant is as follows:

After reducing the Maximum Settlement Amount by the amount awarded by the Court for Plaintiffs' attorneys' fees and costs, and for Class Representative service payments as set forth in ¶2.16, the remaining amount shall be allocated i) one-third to the Wisconsin and Michigan Deduction Classes (the "One-Third Amount") and ii) two-thirds to the Wisconsin and Michigan Overtime/Minimum Wage Classes (the "Two-Thirds Amount").  The "Adjusted Total Work Weeks" for all Wisconsin and Michigan Overtime/Minimum Wage Class Members during the relevant time period shall be determined first by adding together all weeks actually worked as COVs and POVs by all Wisconsin and Michigan Overtime/Minimum Wage Class Members.  To that sum shall be added an additional number of weeks equal to 12.5% of the total weeks worked as POVs by all Wisconsin and Michigan Overtime/Minimum Wage Class Members during the relevant time period.  The resulting sum of Adjusted Total Work Weeks shall then be divided into the Two-Thirds Amount, resulting in a "Average Weekly Wage Claim Amount."  Defense Counsel and Class Counsel shall submit to the Claims Administrator the Average Weekly Wage Claim Amount.  The individual amount to be paid to each Wisconsin and Michigan Overtime/Minimum Wage Claimant for weeks worked as a COV shall be calculated by multiplying the Average Weekly Wage Claim Amount by the actual number of work weeks worked by each particular Wisconsin and Michigan Overtime/Minimum Wage Claimant as a COV during the relevant time period.  The individual amount to be paid to each Wisconsin and Michigan Overtime/Minimum Wage Claimant for weeks worked as a POV shall be calculated first by adjusting upward by 12.5% the actual number of work weeks worked as a POV by each particular Wisconsin and Michigan Overtime/Minimum Wage Claimant .  Second, the adjusted total POV work weeks for that Claimant shall then be multiplied by the Average Weekly Claim

amount, yielding the individual amount to be paid to each Wisconsin and Michigan Overtime/Minimum Wage Claimant for weeks worked as a POV.

The actual work weeks of the first ten individual Class Members who opt out of the settlement in accordance with Section 3.2(C) shall be included in the calculating the Adjusted Total Work Weeks; but work weeks of Class Members who opt out of the settlement in accordance with Section 3.2(C), beyond the initial ten noted above, shall be excluded when calculating the Adjusted Total Work Weeks.

2.13    Intentionally left blank.

2.14    The formula used to calculate the amount to be paid to each potential Wisconsin Deduction Claimant is as follows:

After reducing the Maximum Settlement Amount by the amount awarded by the Court for Plaintiffs' attorneys' fees and costs, and for Class Representative service payments as set forth in ¶2.16, the remaining amount shall be allocated i) one-third to the Wisconsin and Michigan Deduction Classes (the "One-Third Amount") and ii) two-thirds to the Wisconsin and Michigan Overtime/Minimum Wage Classes (the "Two-Thirds Amount"). The total actual work weeks worked as a technician by all Wisconsin and Michigan Deduction Class Members during the relevant time period shall be divided into the One-Third Amount, resulting in an "Average Weekly Deduction Claim Amount." The actual work weeks of the first ten individual Class Members who opt out of the settlement in accordance with Section 3.2(C) shall be included in the determining the total actual work weeks worked as a technician by all Wisconsin and Michigan Deduction Class Members; but work weeks of Class Members who opt out of the settlement in accordance with Section 3.2(C), beyond the initial ten noted above, shall be excluded. Defense Counsel and Class Counsel shall submit to Claims Administrator the Average Weekly Deduction Claim Amount. The individual amount to be paid to each Wisconsin Deduction Claimant shall be calculated by

multiplying the Average Weekly Deduction Claim Amount by the actual number of work weeks that Wisconsin Deduction Claimant was employed during the relevant time period.

2.15    The formula used to calculate the amount to be paid to each potential Michigan Deduction Claimant is as follows:

After reducing the Maximum Settlement Amount by the amount awarded by the Court for Plaintiffs' attorneys' fees and costs, and for Class Representative service payments as set forth in ¶2.16, the remaining amount shall be allocated i) one-third to the Wisconsin and Michigan Deduction Classes (the "One-Third Amount") and ii) two-thirds to the Wisconsin and Michigan Overtime/Minimum Wage Classes (the "Two-Thirds Amount").   The total actual work weeks worked as a technician by all Wisconsin and Michigan Deduction Class Members during the relevant time period shall be divided into the One-Third Amount, resulting in a "Average Weekly Deduction Claim Amount."  The actual work weeks of the first ten individual Class Members who opt out of the settlement in accordance with Section 3.2(C) shall be included in the determining the total actual work weeks worked as a technician by all Wisconsin and Michigan Deduction Class Members; but work weeks of Class Members who opt out of the settlement in accordance with Section 3.2(C), beyond the initial ten noted above, shall be excluded.  Defense Counsel and Class Counsel shall submit to Claims Administrator the Average Weekly Deduction Claim Amount. The individual amount to be paid to each Michigan Deduction Claimant shall be calculated by multiplying the Average Weekly Deduction Claim Amount by the actual number of work weeks that Michigan Deduction Claimant was employed during the relevant time period.

2.16    The Company shall pay a total of Twenty-Five Thousand and 00/100 ($25,000.00) to Class Representatives as service payments, which shall be deducted from the amounts available for the Maximum Settlement Amount.  The payments to the Class Representatives are as follows: Fifteen Thousand and 00/100 ($15,000.00) to Richard Wilcox, Five Thousand and 00/100 Dollars

($8,000.00) to Richard Morris, and Five Thousand and 00/100 ($2,000.00) to Dewey Stevenson. Said service payments will be dispursed at the same time as all other claims are disbursed.

2.17    In no event will the total payments made by the Company to Plaintiffs and Class Counsel (including Court approved attorneys' fees and costs) exceed the Maximum Settlement Amount ($2,330,000.00).

2.18    In the event that the Court fails to enter a Preliminary Approval Order or a Final Approval Order in substantially the same format as agreed to by the Parties or in the event that any objector successfully appeals any material part of such Order or Orders, then the Civil Action will proceed as if no settlement had been reached or attempted.  In that event, the Civil Action will resume as it existed on August 6, 2010 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement.  If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective or class action and to contest the merits of any claim being asserted by Plaintiffs.  In such a case, the Parties will request from the Court a new case schedule which shall, among other things, propose dates for completion of discovery, and the filing of motions, including motions with respect to certification and decertification of any class.

2.19    Until expiration of the claims period set forth in ¶3.2(D), the Company agrees that its officers, directors, shareholders and management personnel shall not discuss the Civil Action, settlement of the Civil Action, participation in the settlement or claims process, the effect of the settlement on the Company or its employees with any Rule 23 Class Member or Opt-In Class Member.  If the Company's officers, directors, shareholders or management personnel are questioned by a Rule 23 Class Member or Opt-In Class Member concerning the Civil Action,

settlement of the Civil Action or participation in the settlement or claims process, the Company agrees to respond with "no comment." The Court shall have jurisdiction to enforce this provision.

2.20    The Company agrees that, during the sixty (60) calendar day claim period set forth in ¶3.2(D), Tom Burgess will not be physically present in any of the Company's district offices, except the Company's facilities in Seymour, Wisconsin.

2.21    Except for those individuals who both opt out of the settlement pursuant to ¶3.2 and do not participate as Opt-In Class Members, all Rule 23 Class Members, Opt-In Class Members and Class Representatives will be bound by the terms and conditions of this Settlement Agreement, the Final Approval Order, the judgment, and the releases set forth herein to the full extent permitted by law. Further, all objections will be deemed to have waived as to the fairness, reasonableness, and adequacy of the settlement, unless a timely objection by such Class Member has been filed with the Court.

## III.    APPROVAL AND NOTICE

3.1    On October 5, 2010, Class Counsel and Defense Counsel will submit to the Court (i) this Agreement with Exhibits, (ii) a Joint Motion for Order Preliminarily Approving Settlement Agreement and Conditionally Certifying the Rule 23 Settlement Classes, and (iii) proposed Rule 23 Preliminary Approval Orders.

3.2    Notice and Claims Procedure for Rule 23 Class Members.

(A)    Within ten (10) calendar days of the Court's entry of the Preliminary Approval Order, Defendants' Counsel will provide the Claims Administrator with a list, in electronic form, of the names, hire date, separation date (if any), work state, last known addresses, and Social Security Numbers of all Class Members. At the same time that Defendants' Counsel provides this information to the Claims Administrator, it will provide Class Counsel with a list, in electronic form, of the names, hire date, separation date (if any), and work states of all Class Members.

Within twenty (20) calendar days after receiving such information, Class Counsel shall provide Defense Counsel and the Claims Administrator with the amounts calculated for each potential Claimant (i.e., all Class Members) under the formulas set forth in ¶¶ 2.12-2.15.

(B)    Notice.

(1)    Within thirty (30) calendar days after receiving the information from Defendants' Counsel described in ¶3.2(A), the Claims Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (in the form attached as Exhibit E), and the Settlement Claim Form and Release of Claims (attached as Exhibit F) to all Class Members using each individual's most accurate address.  To determine each individual's most accurate address, before the mailing, the Claims Administrator will run all of the addresses provided by Defendants' Counsel through NCOA.    In addition, if any notices are returned to the Claims Administrator as "undeliverable" or "address unknown," then the Claims Administrator will use a skip trace.  If an updated address is generated by the skip trace, then the Claims Administrator will resend the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (in the form attached as Exhibit E), and the Settlement Claim Form and Release of Claims (attached as Exhibit F) using that updated address.

(2)    The Notice and Claim form will be posted on the internet at www.aeiclassaction.com.  Class Counsel will bear the cost of the creation and maintenance of this website.  The website will contain only (i) an announcement identical to the language of the legal notice set forth in ¶3.2(B)(3) below; (ii) the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (in the form attached as Exhibit E), and (iii) the Settlement Claim Form and Release of Claims (attached as Exhibit F).  The Notice and claims forms will be available for downloading and printing

- 15 -

from the website.  All claim forms must be filed with the Claims Administrator and may not be filed through the website.

(3)  Class Counsel will select six regional newspapers of its choice from Wisconsin and/or Michigan in which to publish a legal notice of this settlement.  Class Counsel shall pay for 50% of the costs of said legal notices, and the remaining 50% shall be paid by AEI.  Such notice will be published only in the section of that newspaper where legal notices are typically published, and the notice will appear in the same font, font size, etc. as is used by that newspaper for its standard legal notices.  The notice will state:

> To current and former technicians of Alternative Entertainment, Inc.:  If you were employed in Michigan by Alternative Entertainment, Inc. as a Technician at any time between October 29, 2006 and August 6, 2010 or, if you were employed in Wisconsin by Alternative Entertainment, Inc. as a Technician at any time between December 22, 2003 and August 6, 2010, then you may be entitled to a substantial payment of additional wages from the Company.  For further information contact Rust Consulting, Inc. at (800)999-7940, or visit www.aeiclassaction.com.

(C)    Any Rule 23 Class Member may request exclusion from the Class by "opting out." Rule 23 Class Members who choose to "opt out" must submit a written and signed request for exclusion to the Claims Administrator.  To be effective, such opt-out statements must be sent via First Class United States mail and postmarked by a date certain to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which will be forty-five (45) calendar days after the Claims Administrator makes the initial mailing of the Notice.  The end of the "Opt-Out Period" shall be forty-five (45) calendar days after the last day on which the Claims Administrator makes the initial mailing under ¶3.2(B).  The Claims Administrator shall stamp the postmark date on the original of each opt-out statement that it receives and shall email copies of

each Statement on Class Counsel and Defense Counsel not later than three (3) business days after receipt thereof.  The Claims Administrator shall also, within three (3) business days of the end of the Opt-Out Period, file with the Clerk of Courts, with Social Security Numbers redacted, stamped copies of any opt-out statements.  The Claims Administrator shall, within three (3) business days after the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defense Counsel by e-mail.

   (D)  Any Claimant claiming a settlement amount must also execute and return a copy of the Settlement Claim Form and Release of Claims required under this ¶3.2(D) before any individual will be entitled to receive any settlement amount under this Agreement.  To be eligible to receive any payment, the Rule 23 Class Member or Class Representative must submit his or her signed Settlement Claim Form and Release of Claims to the Claims Administrator via First Class United States mail and must be postmarked by a date certain to be specified in the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.  Such date will be sixty (60) calendar days after the Claims Administrator makes the initial mailing of the Notice as provided in ¶3.2(B).  Any Wisconsin Overtime/Minimum Wage Class Member or Michigan Overtime/Minimum Wage Class Member who timely returns a signed Settlement Claim Form and Release of Claims to the Claims Administrator will also have been deemed to "opt-in" to this litigation and will also be a member of the Opt-In Class.  The Wisconsin Overtime/Minimum Wage Claimants and Michigan Overtime/Minimum Wage Claimants shall not receive any additional payments for being a member of the Opt-In Class.  If a Rule 23 or Opt-In Class Member does not timely submit the executed Settlement Claim Form and Release of Claims or if a Class Representative does not timely submit the executed Settlement Agreement and Release of Claims, then that individual will not be entitled to any settlement payments hereunder.

(E)     If any Class Member timely submits a deficient Claim Form, then, within fifteen (15) calendar days of the Claims Administrator's receipt of such Claim Form, the Claims Administrator shall send by first class mail a notice to such Class Member informing him or her of the deficiency and that he or she has twenty (20) calendar days from the date the notice is mailed to cure the deficiency.  The Claims Administrator will also copy (via email) Class Counsel and Defense Counsel with any such notices of deficiency.  A response from the Class Member curing the deficiency must be in writing and must be postmarked and mailed within twenty (20) calendar days after the date the notice of deficiency is mailed to the Class Member in order to be considered a timely response.  Any responses that are not timely shall not be considered, and the deficient Claim Form shall be null and void and shall not be accepted or processed.

(F)     Any Rule 23 Class Member wishing to object to the approval of this Settlement ("Objecting Class Member") shall inform the Court and the Parties in writing of his or her intent to object to the Settlement.  The written submission must be filed in the Court and postmarked and mailed to Class Counsel and Defense Counsel within forty-five (45) calendar days after the date Notice is mailed to the Class Members, and must state the basis of the objection.  If any Objecting Class Member wishes to be heard at the Final Fairness and Approval Hearing, that Class Member's written submission must state their intention to do so. Any Class Member who fails to timely file and serve such a written statement of his or her intention to object shall be foreclosed from making any objection to this Settlement, unless otherwise ordered by the Court. Counsel for the Parties shall file any response to the objections submitted by Objecting Class Members at least fourteen (14) calendar days before the date of the Final Fairness and Approval Hearing.  Any Rule 23 Class Member who has submitted an opt-out letter may not submit objections to the settlement, unless otherwise permitted by law.

(G)     During the claims period, the Claims Administrator is not to disclose the identity of the Claimants to the Parties, Class Counsel or Defense Counsel unless directed otherwise by both Class Counsel and Defense Counsel jointly in writing.

3.3     Class Settlement Approval Procedures.

(A)     Not later than ten (10) calendar days before the Fairness Hearing, the Parties will submit a Joint Motion for Order for Final Certification of the Rule 23 Settlement Classes and Final Approval of the Settlement Agreement.  The first draft of the Joint Motion for Order for Final Certification of a Rule 23 Settlement Class and Final Approval of Class and Collection Action Settlement Agreement will be completed by Class Counsel with the approval and contribution of Defendant.  The Fairness Hearing shall be held on a date to be set by the Court.

(B)     At the Fairness Hearing, the Parties will request that the Court issue a Final Approval Order containing all of the following:

(1)     Certifying the Rule 23 Settlement Classes;

(2)     Granting final approval of the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(3)     Dismissing Plaintiffs' Third Amended Complaint on the merits and with prejudice and permanently barring all Rule 23 and Opt-In Class Members, including the Class Representatives, from prosecuting against any Released Parties any of the Released Claims and issuing a judgment entry to that effect;  and

(4)     Retaining jurisdiction to enforce the terms of the settlement;

(5)     And any other relief requested in the parties' jointly filed Final Approval Order.

3.4     Class Counsel may not initiate contact with any Rule 23 Class Members, other than Class Representatives and current opt-ins, but may communicate with Rule 23 Class Members if the Rule 23 Class Member contacts Class Counsel directly.

## IV.     PAYMENTS HEREUNDER

4.1     The Company will pay only up to the "Maximum Settlement Amount" ($2,330,000.00) in full and complete settlement.

4.2     With regard to the costs and fees of the Claims Administrator, the first $40,000 in such costs and fees will be paid by the Company from the Maximum Settlement Amount ($2,330,000).  Class Counsel will be solely responsible for all such costs and fees in excess of $40,000.

4.3     The Maximum Settlement Amount amount includes payment for any and all of Plaintiffs' approved attorneys' fees and costs and all Class Representative service payments.

4.4     Attorneys fees and costs as provided hereunder are to be approved by the Court. Plaintiffs and Class Counsel shall not seek more than, and no Court award may exceed, one-third of the Maximum Settlement Amount for all attorneys' fees and costs.  The Claims Administrator is responsible for providing all tax forms to Class Counsel for payments.  Attorneys' fees and costs will be paid by the Claims Administrator at the same time that the Claims Administrator distributes settlement proceeds to Claimants.

4.5     Except as otherwise provided herein and in anticipation of the motion by Class Counsel to have attorneys' fees and costs approved as contemplated herein, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

4.6      Within ten (10) business days of the entry of the Final Approval Order, the Claims Administrator will provide to Defendants' Counsel and Class Counsel the total amounts payable to the Claimants by summing the individual amounts payable to the specific Claimants, as set forth in the list of amounts calculated for all Class Members provided in 3.2(A).  The Company will deposit funds into a Qualified Settlement Fund set up by the Claims Administrator in the amount equal to (1) the court approved attorneys' fees and costs set forth in ¶4.4, (2) Class Representative payments set forth in ¶2.16, and (3) total amount payable to Claimants who have made claims pursuant to ¶3.2(D).   No amount is to be distributed to any Class Member, Class Representative or attorneys until all final Court approvals contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred.

4.7      Within three (3) days of all final Court approvals contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred, the Parties will authorize the transfer of the amounts placed in the Qualified Settlement Fund to the Claims Administrator for processing of the settlement checks in accordance with this Agreement.  For the purposes of tax treatment, fifty percent of the amount paid to any Claimant or Class Representative shall be treated as W-2 wages with appropriate withholding and tax reporting.  The remaining fifty percent shall be paid as liquidated damages and treated as 1099 income to Plaintiffs.  The funds will be paid by the Claims Administrator in the form of a check with the Federal, State, and Local wage withholding taxes withheld and reported to the appropriate taxing authority.  The Claims Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments out of the Qualified Settlement Fund.  The Company will pay the employer's portion of the taxes and pay that amount out of the Company's funds which shall not be counted against the Maximum Settlement Amount.  The Claims Administrator shall be responsible for calculating both the Claimants' and employer's portion of the taxes.  The Claims Administrator shall be responsible for

notifying Defendant fifteen (15) business days prior to a distribution of the employer's portion of the taxes due. The Company will then deposit the amount of employer's taxes into the Qualified Settlement Fund established by the Claims Administrator for the Claims Administrator's payment to the appropriate taxing authorities. The Claims Administrator shall issue to each Class Representative and Claimant receiving payment a W-2 and a Form 1099, for the year they receive the monies, and a Form 1099 in the appropriate amount to Class Counsel. The Company shall be solely responsible to pay for all "employer-sided" taxes as required as a result of said payments, and Claimants shall be solely responsible to pay for all of their own individual "employee-sided" taxes including those amounts withheld from the W-2 payment and other individual income taxes required as a result of said payments.

      4.8    Claimants will have one hundred and eighty (180) calendar days after settlement checks are mailed out to cash the checks. If any Claimants do not cash their checks within that 180-day period, their check will be voided. In that event, Defendant will be refunded such amount(s). Claimants who contact Class Counsel or the Claims Administrator within the 180 day period and establish that they have not received and executed their checks to the satisfaction and certification of the Claims Administrator shall be reissued checks and given an additional sixty (60) calendar days to cash the reissued checks.

      4.9    The Company has provided Class Counsel with an unconditional, irrevocable letter of credit, sufficient to guarantee payment by the Company of the Maximum Settlement Amount ($2,330,000.00), to be allocated as set forth in this Settlement Agreement. The letter of credit is attached as Exhibit G. The Parties intend to file a revised letter of credit extending the expiration date until May 31, 2011, if approved, and clarifying the second sentence of the letter of credit to make clear that "you" refers to Rust Consulting, Inc.

4.10    Payments made under this Agreement are not intended to: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, the Company's bonus, pension, any 401(k), any employee stock ownership plan and/or other retirement plans or similar programs.

## V.    <u>RELEASE</u>

5.1    <u>Release of Claims – Class Members</u>.  By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Class Counsel, and Class Representatives, on behalf of each individual Wisconsin Overtime/Minimum Wage Class Member, Michigan Overtime/Minimum Wage Class Member, Wisconsin Deduction Class Member, Michigan Deduction Class Member, Opt-In Class Member and Class Representative hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and/or the Released Parties from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes (including related retaliation claims) and claims including but not limited to those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*, the Michigan Wage Law, M.C.L. 408.381, *et. seq.*, the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. 408.471, *et. seq.*, Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 *et. seq.*, Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 *et seq.* and 274.01 *et seq.*, The Wisconsin Wage Deduction Statute, Wis. Stat. §103.455, The Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims of conversion which any such

Rule 23 Class Member or Class Representative has or might have, known or unknown, of any kind whatsoever (the "Wage Classes Released Claims"). The foregoing release does not include any wage related claims brought pursuant to employment discrimination statutes or laws,.

5.2    <u>Release of Claims - Class Representatives</u>.  By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Claimants, Class Counsel, and Class Representatives, on behalf of each individual Class Representative, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendants and/or the Released Parties from any and all past and present disputes, matters, claims, demands, and causes of action of any kind whatsoever whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law , which Class Representative has or might have, known or unknown, of any kind whatsoever, arising from the period of time preceding the execution of this Agreement (with the exception of any workers' compensation claims, unemployment claims or claims under COBRA or any other claims which may not be released by operation of law) (the "Class Representatives Released Claims"). Each Class Representative will also properly execute the individual Settlement Agreement and Release of Claims (attached hereto as Exhibit H) and discussed in ¶3.2(B).

5.3    <u>Release of Claims - Fees and Costs</u>.  All Claimaints, Class Counsel, and Class Representatives, on behalf of the classes and each individual Class Representative, Rule 23 Class Member and Opt-In Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants and the Released Parties for attorneys' fees and costs associated with Class Counsel's representation of the Class Representatives, the Rule 23 Class Members, or the Opt-In Class Members.  Class Representatives and Class Counsel understand and agree that any fees and costs approved by the Court will be the full, final and

complete payment of all attorneys' fees and costs associated with Class Counsel's representation of Plaintiffs with regard to the Released Claims and/or the Class Representatives' Released Claims.

5.4    <u>No Other Claimants</u>.    Class Counsel represent that they have no personal knowledge of any AEI technician or former AEI technician who wishes to join in this case who is not a Rule 23 Class Member an Opt-In Class Member or both, or of any other person wishing to assert any wage-related claim against any of the Released Parties.

5.5    <u>No Assignment of Claims</u>.    Class Counsel and Claimants, on behalf of the Class Representatives, Rule 23 Class Members and Opt-In Members, represent and warrant, that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action.

5.6    <u>Effect of Failing to Opt-Out</u>.    Any Rule 23 Class Member who does not submit a timely opt-out letter will be deemed to have entered into this release and to have released the above-described claims against the Released Parties even if that Rule 23 Class Member does not submit a Settlement Claim Form and Release.

## VI.    <u>PARTIES' AUTHORITY</u>

6.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties to the terms and conditions hereof.

6.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and that this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

6.3     The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing will advise all Rule 23 Class Members that, unless they timely and properly opt-out of the settlement class(es), they will be bound by the covenants and releases in paragraph 5 of this Agreement.

## VII.   **MUTUAL FULL COOPERATION**

7.1     The Parties and their counsel agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

7.2     The Parties agree to a time line for submittal to the Court of all necessary papers, including but not limited to approval papers, understanding that they will begin and complete the process in a reasonable, practicable, and expeditious manner and so as to facilitate the approval, notice, and payment schedule in a timely and workable manner.  The Parties anticipate a schedule that will require six (6) months for completion of initial papers, preliminary approval, plan and notice, opt outs and fairness hearing.  The Parties will move expeditiously to accomplish such schedule.

7.3     The Parties will execute all documents necessary for settlement as intended under this Agreement.

## VIII.   **NOTICES**

8.1     Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiffs/Settlement Classes:

William E. Parsons                          Michael J. Modl
David C. Zoeller                            Timothy D. Edwards
HAWKS QUINDEL, S.C.                         Steven M. Streck
222 West Washington Ave., Suite 450         AXLEY BRYNELSON, LLP
P.O. Box 2155                               P.O. Box 1767
Madison, WI 53701-2155                      Madison, Wisconsin 53701-1767

                                            Robert J. Gingras
                                            Michael J. Luebke
                                            Heath P. Straka
                                            GINGRAS, CATES & LUEBKE, S.C.
                                            P.O. Box 1808
                                            Madison, Wisconsin 53701-1808

To Defendants:

Jill S. Kirila
Squire, Sanders and Dempsey L.L.P.
41 South High Street
2000 Huntington Center
Columbus, OH  43215

Ross W. Townsend
Kurt A. Goehre
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
P. O. Box 23200
Green Bay, WI 54305-3200

## IX.   MODIFICATION

9.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing, signed by the Parties hereto, and approved by the Court.

## X.   ENTIRE AGREEMENT

10.1    This Agreement and its attachments and any non-conflicting provisions of the term sheet dated August 6, 2010 constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other document, the Parties intend that this Agreement shall be controlling.

## XI.   CHOICE OF LAW / JURISDICTION

11.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Wisconsin, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the Western District of Wisconsin, Judge Barbara B. Crabb, presiding. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XII.   COUNTERPARTS

12.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

## XIII.   POWER TO VOID THE AGREEMENT

13.1    <u>Grounds for Voiding Settlement.</u>  Defendant may void this Agreement if:

(A)    The Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Preliminary Approval Order or the Final Approval Order; or

(B)    The settlement as agreed does not become final for any reason.

13.2    If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on August 6, 2010.

13.3    Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be

admissible or offered into evidence in the Civil Action or any other action for any purpose

whatsoever.

                                        Respectfully submitted,

Of Counsel:

                                        _____
Jill S. Kirila (Ohio Bar 0068593, pro hac vice)   Ross W. Townsend, Bar No. 1011622
SQUIRE, SANDERS & DEMPSEY L.L.P.       Kurt A. Goehre, Bar No. 1068003
2000 Huntington Center                 Liebmann, Conway, Olejniczak & Jerry, S.C.
41 South High Street                   231 South Adams Street
Columbus, Ohio  43215                  P. O. Box 23200
(614) 365-2700                         Green Bay, WI 54305-3200
(614) 365-2499 (facsimile)             Telephone: (920) 437-0476
jkirila@ssd.com                        rwt@lcojlaw.com

                                       Attorneys for Defendant Alternative Entertainment, Inc.

                                       _____
                                       William E. Parsons, State Bar No. 1048594
                                       David C. Zoeller, State Bar No. 1052017
                                       HAWKS QUINDEL, S.C.
                                       222 West Washington Ave., Suite 450
                                       P.O. Box 2155
                                       Madison, WI 53701-2155
                                       (608) 257-0040
                                       wparsons@hq-law.com

                                       Michael J. Modl
                                       Timothy D. Edwards
                                       Steven M. Streck
                                       AXLEY BRYNELSON, LLP
                                       P.O. Box 1767
                                       Madison, Wisconsin 53701-1767
                                       (608) 257-5661
                                       mmodl@axley.com

                                       Robert J. Gingras
                                       Michael J. Luebke
                                       Heath P. Straka
                                       GINGRAS, CATES & LUEBKE, S.C.
                                       P.O. Box 1808
                                       Madison, Wisconsin 53701-1808
                                       (608) 833-2632
                                       gingras@gcllawyers.com

                                       Attorneys for Plaintiffs

827229

Exhibit A

Settlement Agreement Group - MI Deduction Claim

|  | Employee_Name |
|---|---|
| 1 | Abbott, David |
| 2 | Acevedo, David |
| 3 | Acevedo, Robert |
| 4 | Achorn, David |
| 5 | Adams, Ronald |
| 6 | Adkins, Howard |
| 7 | Albright, Lawrence |
| 8 | Albright, Tony |
| 9 | Aldrich, Mark |
| 10 | Alexander, Marshall |
| 11 | Alexander, Robert |
| 12 | Allen, Sean |
| 13 | Allison, Randy |
| 14 | Alwraikat, Hasan |
| 15 | Anderson, Michael |
| 16 | Anglemyer, Dennis |
| 17 | Arens, Manfred |
| 18 | Arnott, Todd |
| 19 | Arroyo, Roy |
| 20 | Asher, Jeffrey |
| 21 | Atkinson, Robert |
| 22 | Austin, Len |
| 23 | Avery, Wayne |
| 24 | Baar, Travis |
| 25 | Baerwolf, David |
| 26 | Bailey, Ronald |
| 27 | Baker, David |
| 28 | Baker, Marlos |
| 29 | Balder, Brian |
| 30 | Barnes, Gary |
| 31 | Bates, Shawn |
| 32 | Bautell, Nathan |
| 33 | Bean, Timothy |
| 34 | Bearer, Jason |
| 34 | Bearer, Jason |
| 35 | Bearer, Norman |
| 36 | Beck, Richard |
| 37 | Becker, David |
| 38 | Beem, Kevin |
| 39 | Bell, Blake |
| 40 | Bell, Charlie |
| 41 | Bellottie, Chris |
| 42 | Benavides, Rocky |
| 43 | Bengtsson, Carl |
| 44 | Berg, Jeremy |
| 45 | Berklund, Renee |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 46 | Beukema, Timothy |
|----|------------------|
| 47 | Bignall, James |
| 48 | Billings, Randy |
| 49 | Bilovus, David |
| 50 | Bishop, William |
| 51 | Blacha, Derek |
| 52 | Blackeagle, Mishach "Mario" |
| 53 | Blain, Richard |
| 54 | Bodies, Timothy |
| 55 | Bodley, Jeremy |
| 56 | Bond, Kyle |
| 57 | Bowen, Samuel |
| 58 | Box, Chad |
| 59 | Box, Sean |
| 60 | Bradford, Craig |
| 61 | Brady, Robert |
| 62 | Brandt, Michael |
| 63 | Brethauer, Robert |
| 64 | Brewer, Bret |
| 65 | Bristol, Hiram |
| 66 | Brown, Chris |
| 66 | Brown, Chris |
| 67 | Bryan, Michael |
| 68 | Bucher, John "Todd" |
| 69 | Bucholtz, Terrance "Robert" |
| 70 | Budd, Torrey |
| 71 | Burhans, Ryan |
| 72 | Bush, Timothy |
| 73 | Byer, Charles |
| 74 | Cain, Boyd Jr |
| 75 | Call, Brian |
| 76 | Calvaruso, John |
| 77 | Cantle, Donald |
| 78 | Card, Darin |
| 79 | Cardinal, Randy |
| 80 | Carroll, Gerald |
| 81 | Carroll, Steven Jr |
| 82 | Casas, Oscar |
| 83 | Catanzaro, Daniel |
| 84 | Cave, Teresa |
| 85 | Caven, Michael |
| 86 | Chaskey, Chris |
| 87 | Childs, Joseph |
| 88 | Christenson, Daniel |
| 89 | Claeys, Kyle |
| 90 | Clark, Aaron |
| 91 | Clark, Brandon |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 92 | Clark, Karl |
|---|---|
| 93 | Clayton, Addison |
| 94 | Clayton, Thomas |
| 95 | Claytor, Charles |
| 96 | Clifton, Timothy |
| 97 | Cobb, Howard |
| 98 | Cohoon, Joshua |
| 99 | Colwell, Erik |
| 100 | Colwell, Zachary |
| 101 | Cook, Adam |
| 102 | Cook, Jeremy |
| 103 | Coon, Paul |
| 104 | Cooper, David |
| 105 | Cortes, Antonio |
| 106 | Courtney, Kevin |
| 107 | Cox, Dion |
| 108 | Cox, John |
| 109 | Craig, Alan |
| 110 | Cravens, Aaron |
| 111 | Crespo, Jerry |
| 112 | Culp, Adam |
| 113 | Current, Garth |
| 114 | Daugherty, Adam |
| 115 | Davis, George |
| 116 | Davis, Phillip |
| 117 | Dawe, Michael |
| 118 | Day, Terrence |
| 119 | Dean, Michael |
| 120 | DeAnda, Antonio |
| 121 | Deatrick, Daniel |
| 122 | DeCommer, James |
| 123 | DeGraaf, Joshua |
| 124 | Degroot, Kevin |
| 125 | DeHart, Russell |
| 126 | Delong, Jerry |
| 127 | DeMeere, Daniel |
| 128 | Depue, Frederick |
| 129 | DeVries, Jeremy |
| 130 | Diaz-Zuniga, Gerardo |
| 131 | Dittmer, Daniel |
| 132 | Dowd, Audrey |
| 133 | Drain, Eugene |
| 134 | Drewer, Dustin |
| 135 | Drinkard, Keith |
| 136 | Duby, Jeffrey |
| 137 | Dudic, Adis |
| 138 | Dwyer, Jesse |

Exhibit A
Settlement Agreement Group - MI Deduction Claim

| 139 | Dyer, Joshua |
|-----|--------------|
| 140 | Dykstra, Les |
| 141 | Dykstra, Robert |
| 142 | Edgley, Joe |
| 143 | Edmonds, Keith |
| 144 | Edwards, Richard |
| 145 | Elliott, Michael |
| 146 | Elmore, James |
| 147 | Elmore, John |
| 148 | Emig, Al "Lance" |
| 149 | Emig, Matt |
| 150 | Erb, Richard |
| 151 | Erb, Scott |
| 152 | Essex, David |
| 153 | Evans, Charles |
| 154 | Evans, Richard |
| 155 | Ewing, Jarvis |
| 156 | Farrah, Anthony |
| 157 | Favreau, Gerald |
| 158 | Feldhauser, Ryan |
| 159 | Felgenhauer, Dale |
| 160 | Ferns, Brian |
| 161 | Field, Zeke |
| 162 | Fierros, Paul |
| 163 | Finn, Belinda |
| 164 | Flermoen, David II |
| 165 | Florey, Kim |
| 166 | Florian, Chris |
| 167 | Flowers, James |
| 168 | Flowers, Randee |
| 169 | Foote, Allen |
| 170 | Fordyce, Jeremy |
| 171 | Foster, Marvin |
| 172 | Foster, Matthew |
| 173 | Fowler, John Jr |
| 174 | Frazer, James |
| 175 | Frenzel, Randy |
| 176 | Fulkerth, James |
| 177 | Galbraith, George |
| 178 | Garcia, Eulalio |
| 178 | Garcia, Eulalio |
| 179 | Garcia, Noe |
| 180 | Gardner, Leo |
| 181 | Garton, Rich |
| 182 | Garyson, Leonard |
| 183 | Garza, Elias |
| 184 | Gelinski, Wayne |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 185 | Gibson, Shawn |
|-----|---------------|
| 186 | Gilbert, Patrick |
| 187 | Gillis, Christopher |
| 188 | Ginther, Jeremy |
| 189 | Gioannini, Dominic |
| 190 | Glauch, Jon |
| 191 | Glauch, Marc |
| 192 | Glavanovich, Justin |
| 193 | Gleason, Nicholas |
| 194 | Gobie, Stephen Jr |
| 195 | Gordon, David |
| 196 | Govitz, Joshua |
| 197 | Gowings, Daniel |
| 198 | Grant, Andrew |
| 199 | Green, Jeff |
| 200 | Greenway, Geoffrey |
| 201 | Gregory, Marvin |
| 202 | Griffes, Tom |
| 203 | Griffin, Bryan |
| 204 | Grinage, Matthew |
| 205 | Grundy, John |
| 206 | Guiterrez, Jonathan |
| 207 | Gunderson, Leif |
| 208 | Gutierrez, Enrique |
| 209 | Hagen, Michael |
| 210 | Haines, Thomas |
| 211 | Hajski, David |
| 212 | Hale Jr, Vernon |
| 213 | Hall, Jordan |
| 214 | Hallead, Matt |
| 215 | Ham, Robert |
| 216 | Hamlin, Dennis |
| 217 | Hansard, Brent |
| 218 | Hapner, Steve |
| 219 | Harding, Paul |
| 220 | Harju, John |
| 221 | Harman, Joshua |
| 222 | Harmer, Nicholas |
| 223 | Harnevious, Ross |
| 224 | Harp, Ronald |
| 225 | Harper, Michael |
| 226 | Harrell, Brett |
| 227 | Harris, Carl |
| 227 | Harris, Carl |
| 228 | Harris, Christopher |
| 229 | Harrison, Dillon |
| 230 | Hart, Donnie II |

Exhibit A
Settlement Agreement Group - MI Deduction Claim

| 231 | Hartman, Jeff |
|-----|---------------|
| 232 | Hartoon, Jonathon |
| 233 | Hartwick, Ricky |
| 234 | Hatley, Christopher |
| 235 | Healy, Matt |
| 236 | Hendrickson, Michael |
| 237 | Hernandez, Todd |
| 238 | Herweyer, Bryan |
| 239 | Hickey, Kyle |
| 240 | Hildreth, Jonathan |
| 241 | Hinton, Weston |
| 242 | Hoag, Keith |
| 243 | Hoglen, Brian |
| 244 | Hoig, Kerry |
| 245 | Holliday, Julius |
| 246 | Holmes, Darryl |
| 247 | Holt, Kullan |
| 248 | Honeycutt, James |
| 249 | Hosford, Tony |
| 250 | Howe, Chad |
| 251 | Hubbard, Kevin |
| 252 | Hudson, Josh |
| 253 | Huffman, Corey |
| 254 | Hughes, Allen |
| 255 | Huizar, Andy |
| 256 | Humphrey, Victor |
| 256 | Humphrey, Victor |
| 257 | Hunter, Paul |
| 258 | Hush, Justin |
| 259 | Immel, Robert |
| 260 | Ittner, Richard |
| 261 | Ivinson, Edward |
| 262 | Jackson, Brian L |
| 263 | Jackson, Craig |
| 264 | Jackson, Shaun |
| 265 | James, Daniel |
| 266 | Jauss, Michael |
| 267 | Jenkins, Jerry |
| 268 | Johnson, Jesse |
| 269 | Johnson, Tobias |
| 270 | Johnson, Troy |
| 271 | Jolly, Chris |
| 272 | Jones, Stephen L |
| 273 | Jones, Thad |
| 274 | Jones, Todd |
| 275 | Jordan, Chad |
| 276 | Judd, Kenneth |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 277 | Judd, Michael |
| 278 | Kane, Christopher |
| 279 | Karadsheh, Firas |
| 280 | Karpinski, Michael |
| 281 | Kay, William |
| 282 | Kelecava, Stephen |
| 283 | Keller, Jason |
| 284 | Kellogg, Steve |
| 285 | Kenny, Timothy |
| 286 | Kessler, Chris |
| 287 | Ketchum, Jason |
| 288 | Kilpatrick, Jason |
| 289 | Kinker, Joel |
| 290 | Kinner, Christopher |
| 291 | Kinner, Kevin |
| 292 | Klinger, Joseph |
| 293 | Knapp, Daniel |
| 294 | Knapp, Vernon |
| 295 | Kopp, Matthew |
| 296 | Kowalski, Brian |
| 297 | Krabill, Ty |
| 298 | Krane, Kyle |
| 299 | Krankall, John |
| 300 | Kropp, James |
| 301 | Kuch, Melvin |
| 302 | Kuhn, Beau |
| 303 | Kuikstra, Randall |
| 304 | Kumrow, Corey |
| 305 | Kurtzal, Scott |
| 306 | Kuyt, Brett |
| 307 | Lach, David |
| 308 | Lademan, Jason |
| 309 | LaFond, Nick |
| 310 | Laizure, Jason |
| 311 | Landon,Michael |
| 312 | Landry, Nathan |
| 313 | Lane, Wesley |
| 314 | Lane, William |
| 315 | Lara, Manuel |
| 316 | Larsen, Vieto |
| 317 | Larson, Mike |
| 318 | Lawie, James |
| 319 | Lawrence, Jeffery |
| 320 | Lawson, Brent |
| 321 | Lawson, Elijah |
| 322 | Lawson, Perry |
| 323 | Leist, Randy |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| | |
|---|---|
| 324 | Lemons, Mike |
| 325 | Leppan, Steven |
| 326 | Liccardello, David |
| 327 | Liccardello, Peter Jr |
| 328 | Limmel, Andrew |
| 329 | Linderleaf, Anthony |
| 330 | Little, Steven |
| 331 | Litzner, Mike |
| 332 | Livermoore, Ray |
| 333 | Lodge, Daniel |
| 334 | Lodholtz, Frank |
| 335 | Long, Robert |
| 336 | Longacre, Jeremy |
| 337 | Longstreet, Gordon |
| 338 | Losinger, Jeffrey |
| 339 | Lothamer, Eric |
| 340 | Louk, Joseph |
| 341 | Love, Jason |
| 342 | Lowe, David |
| 343 | Luokka, Rodney |
| 344 | MacDonald, Scott |
| 345 | Maczorowski, Jeremy |
| 346 | Mansfield, Robert |
| 347 | Manske, John |
| 348 | Marfia, Peter Sr |
| 349 | Marschall, Bryan |
| 350 | Marshall, David |
| 351 | Martin, Dan |
| 352 | Martin, Kevin |
| 353 | Martinez, Steve |
| 354 | Marx, Patrick II |
| 355 | Maya, Jaime |
| 356 | McCaffrey, Kevin |
| 357 | McCann, Justin |
| 358 | McCarter, Cory |
| 359 | McCaul, Andrew |
| 360 | McClendon, Mike |
| 361 | McClishm Kenny |
| 362 | McCoy, James |
| 363 | McCreery, Cory |
| 364 | McGinley, Michael |
| 365 | McGraw, Patrick |
| 366 | McGregor, Wade |
| 367 | McGuffin, Christopher |
| 368 | McKay, Sean |
| 369 | McMillin, David |
| 370 | McNamee, Phil |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| | |
|---|---|
| 371 | McNary, Darrin |
| 372 | McPhaul, Derrick |
| 373 | McPherson, Nate |
| 374 | McWilliams, Jason |
| 375 | Mead, Daniel |
| 376 | Menck, Warren |
| 377 | Menefee, Jonathan |
| 378 | Mester, David |
| 379 | Miller, Kenneth |
| 380 | Miller, Nathan |
| 381 | Mitchell, Shane |
| 382 | Mitchell, William |
| 383 | Mobley, Edward III |
| 384 | Mockeridge, Gerard |
| 385 | Mockeridge, Steve |
| 386 | Modreski, Michael |
| 387 | Moldenhauer, Ralph |
| 388 | Moore, David |
| 389 | Moore, Marcus |
| 390 | Moreau, Daniel |
| 391 | Morse, Jonathon |
| 392 | Mumy, Kyle |
| 393 | Murphy, Aaron |
| 394 | Murphy, Duane |
| 395 | Myers, Blake |
| 396 | Myers, Randy |
| 397 | Myers, Robert |
| 398 | Natali, Joseph |
| 399 | Nellist, James |
| 400 | Nelson, Bruce |
| 401 | Nelson, Jason |
| 402 | Nerli, Brad |
| 403 | Newcombe, Nicholas |
| 404 | Newman, Calvin |
| 405 | Newman, James |
| 406 | Newton, Jason |
| 407 | Newton, Matthew |
| 408 | Nichols, Adam |
| 409 | Nichols, Jason |
| 410 | Nielsen, Justin |
| 411 | Nozal, James |
| 412 | Nugent, Joshua |
| 413 | Nyberg, Jake |
| 414 | Nyberg, Kyle |
| 415 | Nye, David |
| 416 | OConnor, Daniel |
| 417 | O'Dell, Gregory |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 418 | O'Dell, John |
|-----|--------------|
| 419 | Odette, Robert |
| 420 | O'Hare, Kevin |
| 421 | Ojeda, Angel |
| 422 | Olejniczak, Steve |
| 423 | Olmstead, Dennis |
| 424 | Osantowski, Lee |
| 425 | Pacholka, Wesley |
| 426 | Parrish, Travis |
| 427 | Parsons, Aaron |
| 428 | Passmore, Bronson |
| 429 | Passmore, James |
| 430 | Patch, Michael |
| 431 | Patrick, Thomas |
| 432 | Patterson, Tom |
| 433 | Patti, Louis |
| 434 | Payne, Anthony |
| 435 | Payne, Donald |
| 436 | Payne, Michael |
| 436 | Payne, Michael |
| 437 | Peck, Brandi |
| 438 | Peck, Marty RG |
| 439 | Pelath, Mark |
| 440 | Pelka, Charles Jr |
| 441 | Perko, John |
| 442 | Perry, Derrick |
| 443 | Perry, Justin |
| 444 | Peruski, Kyle |
| 445 | Peterson, Gary |
| 446 | Peterson, Judah |
| 447 | Peterson, Ronald |
| 448 | Phillips, Brian |
| 449 | Phillips, Donald |
| 450 | Phillips, Frank |
| 451 | Phillips, Jon |
| 452 | Pickett, Jason |
| 453 | Piell, Alexander |
| 454 | Pietrzak, Edward |
| 455 | Pirrone, Eric |
| 456 | Plante, Kevin |
| 457 | Plescher, Chris |
| 458 | Plichta, Ricky |
| 459 | Poe, Chris |
| 460 | Poe, Roger II |
| 461 | Porritt, Alvin |
| 462 | Porritt, Mark |
| 463 | Potchynok, Michael |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 464 | Potter, Gerald |
|-----|----------------|
| 465 | Potter, Travis |
| 465 | Potter, Travis |
| 466 | Potts, Shane |
| 467 | Precour, Michael |
| 468 | Prell, Douglas |
| 469 | Priebe, James |
| 470 | Pryor, Clyde |
| 471 | Pulliam, Patrick |
| 472 | Pulling, Keith |
| 473 | Putt, Robert |
| 474 | Ragan, Isaac |
| 475 | Randall, Arnold |
| 476 | Randall, Mike |
| 477 | Rangel, Michael |
| 478 | Raymond, William |
| 479 | Reece, David |
| 480 | Reed, Andrew |
| 481 | Reenders, George |
| 482 | Reichert, David |
| 483 | Retberg, Jeremiah |
| 484 | Retherford, Richard |
| 485 | Rezendes, Johnny |
| 486 | Richmond, Matt |
| 487 | Riegling, Jason |
| 488 | Roberts, Blake |
| 489 | Roberts, Johnny |
| 490 | Roberts, Michael |
| 491 | Robinson, Joshua |
| 492 | Robinson, Robert |
| 493 | Robinson, Victor |
| 494 | Robison, Jacob |
| 495 | Rocha, Bryan |
| 496 | Rocho, Jason |
| 497 | Rock, Charles |
| 498 | Rodenbo, Archie |
| 499 | Roe, Kenneth A |
| 500 | Rogers, Christian |
| 501 | Rohde, Zachary |
| 502 | Rollins, Michael |
| 503 | Romska, James |
| 504 | Root, Daniel |
| 505 | Rosema, Chris |
| 506 | Rosema, Steffen |
| 507 | Rowgo, Michael |
| 508 | Rufershafer, Steve |
| 509 | Russell, James F |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| | |
|---|---|
| 510 | Russell, James W (Jimmy) |
| 511 | Russell, Robert |
| 512 | Rustenholtz, Robert |
| 513 | Rutherford, Joseph |
| 514 | Ryti, Joseph |
| 514 | Ryti, Joseph |
| 515 | Sage, Todd |
| 516 | Sanford, Don Juan |
| 517 | Sayles, Adam |
| 518 | Scales, Adrian |
| 519 | Schalm, Joshua |
| 520 | Schenck, Derek |
| 521 | Schero, Brad |
| 522 | Schmaltz, Chris |
| 523 | Schmitt, Richard |
| 524 | Schmuck, Nickolas |
| 525 | Schoenborn, Charles |
| 526 | Schram, James |
| 527 | Schutt, Joshua |
| 528 | Schwartzly, Anthony |
| 529 | Scott, Brandon |
| 530 | Scott, Jesse |
| 531 | Sebright, Justin |
| 532 | Seelye, Nicholas |
| 533 | Seiler, Joseph |
| 534 | Sharp, William |
| 535 | Shelton, David |
| 536 | Shimmons, Troy |
| 537 | Shine, Nathan |
| 538 | Short, Jefferson |
| 539 | Sivak, Robert |
| 540 | Smith, Bernerd |
| 541 | Smith, Michael |
| 542 | Sniesak, Justin |
| 543 | Sonneville, Walker |
| 544 | Sousa, Robert |
| 545 | Southgate, Dane |
| 546 | Southworth, Tim |
| 547 | Spaulding, Chad |
| 548 | Spence, Scott |
| 549 | Spencer, Michael |
| 550 | Spink, Wes |
| 551 | Stade, Darryl |
| 552 | Stafford, Dillon |
| 553 | Stafford, Wirt |
| 554 | Stanislaw, Brice |
| 555 | Steck, Chad |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| | |
|---|---|
| 556 | Stevenson, Dewey |
| 557 | Stine, James |
| 558 | Stone, Charles |
| 559 | Stone, Chris |
| 560 | Stone, Timothy |
| 561 | Stott, Kris |
| 562 | Stott, Kyle |
| 563 | Stott, Roger |
| 564 | Strahan, Kenneth |
| 565 | Stratton, Calvin |
| 566 | Stroud, Nicholas |
| 567 | Sturm, Joseph |
| 568 | Sullivan, John |
| 569 | Sullivan, Kenneth |
| 569 | Sullivan, Kenneth |
| 570 | Sullivan, Martin |
| 571 | Szyska, Correy |
| 572 | Tabaka, Ken |
| 573 | Tanner, Randall |
| 574 | Tapanila, Brandon |
| 575 | Taylor, Jack |
| 576 | Taylor, Michael |
| 577 | Temple, James |
| 578 | Thompson, Eric |
| 579 | Thompson, Phillip |
| 580 | Thornton, Ryan |
| 581 | Timmerman, Larry |
| 582 | Tinsley, Brad |
| 583 | Tompkins, Jeffrey |
| 584 | Toner, Scott |
| 585 | Toole, Leslie |
| 586 | Topolski, Anthony |
| 587 | Townsend, Anthony |
| 588 | Townsend, Curtis |
| 589 | Tracey, Shane |
| 590 | Tracey, Travis |
| 591 | Tracy, Adam |
| 592 | Tran, Kirk |
| 593 | Trickett, Todd |
| 594 | Triplett, Jacob |
| 595 | Trosin, Edward |
| 596 | Trout, Ron |
| 597 | Truax, Adam |
| 598 | Truax, Ricky Jr |
| 599 | Tucker, Steve |
| 600 | Turner, Brian |
| 601 | Turner, Naomi |

Exhibit A
Settlement Agreement Group - MI Deduction Claim

| | |
|---|---|
| 602 | Tyler, Timothy |
| 603 | Urban, Carl |
| 604 | Urban, Taylor |
| 605 | Valkier, Jeff |
| 606 | Van Dusen, Kyle |
| 607 | VanDenBrink, Ted |
| 608 | Vanderlaan, David |
| 609 | Vanderlip, Erik |
| 610 | VanLoon, Nathan |
| 611 | Varela, Edward |
| 611 | Varela, Edward |
| 612 | Vasher, James |
| 613 | Veenkant, Erik |
| 614 | Vining, Kevin |
| 615 | Vredenburg, Wayne |
| 616 | Wadkins, Jack |
| 617 | Wadsworth, Zach |
| 618 | Wagner, Chris |
| 619 | Wall, James |
| 620 | Wallace, Jason |
| 621 | Walsh, John |
| 622 | Walsh, Mark |
| 623 | Walter, James |
| 624 | Ward, Bronson |
| 625 | Ward, Dwayne |
| 626 | Wdowicki, Gary |
| 627 | Weatherly, Shawn |
| 628 | Weatherwax, Alan |
| 629 | Webb, Daniel |
| 630 | Wehr, Myles |
| 631 | Weitschat, Chris |
| 632 | Welch, Ronald |
| 633 | Wellman, Michael |
| 634 | Wendt, Daniel |
| 635 | West, Brian |
| 636 | West, Tyler |
| 637 | Wetherell, Ron |
| 638 | Wheeler, Larry |
| 639 | White, Glenn Jr |
| 640 | Wilbur, William |
| 641 | Williams, Albert |
| 642 | Williams, Ambrose |
| 643 | Williams, Dwight |
| 644 | Williams, Eugene |
| 645 | Williams, Terry |
| 646 | Willison, Jeramy |
| 647 | Wilson, Kevin |

Exhibit A

Settlement Agreement Group - MI Deduction Claim

| 648 | Wilson, Randy |
|-----|-------------------|
| 649 | Wilson, Timothy |
| 650 | Winblad, Mike |
| 651 | Woidan, Joseph |
| 652 | Wonch, Stan |
| 653 | Wood, Craig |
| 654 | Wood, Gary |
| 655 | Wood, Jack |
| 656 | Wood, Robert |
| 657 | Wooden, Ryan |
| 658 | Woods, Kevin |
| 659 | Woollard, Charles |
| 660 | Woolworth, Jonathan |
| 661 | Woznick, Frank |
| 661 | Woznick, Frank |
| 662 | Wright, Andrew |
| 663 | Wright, James |
| 664 | Yarhouse, Robert |
| 665 | Yates, Jason |
| 665 | Yates, Jason |
| 666 | Yates, Jeremy |
| 667 | Yoder, Henry Jr |
| 668 | Young, Brandon |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| | Employee_Name |
|---|---|
| 1 | Aaron Clark |
| 2 | Aaron Cox |
| 3 | Aaron Cravens |
| 4 | Aaron Gutzman |
| 5 | Aaron Parsons |
| 6 | Abraham Rodriguez |
| 7 | Adam Bauer |
| 8 | Adam Culp |
| 9 | Adam Daugherty |
| 10 | Adam Greenwold |
| 11 | Adam Grundahl |
| 12 | Adam Nichols |
| 13 | Adam Sayles |
| 14 | Adam Tracy |
| 15 | Adam Truax |
| 16 | Adam Wilund |
| 17 | Addison Clayton |
| 18 | Adis Dudic |
| 19 | Adrian Scales |
| 20 | Aeron Grender |
| 21 | Al "Lance" Emig |
| 22 | Alan Craig |
| 23 | Alan Jacobson |
| 24 | Alan Weatherwax |
| 25 | Albert Zink |
| 26 | Alexander Nashton |
| 27 | Alexander Piell |
| 28 | Alissa Drescher |
| 29 | Allen Foote |
| 30 | Allen Hughes |
| 31 | Allen Jaworski |
| 32 | Allen Klein |
| 33 | Alvin Porritt |
| 34 | Alvin Todd |
| 35 | Ambrose Williams |
| 36 | Andrei Isari |
| 37 | Andrew Bailey |
| 38 | Andrew Borman |
| 39 | Andrew Freber |
| 40 | Andrew Freng |
| 41 | Andrew Larsen |
| 42 | Andrew Lawson |
| 43 | Andrew Limmel |
| 44 | Andrew McCaul |
| 45 | Andrew Novak |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 46 | Andrew Reed |
|----|-------------|
| 47 | Andrew Zimpher |
| 48 | Angel Ojeda |
| 49 | Angela Tilson |
| 50 | Anthony Bell |
| 51 | Anthony Hughes |
| 52 | Anthony Linderleaf |
| 53 | Anthony Matz |
| 54 | Anthony Mikula |
| 55 | Anthony Pyles |
| 56 | Anthony Sanders |
| 57 | Anthony Schwartzly |
| 58 | Anthony Topolski |
| 59 | Anthony Townsend |
| 60 | Aric Bengel |
| 61 | Arlton Foster |
| 62 | Arnold Randall Jr |
| 63 | Belinda Finn |
| 64 | Ben McAllister |
| 65 | Benjamin Olson |
| 66 | Benny Martin |
| 67 | Bernerd Smith |
| 68 | Blake Bell |
| 69 | Blake Myers |
| 70 | Blake Roberts |
| 71 | Bob Tallman |
| 72 | Boyd Cain |
| 73 | Brad Nerli |
| 74 | Bradley Cox |
| 75 | Brandon Clark |
| 76 | Brandon Larson |
| 77 | Brandon Scott |
| 78 | Brandon Tapanila |
| 79 | Brendan Newman |
| 80 | Brent Hansard |
| 81 | Brent Lawson |
| 82 | Brent Stine |
| 83 | Bret Brewer |
| 84 | Brett Harrell |
| 85 | Brett Kuyt |
| 86 | Brian Balder |
| 87 | Brian Condon |
| 88 | Brian Fleming |
| 89 | Brian Hoglen |
| 90 | Brian Jackson |
| 91 | Brian Jackson |
| 92 | Brian Johnson |

Exhibit B
Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 93 | Brian Koeppe |
|-----|-----|
| 94 | Brian Olson |
| 95 | Brian Pahnke |
| 96 | Brian Schumacher |
| 97 | Brian Spigarelli |
| 98 | Brian Steves |
| 99 | Brian Turner |
| 100 | Brian Utley |
| 101 | Brian West |
| 102 | Bronson Passmore |
| 103 | Bronson Ward |
| 104 | Bryan Griffin |
| 105 | Bryan Marschall |
| 106 | Bryan Rocha |
| 107 | Burton Rugg |
| 108 | Caleb Rykal |
| 109 | Calvin "Ray" Newman |
| 110 | Calvin Stratton |
| 111 | Carl Harris |
| 112 | Carl Urban |
| 113 | Carlene Thompson-Martin |
| 114 | Chad Box |
| 115 | Chad Foreman |
| 116 | Chad Howe |
| 117 | Chad Jordan |
| 118 | Chad Spaulding |
| 119 | Chad Steck |
| 120 | Charles Evans |
| 121 | Charles Otto |
| 122 | Charles Pelka Jr. |
| 123 | Charles Schoenborn |
| 124 | Charles Stone |
| 125 | Charles Woollard |
| 126 | Chris Brown |
| 127 | Chris Chaskey |
| 128 | Chris Jolly |
| 129 | Chris Kinner II |
| 130 | Chris Kretschmann |
| 131 | Chris Pfeifer |
| 132 | Chris Poe |
| 133 | Chris Rosema |
| 134 | Chris Stone |
| 135 | Chris Tedesco |
| 136 | Chris Vannetter |
| 137 | Chris Wright |
| 138 | Christian Phillips |
| 139 | Christian Rogers |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 140 | Christopher Hatley |
| 141 | Christopher Laganowski |
| 142 | Christopher Olinger |
| 143 | Christopher Sargent |
| 144 | Christopher Smith |
| 145 | Christopher Vegoe |
| 146 | Clayton Leitermann |
| 147 | Cody Bartlett |
| 148 | Cody Behl |
| 149 | Cody Hauser |
| 150 | Cody Race |
| 151 | Colin Larsen |
| 152 | Corey Huffman |
| 153 | Cory Caron |
| 154 | Cory Gaston |
| 155 | Cory Hill |
| 156 | Cory McCreery |
| 157 | Cory Smith |
| 158 | Craig Bradford |
| 159 | Craig Jackson |
| 160 | Craig Wood |
| 161 | Crispen DeLong |
| 162 | Curtis Hollis |
| 163 | Curtis Moore |
| 164 | Curtis Townsend |
| 165 | Dale Lauback |
| 166 | Dale Mier |
| 167 | Dan Lee |
| 168 | Dan Martin |
| 169 | Dan Moreau |
| 170 | Dan Webb |
| 171 | Dana Nigbor |
| 172 | Dane Southgate |
| 173 | Daniel Danfield |
| 174 | Daniel DeMeere |
| 175 | Daniel Dittmer |
| 176 | Daniel Gowings |
| 177 | Daniel Greil |
| 178 | Daniel James |
| 179 | Daniel Kamppi |
| 180 | Daniel Knapp |
| 181 | Daniel LaMettry |
| 182 | Daniel Mead |
| 183 | Daniel Melby |
| 184 | Daniel Meyer |
| 185 | Daniel Moon |
| 186 | Daniel O'Connor |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| | |
|---|---|
| 187 | Daniel Root |
| 188 | Daniel Shackelford |
| 189 | Danny Delao |
| 190 | Danny Hill |
| 191 | Darion Mitchell |
| 192 | Darrel Peters |
| 193 | Darrell Johnson |
| 194 | Darrin McNary |
| 195 | Darryl Holmes |
| 196 | David "Bruce" Hamachek |
| 197 | David Abbott |
| 198 | David Acevedo |
| 199 | David Achorn |
| 200 | David Baker |
| 201 | David Becker |
| 202 | David Cole |
| 203 | David Cooper |
| 204 | David Dalum |
| 205 | David Eaton |
| 206 | David Essex |
| 207 | David Flermoen II |
| 208 | David Gordon |
| 209 | David Hajski |
| 210 | David Hart |
| 211 | David Hester |
| 212 | David Hoppa |
| 213 | David House |
| 214 | David Kamppi |
| 215 | David Marshall |
| 216 | David McMillin |
| 217 | David Mester |
| 218 | David Moore |
| 219 | David Nye |
| 220 | David Pond |
| 221 | David Reece |
| 222 | David Shelton |
| 223 | David Vanderlaan |
| 224 | David Wilson |
| 225 | Dean Goehring |
| 226 | Dean Spinelli |
| 227 | Dennis Anglemyer |
| 228 | Dennis Conard |
| 229 | Dennis Coulthurst |
| 230 | Dennis Hamlin |
| 231 | Dennis Lemerond |
| 232 | Dennis Olmstead |
| 233 | Dennis Strand |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| | |
|---|---|
| 234 | Derek Blacha |
| 235 | Derek Frank |
| 236 | Derrick McPhaul |
| 237 | Devin Montevideo |
| 238 | Dewey Stevenson |
| 239 | Dezso (Dezy) Hajos |
| 240 | Dezso (Dosh) Turos |
| 241 | Dick Ittner |
| 242 | Dillon Harrison |
| 243 | Dominic Costantini |
| 244 | Dominic Gioannini |
| 245 | Don Payne |
| 246 | Donald DeBroux |
| 247 | Donald Mathis |
| 248 | Donald Sandberg |
| 249 | Donnie Hart II |
| 250 | Doug Franzen |
| 251 | Douglas Prell |
| 252 | Duane Jarvais II |
| 253 | Dustin Drewer |
| 254 | Dustin Robare |
| 255 | Dwayne Ward |
| 256 | Edmund Ryczek |
| 257 | Edward Ivinson |
| 258 | Edward Pietrzak |
| 259 | Edward Schulze |
| 260 | Edward Trosin |
| 261 | Edward Varela |
| 262 | Elias Garza |
| 263 | Elijah Lawson |
| 264 | Emil Zalabak |
| 265 | Eric Lothamer |
| 266 | Eric Meadowcroft |
| 267 | Eric Utley |
| 268 | Eric Warlin |
| 269 | Erich Trepanier |
| 270 | Ervin Kurtz |
| 271 | Eugene Drain |
| 272 | Eugene Simon |
| 273 | Eugene Williams |
| 274 | Eulalio Garcia |
| 275 | Ezra Stafford |
| 276 | Firas Karadsheh |
| 277 | Fran Toutloff |
| 278 | Frank Woznick |
| 279 | Fritz Weidner |
| 280 | Gary Lukan |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 281 | Gary Manderscheid |
|-----|-------------------|
| 282 | Gary Wood |
| 283 | George "Ben" Davis |
| 284 | George Galbraith |
| 285 | George Hayes |
| 286 | George Reenders III |
| 287 | Gerald Carroll |
| 288 | Gerald Martin |
| 289 | Gerald Schoenheide |
| 290 | Gerald Smith |
| 291 | Gerardo Diaz Zuniga |
| 292 | Glenn White Jr. |
| 293 | Grant Reinke |
| 294 | Greg Bonney |
| 295 | Gregory Block |
| 296 | Gregory Mazzara |
| 297 | Harley Crabtree |
| 298 | Hasan Alwraikat |
| 299 | Henry Kirton |
| 300 | Henry Yoder Jr |
| 301 | Herbert Parker |
| 302 | Howard Adkins |
| 303 | Howard Cobb |
| 304 | Howard Scholzen |
| 305 | Hugh Jones |
| 306 | Ian Macfarlane |
| 307 | Jack Miller |
| 308 | Jack Taylor |
| 309 | Jack Wood |
| 310 | Jackson Serum |
| 311 | Jacob Peterson |
| 312 | Jacob Robison |
| 313 | Jacob Van Meter |
| 314 | Jake Nyberg |
| 315 | James "Mickey" York |
| 316 | James Angst |
| 317 | James Barber |
| 318 | James Bignall |
| 319 | James Coulthurst |
| 320 | James DeCommer |
| 321 | James Flowers |
| 322 | James Frazer |
| 323 | James Fulkerth |
| 324 | James Honeycutt |
| 325 | James Kropp |
| 326 | James Lawie |
| 327 | James Lyons |

Exhibit B
Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 328 | James Moen |
| 329 | James Newman |
| 330 | James Nozal |
| 331 | James Passmore |
| 332 | James Roberts |
| 333 | James Schram |
| 334 | James Spinhirne |
| 335 | James Temple |
| 336 | James Tiedeman |
| 337 | James Vasher |
| 338 | James W Russell Jr |
| 339 | James Wall |
| 340 | James Walter |
| 341 | James Wright |
| 342 | James Wyrwicki III |
| 343 | Jamie Bauer |
| 344 | Jamie Bennett |
| 345 | Jamie Hendricks |
| 346 | Jarvis Ewing |
| 347 | Jason Banos |
| 348 | Jason Bearer |
| 349 | Jason Fink |
| 350 | Jason Keller |
| 351 | Jason Kent |
| 352 | Jason Kilpatrick |
| 353 | Jason Lademan |
| 354 | Jason Laizure |
| 355 | Jason Love |
| 356 | Jason McWilliams |
| 357 | Jason Nelson |
| 358 | Jason Newton |
| 359 | Jason Nichols |
| 360 | Jason Pickett |
| 361 | Jason Riegling |
| 362 | Jason Rocho |
| 363 | Jason Wallace |
| 364 | Jason Weister |
| 365 | Jason Yates |
| 366 | Jason Ziegler |
| 367 | Jay Jorgensen |
| 368 | Jay Wegner |
| 369 | JC Hoskins |
| 370 | Jeff Bloome |
| 371 | Jeff Gerbig |
| 372 | Jeff Green |
| 373 | Jeff Hartman |
| 374 | Jeff Keys |

Exhibit B
Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 375 | Jeff Ramsey |
|-----|-------------|
| 376 | Jeff Urbach |
| 377 | Jeff Valkier |
| 378 | Jeff Wehrli |
| 379 | Jefferson Short |
| 380 | Jeffery Lawrence |
| 381 | Jeffrey Curtis |
| 382 | Jeffrey Duby |
| 383 | Jeffrey Losinger |
| 384 | Jeffrey Mitchell |
| 385 | Jeffrey Powers |
| 386 | Jeffrey Valley |
| 387 | Jefrey Waydick |
| 388 | Jeramy Willison |
| 389 | Jeremiah "Heath" Barber |
| 390 | Jeremiah Retberg |
| 391 | Jeremy Bodley |
| 392 | Jeremy Daye |
| 393 | Jeremy DeLaet |
| 394 | Jeremy DeVries |
| 395 | Jeremy Ginther |
| 396 | Jeremy Longacre |
| 397 | Jeremy Wilcox |
| 398 | Jermaine Bass |
| 399 | Jerrod Radosta |
| 400 | Jerry Crespo |
| 401 | Jerry Delong |
| 402 | Jesse Cone |
| 403 | Jesse Dwyer |
| 404 | Jesse Scott |
| 405 | Jessie VanFrachen |
| 406 | Joe Freehling |
| 407 | Joe Simpson |
| 408 | Joel Giesau |
| 409 | Joel Kinker |
| 410 | Joel Lafky |
| 411 | John "Todd" Bucher |
| 412 | John Bartlett |
| 413 | John Calhoon |
| 414 | John Chris Elmore |
| 415 | John Harju |
| 416 | John Krankall |
| 417 | John Lindquist |
| 418 | John Lopes |
| 419 | John Manske |
| 420 | John Martine |
| 421 | John Myshka |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 422 | John Niemeyer |
|-----|---------------|
| 423 | John O'dell |
| 424 | John Pyper |
| 425 | John Schram |
| 426 | John Stensrud |
| 427 | John Sullivan |
| 428 | John Wiebel |
| 429 | Johnny Rezendes |
| 430 | Jon Glauch |
| 431 | Jon Phillips |
| 432 | Jonathan Duesing |
| 433 | Jonathan Fischer |
| 434 | Jonathan Hildreth |
| 435 | Jonathan Menefee |
| 436 | Jonathan Woolworth |
| 437 | Jonathon Gutierrez |
| 438 | Jonathon Hartoon |
| 439 | Jordan Hall |
| 440 | Joseph Childs |
| 441 | Joseph Hibma-O'Brien |
| 442 | Joseph Ingersoll |
| 443 | Joseph Kaltenberg |
| 444 | Joseph Louk |
| 445 | Joseph Natali |
| 446 | Joseph Raboin |
| 447 | Joseph Rutherford |
| 448 | Joseph Ryti |
| 449 | Joseph Strickland |
| 450 | Joseph Sturm |
| 451 | Josh Hudson |
| 452 | Josh Jaslowski |
| 453 | Josh Mason |
| 454 | Josh Minnich |
| 455 | Josh Thompson |
| 456 | Joshua Cohoon |
| 457 | Joshua DeGraaf |
| 458 | Joshua Georgia |
| 459 | Joshua Govitz |
| 460 | Joshua Harman |
| 461 | Joshua Nugent |
| 462 | Joshua Robinson |
| 463 | Joshua Schalm |
| 464 | Joshua Schutt |
| 465 | Juan Quintero |
| 466 | Judah Peterson |
| 467 | Justin Hush |
| 468 | Justin McCann |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 469 | Justin Munisteri |
|-----|------------------|
| 470 | Justin Nielsen |
| 471 | Justin Rebane - Onson |
| 472 | Justin Teichmiller |
| 473 | Justin Wacker |
| 474 | Karl Barkow |
| 475 | Karl Clark |
| 476 | Keith Drinkard |
| 477 | Keith Edmonds |
| 478 | Keith Hoag |
| 479 | Keith Keller |
| 480 | Keith Leitzinger |
| 481 | Keith Liska |
| 482 | Keith Mullikin |
| 483 | Keith Pulling |
| 484 | Keith Tibbits |
| 485 | Keith Trevor |
| 486 | Kelly West |
| 487 | Kenneth Judd |
| 488 | Kenneth Mileski |
| 489 | Kenneth Moncrief |
| 490 | Kenneth Strahan |
| 491 | Kenneth Sullivan |
| 492 | Kenny McClish |
| 493 | Kevin Aschenbach |
| 494 | Kevin Bracken |
| 495 | Kevin Calabrese |
| 496 | Kevin Courtney |
| 497 | Kevin DeGroot |
| 498 | Kevin Gitz |
| 499 | Kevin Kinner |
| 500 | Kevin McCaffrey |
| 501 | Kevin Smith |
| 502 | Kevin Ver Bockel |
| 503 | Kevin Vining |
| 504 | Kevin Westfall |
| 505 | Kevin Woods |
| 506 | Kim Florey |
| 507 | Kirk Hershberger |
| 508 | Kirk Seidel |
| 509 | Kirk Tran |
| 510 | Kokouvi Nofodji |
| 511 | Kristopher Pahl |
| 512 | Kullan Holt |
| 513 | Kurt Frederick |
| 514 | Kurt Nurse |
| 515 | Kyle Brendemuehl |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 516 | Kyle Claeys |
|-----|-------------|
| 517 | Kyle Foral |
| 518 | Kyle Krane |
| 519 | Kyle Mileski |
| 520 | Kyle Peruski |
| 521 | Lance Englund |
| 522 | Larry Holbrook |
| 523 | Larry Timmerman |
| 524 | Larry Wheeler |
| 525 | Late Lawson |
| 526 | Lawrence Albright |
| 527 | Lee Hawk |
| 528 | Lee Shepard |
| 529 | Lee Webster |
| 530 | Leif Gunderson |
| 531 | Len Austin |
| 532 | Leo Gardner III |
| 533 | Leon Hansen |
| 534 | Leonard Garyson |
| 535 | Les Dykstra |
| 536 | Levi Copas |
| 537 | Lorne Gustafson |
| 538 | Louis "Frank" Martin |
| 539 | Louis Patti |
| 540 | Lucas DeHaven |
| 541 | Luis Colon |
| 542 | Luis Zambrano |
| 543 | Luke Sachse |
| 544 | Lydell Lee |
| 545 | Malachi Shafer |
| 546 | Manfred Arens |
| 547 | Marc Glauch |
| 548 | Marcos Salinas |
| 549 | Marcus Henning |
| 550 | Marcus Morse |
| 551 | Mark Beauchamp |
| 552 | Mark Budurov |
| 553 | Mark Frischman |
| 554 | Mark Mishler |
| 555 | Mark Parsons |
| 556 | Mark Pelath |
| 557 | Mark Porritt |
| 558 | Mark VanderPol |
| 559 | Mark Walsh |
| 560 | Marlos Baker |
| 561 | Marvin Foster |
| 562 | Marvin Gregory |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| | |
|---|---|
| 563 | Masean Perdue |
| 564 | Matt Emig |
| 565 | Matt Felsing |
| 566 | Matt Kopp |
| 567 | Matt Newton |
| 568 | Matt Quinn |
| 569 | Matt Richmond |
| 570 | Matthew Grinage |
| 571 | Matthew Hieronimus |
| 572 | Matthew Mueller |
| 573 | Matthew Petasek |
| 574 | Matthew Rhinehart |
| 575 | Matthew Scott |
| 576 | Maverick Crowder |
| 577 | Melvin Kuch |
| 578 | Meranda Schaller |
| 579 | Merritt Pratt |
| 580 | Michael Anderson |
| 581 | Michael Ault |
| 582 | Michael Bryan |
| 583 | Michael Bychinski |
| 584 | Michael Donnelly |
| 585 | Michael Falk |
| 586 | Michael Foster |
| 587 | Michael Geddes |
| 588 | Michael Grady |
| 589 | Michael Hagen |
| 590 | Michael Jauss |
| 591 | Michael Judd |
| 592 | Michael Karpinski |
| 593 | Michael Kopke |
| 594 | Michael Lemons |
| 595 | Michael Lippig |
| 596 | Michael Lorbetske |
| 597 | Michael Mael |
| 598 | Michael McGinley |
| 599 | Michael Nolan |
| 600 | Michael Olsen |
| 601 | Michael Patch |
| 602 | Michael Piotrowski |
| 603 | Michael Potchynok |
| 604 | Michael Precour |
| 605 | Michael Rangel |
| 606 | Michael Rollins |
| 607 | Michael Simon |
| 608 | Michael Smith |
| 609 | Michael Spencer |

Exhibit B
Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 610 | Michael Stiglich |
|-----|------------------|
| 611 | Michael Taylor |
| 612 | Michael Washbish |
| 613 | Michael Wellman |
| 614 | Michael Windblad |
| 615 | Michael Winkler Jr. |
| 616 | Michael Withers |
| 617 | Mike Bartha |
| 618 | Mike Caven |
| 619 | Mike Geiger |
| 620 | Mike Hendrickson |
| 621 | Mike Hompertz |
| 622 | Mike Larson |
| 623 | Mike Payne |
| 624 | Mike Smith |
| 625 | Miles Wehr |
| 626 | Nathan Arthurs |
| 627 | Nathan Baker |
| 628 | Nathan Jirgl |
| 629 | Nathan Landry |
| 630 | Nathan Miller |
| 631 | Nathan O'keefe |
| 632 | Nathan Stankiewicz |
| 633 | Nathan Stocks |
| 634 | Nathan VanLoon |
| 635 | Nathaniel McPherson |
| 636 | Nicholas Gleason |
| 637 | Nicholas Gray |
| 638 | Nicholas Harmer |
| 639 | Nicholas Newcombe |
| 640 | Nicholas Seelye |
| 641 | Nicholas Strejc |
| 642 | Nicholas Wolfgram |
| 643 | Nick LaFond |
| 644 | Nickolas Schmuck |
| 645 | Noe Garcia |
| 646 | Oscar Casas |
| 647 | Patrick Adams |
| 648 | Patrick Marx II |
| 649 | Patrick McGraw |
| 650 | Paul Benson |
| 651 | Paul Campbell |
| 652 | Paul Fierros |
| 653 | Paul Harding |
| 654 | Paul Hunter |
| 655 | Perry Lawson |
| 656 | Peter Liccardello |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 657 | Peter Nicholson |
| 658 | Quentin Stenroos |
| 659 | Radjoe Ray |
| 660 | Ralph Modenhauer |
| 661 | Randall Kuikstra |
| 662 | Randall Tanner |
| 663 | Randy Billings Jr |
| 664 | Randy Cardinal |
| 665 | Randy Frenzel |
| 666 | Randy Johnson |
| 667 | Randy Leist |
| 668 | Randy Schwanebeck |
| 669 | Raymond Carter |
| 670 | Raymond Fry |
| 671 | Reginald Reinhold |
| 672 | Reginald York |
| 673 | Rich Garton |
| 674 | Richard Beck |
| 675 | Richard Delack |
| 676 | Richard Erb |
| 677 | Richard Hicks |
| 678 | Richard Morris |
| 679 | Richard Retherford |
| 680 | Richard Schmitt |
| 681 | Richard Vail |
| 682 | Richard Wilcox |
| 683 | Richard Wussow |
| 684 | Rick Risen |
| 685 | Ricki Day |
| 686 | Ricky Hartwick Jr. |
| 687 | Ricky Truax Jr |
| 688 | Robert "John" Rodefer |
| 689 | Robert Acevedo Jr. |
| 690 | Robert Alexander |
| 691 | Robert Atkinson |
| 692 | Robert Becker |
| 693 | Robert Bendorf |
| 694 | Robert Brady |
| 695 | Robert Carroll |
| 696 | Robert Carter |
| 697 | Robert Casper |
| 698 | Robert Dykstra |
| 699 | Robert Ham |
| 700 | Robert Hanna |
| 701 | Robert Hillsberg |
| 702 | Robert Immel |
| 703 | Robert John Vogel Jr |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 704 | Robert Kastorff |
| 705 | Robert Kinas |
| 706 | Robert Kornowske |
| 707 | Robert Long |
| 708 | Robert Madrid |
| 709 | Robert Mansfield |
| 710 | Robert Myers |
| 711 | Robert Putt |
| 712 | Robert Retzlaff |
| 713 | Robert Russell |
| 714 | Robert Rustenholtz |
| 715 | Robert Wood |
| 716 | Robert Yarhouse |
| 717 | Rocky Benavides |
| 718 | Rod Richard |
| 719 | Rodney Luokka |
| 720 | Roger Baughman |
| 721 | Roger Poe |
| 722 | Ron Kiner |
| 723 | Ron Wetherell |
| 724 | Ronald Bailey |
| 725 | Ronald Hunter |
| 726 | Ronald Lahners |
| 727 | Ronald Packard |
| 728 | Ronald Peterson |
| 729 | Ronald Welch |
| 730 | Russ Devroy |
| 731 | Russell DeHart |
| 732 | Ryan Burhans |
| 733 | Ryan Feldhauser |
| 734 | Ryan Fultz |
| 735 | Ryan Jaskie |
| 736 | Ryan Mensinga |
| 737 | Ryan Reynolds |
| 738 | Ryan Thornton |
| 739 | Ryan Wooden |
| 740 | Ryan Wussow |
| 741 | Samuel Etzel |
| 742 | Samuel Johnson |
| 743 | Samuel Olson |
| 744 | Samuel Payne |
| 745 | Sara Schmidt |
| 746 | Scott Behl |
| 747 | Scott Erb |
| 748 | Scott Erstad |
| 749 | Scott Gudenschwager |
| 750 | Scott Halling |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 751 | Scott Juris |
| 752 | Scott Krueger II |
| 753 | Scott Prokash |
| 754 | Scott Spence |
| 755 | Scott Tyne |
| 756 | Sean Allen |
| 757 | Sean Box |
| 758 | Sean Brabec |
| 759 | Sean McKay |
| 760 | Seth Rehwinkel |
| 761 | Shane Mitchell |
| 762 | Shane Potts |
| 763 | Shane Tracey |
| 764 | Shaun Jackson |
| 765 | Shaunon Boulden |
| 766 | Shawn Haubrich |
| 767 | Shawn Slattery |
| 768 | Shelby Bednarz |
| 769 | Stan Wonch |
| 770 | Stanley Banfield |
| 771 | Steffen Rosema |
| 772 | Stephen Carden |
| 773 | Stephen Cartwright |
| 774 | Stephen Gobie Jr |
| 775 | Stephen Gumieny |
| 776 | Stephen Kelecava |
| 777 | Stephen Williams |
| 778 | Steve Foth |
| 779 | Steve Gliszynski |
| 780 | Steve Hooker |
| 781 | Steve Kellogg |
| 782 | Steve Kendl |
| 783 | Steve Martinez |
| 784 | Steve Olejniczak |
| 785 | Steve Rufershafer |
| 786 | Steve Tucker II |
| 787 | Steven "Troy" McGinley |
| 788 | Steven Carroll |
| 789 | Steven Freng |
| 790 | Steven Leppan |
| 791 | Steven Little |
| 792 | Steven Lowe |
| 793 | Steven Nehring |
| 794 | Tad Delaruelle |
| 795 | Taran Welchlin |
| 796 | Taylor Urban |
| 797 | Ted VanDenBrink |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| | |
|---|---|
| 798 | Terrence Day |
| 799 | Terry Rizer |
| 800 | Terry Swagger |
| 801 | Terry Williams |
| 802 | Thad Mikesell |
| 803 | Thomas Christensen |
| 804 | Thomas Clayton |
| 805 | Thomas Gruenwald Jr |
| 806 | Thomas Laschiava |
| 807 | Thomas Patrick |
| 808 | Thomas Proudian |
| 809 | Tim Bodeis |
| 810 | Tim Karst |
| 811 | Tim Southworth |
| 812 | Timothy Bean |
| 813 | Timothy Beukema |
| 814 | Timothy Bush |
| 815 | Timothy Kenny |
| 816 | Timothy Vaini |
| 817 | Timothy Wilson |
| 818 | Todd Arnott |
| 819 | Todd Christopher |
| 820 | Todd Jones |
| 821 | Todd Sage |
| 822 | Todd Trickett |
| 823 | Todd Witkowski |
| 824 | Tom Griffes |
| 825 | Tom Patterson |
| 826 | Tome Childs |
| 827 | Tong Lee |
| 828 | Tony Albright |
| 829 | Torrey Budd |
| 830 | Trae Mittnacht |
| 831 | Travis Baar |
| 832 | Travis Kaufert |
| 833 | Travis Keehn |
| 834 | Travis Potter |
| 835 | Travis Tracey |
| 836 | Trevor Burtard |
| 837 | Trevor Fonfara |
| 838 | Trevor Schrauth |
| 839 | Troy Johnson |
| 840 | Troy Peloquin |
| 841 | Troy Reetz |
| 842 | Troy Shimmons |
| 843 | Ty Krabill |
| 844 | Tyler Moldenhauer |

Exhibit B

Settlement Agreement Group - WI MI Overtime/Minimum Wage Claim

| 845 | Tyler West |
|-----|-----------|
| 846 | Tyrone Chipman |
| 847 | Tyrone Rasmusson |
| 848 | Vernon "Lee" Henk |
| 849 | Vernon Hale Jr |
| 850 | Vernon Knapp |
| 851 | Victor Robinson |
| 852 | Walker Sonneville |
| 853 | Walter Weber |
| 854 | Warren Menck |
| 855 | Wayne Avery |
| 856 | Wesley Lane |
| 857 | Wesley Pacholka |
| 858 | Wesley Partlo |
| 859 | William Bishop |
| 860 | William Briggs |
| 861 | William Davis |
| 862 | William Lane |
| 863 | William Maki |
| 864 | William Matti |
| 865 | William Mitchell |
| 866 | William Morris |
| 867 | William Sharp |
| 868 | William Tubbs |
| 869 | William Whitley |
| 870 | William Woeckener |
| 871 | Willie Lange |
| 872 | Wirt Stafford |
| 873 | Zach Wadsworth |
| 874 | Zachary Drow |
| 875 | Zachary Gilmeister |
| 876 | Zachary Rohde |

Exhibit C

Settlement Agreement Group

WI Deduction Claim

|  | Employee_Name |
|---|---|
| 1 | Abendroth, Paul |
| 2 | Ace, Michael |
| 3 | Adams, Brandon |
| 4 | Adams, Patrick |
| 5 | Adams, Phillip |
| 6 | Adkins, Trevor |
| 7 | Adrian, Edward |
| 8 | Afrides, Michael |
| 9 | Ahmad, Omran |
| 10 | Aiken Deanna |
| 11 | Aimsback, Brian |
| 12 | Albamonte, Thomas |
| 13 | Albers Jr, Arthur |
| 14 | Alberts, Travis |
| 15 | Alexander, Robert |
| 16 | Al-gedebi, Houmod |
| 17 | Allaby, Joseph |
| 18 | Amenson, Michael |
| 19 | Amick, Duane |
| 20 | Anderson, Benjamin |
| 21 | Anderson, Billie |
| 22 | Anderson, Dennis |
| 23 | Anderson, Joel |
| 24 | Anderson, Matthew |
| 25 | Anderson, Nathan |
| 26 | Anderson, Steven |
| 27 | Andrus, Robert |
| 28 | Angst, James |
| 29 | Anker, Tyson |
| 30 | Armstrong, Robert |
| 31 | Arthurs, Nathan |
| 32 | Aschenbach, Kevin |
| 32 | Aschenbach, Kevin |
| 33 | Atkins, Johnny |
| 34 | Augustine, Adam |
| 35 | Ault, Michael |
| 36 | Auter, Lee |
| 37 | Avila, Manuel |
| 38 | Babcock, Travis |
| 39 | Babino, John |
| 40 | Bader, Dennis |
| 41 | Bader, Eric |
| 42 | Bailey, Andrew |
| 43 | Baker, Brian |
| 44 | Baker, Charles |
| 45 | Baker, Jason |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 46 | Baker, Nathan |
| 47 | Baldovski, Stephen |
| 48 | Ball, Brandon |
| 49 | Banfield, Stanley |
| 50 | Banos, Jason |
| 51 | Barber, James |
| 52 | Barber, Jeremiah |
| 53 | Barber, Stephen |
| 54 | Barbian, Michael |
| 55 | Bardouche, Jeffrey |
| 56 | Barkow, Karl |
| 57 | Barnhart, Nick |
| 58 | Barrett, Dean |
| 59 | Barribeau, Billy |
| 60 | Bartel, Kyle |
| 61 | Bartelt, Kevin |
| 62 | Bartha, Mike |
| 63 | Bartlett, Cody |
| 64 | Bartlett, John |
| 65 | Bartley, Ronnie |
| 66 | Barton, Gary |
| 67 | Bartotto, Shannon |
| 68 | Bass, Jermaine |
| 69 | Bauer, Adam |
| 70 | Bauer, Jamie |
| 71 | Baughman, Roger |
| 72 | Baye, David |
| 73 | Beatty, James |
| 74 | Beauchamp, Mark |
| 75 | Beauvais, Donald |
| 76 | Becker, Daniel |
| 77 | Becker, Robert |
| 78 | Beckett, Brad |
| 79 | Bednarz, Shelby |
| 80 | Behl, Cody |
| 81 | Behl, Scott |
| 82 | Behnke, Samuel |
| 83 | Beirl, John |
| 84 | Belanger, Todd |
| 85 | Bell, Anthony |
| 86 | Beller, Anthony |
| 87 | Beller, Timothy |
| 88 | Bellmore, Scott |
| 89 | Bellow, Dustin |
| 90 | Belsey, Jon |
| 91 | Bendickson, Matthew |
| 92 | Bendorf, Robert |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 93 | Benedict, Tony |
| 94 | Bengel, Aric |
| 95 | Bennett, Jacob |
| 96 | Bennett, Jamie |
| 97 | Benson, Mark |
| 98 | Benson, Paul |
| 99 | Berby, Matthew |
| 100 | Berenz, Joe |
| 101 | Berg, Joshua |
| 102 | Berg, Michael |
| 103 | Bertch, Aaron |
| 104 | Bessette, Jimmy |
| 105 | Best, Jeff |
| 106 | Bettice, Kenneth |
| 107 | Betzner, Christopher |
| 108 | Billodeau, Barry |
| 109 | Birdyshaw, Todd |
| 110 | Birkholz, Anthony |
| 111 | Birnbaum, Thomas |
| 112 | Bjerke, Patrick |
| 113 | Bjorkman, Jason |
| 114 | Black, Jr |
| 115 | Blackcoon, Jason |
| 116 | Blackdeer, Stuart |
| 117 | Blaschke, Daniel |
| 118 | Blaser, Curtis |
| 119 | Block, Gregory |
| 120 | Bloome, Jeff |
| 121 | Bloyer, Kraig |
| 122 | Bocek, William |
| 123 | Bodart, David |
| 124 | Bogus, Brett |
| 125 | Boll, Jacob |
| 126 | Bollom, William |
| 127 | Boltz, Logan |
| 128 | Bonney, Greg |
| 129 | Borman, Andrew |
| 130 | Borths, Donald |
| 131 | Boshan, Russell |
| 132 | Boulden, Shaunon |
| 133 | Boyce, Laurence |
| 134 | Boyea, Jacob |
| 135 | Boyette, James |
| 136 | Braatz, Tracey |
| 137 | Braatz, William |
| 138 | Brabec, Sean |
| 139 | Bracken, Kevin |

Exhibit C

Settlement Agreement Group

WI Deduction Claim

| 140 | Braker, Steve |
|-----|----------------|
| 141 | Brazeau, Aaron |
| 142 | Brazeau, Travis |
| 143 | Breitenfeld, Jason |
| 144 | Brendemuehl, Kyle |
| 145 | Brennan, Todd |
| 146 | Brewer, Gregory |
| 147 | Brian, Benjamin |
| 148 | Brice, Jeffery |
| 149 | Brice, Guy |
| 150 | Briggs, William |
| 151 | Brockman, Paul |
| 152 | Broderick, Ryan |
| 153 | Brouette, Joseph |
| 154 | Brovelli, Dwayne |
| 155 | Brown, Bryan |
| 156 | Brown, Henry |
| 157 | Brown, John |
| 158 | Brown, Kenderman |
| 159 | Brusewitz, Michael |
| 160 | Budurov, Mark |
| 160 | Budurov, Mark |
| 161 | Buelow, Bruce |
| 162 | Buelteman, Timothy |
| 163 | Bundick, Kurt |
| 164 | Bunkoske, Troy |
| 165 | Buntin, T.C. |
| 166 | Burgess, David |
| 167 | Burhans, Shawn |
| 168 | Burmeister, Bruce |
| 169 | Burt, Michael |
| 170 | Burtard, Justin |
| 171 | Burtard, Trevor |
| 172 | Buskov, Jeremy |
| 173 | Buss, Nathan |
| 174 | Busse, Chad |
| 175 | Bustos, Guillermo |
| 176 | Butry, Mark |
| 177 | Butz, Jeffrey |
| 178 | Bychinski, Michael |
| 179 | Byers, Chris |
| 180 | Cahill, William |
| 181 | Calabrese, Kevin |
| 182 | Calhoon, John |
| 183 | Calkins, Robert |
| 184 | Campbell, Paul |
| 185 | Carbajal, Michael |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 186 | Carden, Steve |
| 187 | Carey, Nickolas |
| 188 | Carlson, Weston |
| 189 | Caron, Cory |
| 190 | Carrasquillo, Jessie |
| 191 | Carrera, Chase |
| 192 | Carroll, Robert |
| 193 | Carroll, Timothy |
| 194 | Carter, Jason |
| 195 | Carter, Raymond |
| 196 | Carter, Robert |
| 197 | Carter, Robert |
| 198 | Cartwright, Derek |
| 199 | Cartwright, Stephen |
| 200 | Casper, Robert |
| 201 | Ceja, Samuel |
| 202 | Cendroski, Marty |
| 203 | Cervantes, Pablo |
| 204 | Champagne, James |
| 205 | Charlier, Brian |
| 206 | Chaudier, Daniel |
| 207 | Chaudier, Jason |
| 208 | Childs, Tome |
| 209 | Chipman, Tyrone |
| 210 | Christensen, Jonathan |
| 211 | Christensen, Thomas |
| 212 | Christiansen, Scott |
| 213 | Christopher, Todd |
| 214 | Clancy, Michael |
| 215 | Clasen, Chris |
| 216 | Clauson, Michael |
| 216 | Clauson, Mike |
| 217 | Clemens, Brian |
| 218 | Cleveland, Joshua |
| 219 | Coffey, Damien |
| 220 | Colburn, Aaron |
| 221 | Cole, Brandon |
| 222 | Cole, David |
| 223 | Collar, Alan |
| 224 | Collatz, Arthur |
| 225 | Collin, Mitchell |
| 226 | Collins, Lawrence |
| 227 | Collins, Scott |
| 228 | Collins, Zachary |
| 229 | Colon, Luis |
| 230 | Conard, Dennis |
| 231 | Condon, Brian |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 232 | Cone, Jesse |
| 233 | Conley, Matthew |
| 234 | Conover, Ian |
| 235 | Conroy, Reid |
| 236 | Copas, Levi |
| 237 | Cornelius, James |
| 238 | Corona, Arcadio |
| 239 | Corrigen, Cole |
| 240 | Costantini, Dominic |
| 241 | Cotter, Adam |
| 242 | Cotter, Patrick |
| 243 | Cotton, Chris |
| 244 | Cottrell, Flavio |
| 245 | Coughlin, Eric |
| 246 | Coulthurst, Dennis |
| 247 | Coulthurst, James |
| 248 | Cousins, Jon (Jack) |
| 249 | Cox, Aaron |
| 250 | Cox, Bradley |
| 251 | Cox, Brett |
| 252 | Cox, Dean |
| 253 | Cox, Steven Jr |
| 254 | Coy, Kyle |
| 255 | Crabtree, Harley |
| 256 | Crist, Daniel |
| 257 | Crouse, James |
| 258 | Crowder, Maverick |
| 259 | Culver,Ryan |
| 260 | Curtis, Jeffrey |
| 260 | Curtis, Jeffrey |
| 261 | Daehne, Robert |
| 262 | Dahl, David |
| 263 | Dahlke, James |
| 264 | Dalton, Chris |
| 265 | Dalum, David |
| 266 | Danfield, Daniel |
| 267 | Danner, Thomas |
| 268 | Davis, Arthur |
| 269 | Davis, Michael |
| 270 | Davis, William |
| 271 | Davison, Douglas |
| 272 | Day, Ricki |
| 273 | Day, Rodger |
| 274 | Daye, Jeremy |
| 275 | Debroux, Donald |
| 276 | Dedrick, Robert |
| 277 | Degnitz, Dustin |

Exhibit C

Settlement Agreement Group

WI Deduction Claim

| 278 | DeHaven, Lucas |
|-----|------------------------|
| 279 | Delack, Richard |
| 280 | Delaet, Jeremiah |
| 281 | Delao, Danny |
| 281 | Delao, Danny |
| 282 | Delaruelle, Tad |
| 283 | Delatorre, Pedro (Pablo) |
| 284 | Delgado, Peter |
| 285 | DeLong, Crispen |
| 286 | Deneys, Brad |
| 287 | Dent, Roland |
| 288 | Denzine, Erik |
| 289 | DeRocher, Bradley |
| 290 | Deschler, Todd |
| 291 | Deters, Bill |
| 292 | Devine, Todd |
| 293 | Devroy, Russell |
| 293 | Devroy, Russell |
| 294 | Dick, Steven |
| 295 | Diehm, Joshua |
| 295 | Diehm, Joshua |
| 296 | Diehm, Paul |
| 297 | Diemel, Nick |
| 298 | Dilley, Brandon |
| 299 | Dittberner, Beau |
| 300 | Ditty, Lance |
| 301 | Dolatowski, Scott |
| 302 | Domaika, Gary |
| 303 | Dombrowski, Brian |
| 304 | Domer, Thomas |
| 305 | Donart, Richard |
| 306 | Donnelly, Michael |
| 307 | Dowdy, John |
| 308 | Downer, Jerome |
| 309 | Draeger, Curt |
| 310 | Drake,Caleb |
| 311 | Drescher, Alissa |
| 312 | Dropik, Jason |
| 313 | Drost, Eric |
| 314 | Drow, Zach |
| 315 | Duesing, Jonathan |
| 316 | Duffeck, Jason |
| 317 | Dufresne, William |
| 318 | Duginski, Leon |
| 319 | Dunbar, David |
| 320 | Dutcher, Paul |
| 321 | Duvall, Randy |

Exhibit C

Settlement Agreement Group

WI Deduction Claim

| 322 | Duwe, John |
|-----|------------|
| 323 | Dwyer, Robert |
| 324 | Dwyer, Steve |
| 325 | Eagan, Mike |
| 326 | Earley, Eric |
| 327 | Eastwood, Chris |
| 328 | Eaton, David |
| 329 | Eberdt, Andrew |
| 330 | Ebert, Jarrod |
| 331 | Ebling, Jason |
| 332 | Eckberg, Melissa |
| 333 | Eckdahl,Trenton |
| 334 | Edge, Steve |
| 335 | Egan, Robert |
| 336 | Eichelberger, Vernon |
| 337 | Englund, Keith |
| 338 | Englund, Lance |
| 339 | Erickson, Dave |
| 340 | Erickson, Jesse |
| 341 | Erickson, Neal |
| 342 | Erstad, Scott |
| 343 | Etter,Jason |
| 344 | Etzel, Samuel |
| 345 | Evans, Robert |
| 346 | Evernham, Jonathan |
| 347 | Falk, Michael |
| 348 | Fannin, Shane |
| 349 | Fare, Stephen |
| 350 | Faust, Leone |
| 351 | Fay, Zachary |
| 352 | Felsing, Matt |
| 353 | Ferguson, Daniel |
| 354 | Ferguson, Milton |
| 355 | Fewell, Stephen |
| 356 | Fields, Greg |
| 357 | Fink, Jason |
| 358 | Fischer, Chris |
| 359 | Fischer, Jared |
| 360 | Fischer, Jonathon |
| 361 | Fisher, Kevin |
| 362 | Fleming, Brian |
| 363 | Fleury, Jeffery |
| 364 | Folkers, Ryan |
| 365 | Foltos, Scott |
| 366 | Fonder, Chris |
| 367 | Fonfara, Trevor |
| 368 | Foral, Kyle |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 369 | Foral, Steve |
| 370 | Forcier, Mike |
| 371 | Ford, Mack |
| 372 | Foreman, Chad |
| 373 | Fortier, Mark |
| 374 | Foss, Billy |
| 375 | Foster, Arlton |
| 376 | Foster, Michael |
| 376 | Foster, Michael |
| 377 | Foth, Merlin |
| 378 | Foth, Steve |
| 379 | Foucault, David |
| 380 | Foust, Andrew |
| 381 | Foust, Peter |
| 382 | Frank, Derek |
| 383 | Franzen, Doug |
| 384 | Freber, Andrew |
| 385 | Frederick, Kurt |
| 386 | Frederick, Mark |
| 387 | Freehling, Joe |
| 388 | Freng, Andrew |
| 389 | Freng, Steven |
| 390 | Frey, Kagan |
| 391 | Friddle, michael |
| 392 | Frischman, Mark |
| 393 | Fry, Raymond |
| 394 | Frye, Jason |
| 395 | Fuller, Stephen |
| 396 | Fultz, Ryan |
| 397 | Furmanek, Chad |
| 398 | Fusek, Troy |
| 399 | Gaare, Elmer |
| 400 | Gabriel, Derek |
| 401 | Gaedtke, Dustin |
| 402 | Gajeski, Jennifer |
| 403 | Gallagher, Andrew |
| 404 | Gallion, George |
| 405 | Gambill, Kenneth |
| 406 | Garcia, John |
| 407 | Gardner, Jody |
| 408 | Garoutte, Dana |
| 409 | Garrett, Jeremy |
| 410 | Gast, Jesse |
| 411 | Gaston, Cory |
| 412 | Gates, Philip |
| 413 | Geddes, Michael |
| 414 | Geiger, Michael |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 415 | Georgeson, Bruce |
| 416 | Georgia, Joshua |
| 417 | Gerbig, Jeffery |
| 418 | Gerdes, Kenneth |
| 419 | Gerlach, Steven |
| 420 | Gettelman, Dave |
| 421 | Giesau, Joel |
| 421 | Giesau, Joel |
| 422 | Giese, Gary |
| 423 | Gilbertson, Brian |
| 424 | Gillespie, Kenneth |
| 425 | Gilmeister, Zachary |
| 426 | Gilow, John "Scott" |
| 427 | Gindt, Joshua |
| 428 | Girmscheid, Travis |
| 429 | Gitz, Kevin |
| 430 | Glauch, Marc |
| 431 | Gliniecki, Michael |
| 432 | Glischzynski, Steve |
| 433 | Glomp, David |
| 434 | Godsey, Robert |
| 435 | Goehring, Dean |
| 436 | Gokey, Jason |
| 437 | Goldenberg, David |
| 438 | Goloversic, James |
| 439 | Gomoll, Karl |
| 440 | Goncalo, Robert |
| 441 | Goodman, Shannon |
| 442 | Grady, Michael |
| 443 | Graf, James |
| 444 | Graf, Philip |
| 445 | Graff, Michael |
| 446 | Grant, Keith |
| 447 | Gray, Nicholas |
| 448 | Greenwold, Adam |
| 449 | Greil, Daniel |
| 450 | Grender, Aaron |
| 451 | Griffin, Clinton |
| 452 | Griffin, Jason |
| 453 | Griffin, Jeffrey |
| 454 | Griffus, Joseph |
| 455 | Grocke, Steve |
| 456 | Grose, James |
| 457 | Grosinske, Alan |
| 458 | Grueneberg, Lynn |
| 459 | Gruenwald, Thomas |
| 460 | Grundahl, Adam |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 461 | Guarrero, Tylor |
|-----|-----------------|
| 462 | Gudenschwager, Scott |
| 463 | Guethlein, Douglas |
| 464 | Gumieny, Stephen |
| 465 | Gustafson, Lorne |
| 466 | Gutzman, Aaron |
| 467 | Gyllander, Greg |
| 468 | Hacker, Brandon |
| 469 | Hafner, Mark |
| 470 | Hagen, Anthony |
| 471 | Hagen, Timothy |
| 472 | Hagman, Travis |
| 473 | Hajos, Dezso "Dezy" |
| 474 | Hallas, Daniel |
| 475 | Hallet, Tim |
| 476 | Halling, Scott |
| 477 | Halverson, Brion |
| 478 | Halvorson, Cole |
| 479 | Hamachek, David "Bruce" |
| 480 | Hammer, Joseph |
| 481 | Hammond, Todd |
| 482 | Hancock, Gregg |
| 483 | Hanna, Robert |
| 484 | Hansen, Leon |
| 485 | Hansen, Paul |
| 486 | Hanson, David |
| 487 | Hanson, Sean |
| 488 | Haralson, Richard |
| 489 | Hari, Lyle |
| 490 | Harper, Aaron |
| 491 | Harpold, John |
| 492 | Harr, Kevin |
| 493 | Harrington, Jade |
| 494 | Harris, Steve |
| 495 | Harris, Jeffery |
| 496 | Hart, David |
| 497 | Harvey, Kendall |
| 498 | Harvey, Paul |
| 499 | Hass, Dennis |
| 500 | Hatfield, Joseph |
| 501 | Haubrich, Shawn |
| 502 | Haugen, Eric |
| 503 | Hauser, Cody |
| 504 | Hawk, Lee |
| 505 | Haydon, Michael |
| 506 | Hayes, George |
| 507 | Hebert, Steven |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 508 | Hecker, Joseph |
| 509 | Hecker, Nicholas |
| 510 | Hedberg, Ian |
| 511 | Hedrick, Ricky |
| 512 | Hein, Dennis |
| 513 | Hein, Nathan |
| 514 | Helgerson, Daryl |
| 515 | Heller, Benjamin |
| 516 | Helley, Brian |
| 517 | Helminski, Kevin |
| 518 | Hemenway, Justin |
| 519 | Hendricks, Brandon |
| 520 | Hendricks, Jamie |
| 521 | Hengst, Joseph |
| 522 | Hengsteler, Larry |
| 523 | Henk, Vernon |
| 524 | Hennek, Alex |
| 525 | Hennig, Marcus |
| 526 | Hermann, Joshua |
| 527 | Hernandez, Fernando |
| 528 | Herner, Michael |
| 529 | Hershberger, Kirk |
| 530 | Hess, Jeff |
| 531 | Hesselberg,William |
| 532 | Hester, David |
| 533 | Hetcher, Nicolas |
| 534 | Hibma-O'Brien, Joseph |
| 535 | Hicks, Richard |
| 536 | Hieronimus, Matthew |
| 537 | Hildahl, Gerald |
| 538 | Hill, Branden |
| 539 | Hill, Cory |
| 540 | Hill, Danny |
| 541 | Hillsberg, Robert |
| 542 | Hintz, Phillip |
| 543 | Hinz, Brian |
| 544 | Hlava, Nathan |
| 545 | Hodler, Dallas |
| 546 | Hoffman, Daniel |
| 547 | Hoffman,Charles |
| 548 | Hohlstein, Kenneth |
| 549 | Holbrook, Dean |
| 550 | Holbrook, Larry |
| 551 | Hollis, Curtis |
| 552 | Hollister, Michael |
| 553 | Hollnagel, Michael |
| 554 | Holmberg, Daniel |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 555 | Holstein, Jason |
|-----|-----------------|
| 556 | Holsten, Weston |
| 557 | Homernik, Joseph |
| 558 | Hompertz, Mike |
| 559 | Hooker, Steve |
| 560 | Hoover, Jeremy |
| 561 | Hopkins, Richard |
| 562 | Hoppa, David |
| 563 | Hoppa, Nicholas |
| 564 | Horstman, Robert |
| 565 | Horton, Eddie |
| 566 | Hoskins, J.C. |
| 567 | Hotlen, Lucas |
| 568 | Houland, Kirk |
| 569 | Houle, Jeremy |
| 570 | House, David |
| 570 | House, David |
| 571 | Howard, Anthony |
| 572 | Howe, Brandon |
| 573 | Hraban, James |
| 574 | Hrncirik, Scott |
| 575 | Hughes, Anthony |
| 576 | Hughes,Joe |
| 577 | Hull, Christopher |
| 578 | Hunter, Ronald |
| 579 | Huntington, Bobby |
| 580 | Husom, Scott |
| 581 | Hussa, Dean |
| 582 | Hutchcraft, Chris |
| 583 | Hvarre, Justin |
| 584 | Ingersoll, Joseph |
| 585 | Ingersoll, Kevin |
| 586 | Ingman, Heather |
| 587 | Intribus, Darren |
| 588 | Isari, Andrei |
| 589 | Iverson, Jay |
| 590 | Jackson, Brian A |
| 591 | Jacobe, Cory |
| 592 | Jacobson, Alan |
| 593 | Jacobson, Jeff |
| 594 | James, Thomas |
| 595 | Janisch, Cory |
| 596 | Janko, Timothy |
| 597 | Jarvais, Duane II |
| 598 | Jaskie, Ryan |
| 599 | Jaslowski, Josh |
| 600 | Jaworski, Allen |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 601 | Jean, Corey |
|-----|-------------|
| 602 | Jeche, Christopher |
| 603 | Jendrzejowski, Danielle |
| 604 | Jensen, Mike |
| 605 | Jepson, Earl |
| 606 | Jeske, Justin |
| 607 | Jirgl, Nathan |
| 608 | Joachim, William |
| 609 | Johnson, Amy |
| 610 | Johnson, Brian |
| 611 | Johnson, Carl |
| 612 | Johnson, Darrell |
| 613 | Johnson, Eric |
| 614 | Johnson, Garrett (Gary) |
| 615 | Johnson, Jacob |
| 616 | Johnson, Jesse |
| 617 | Johnson, Jorge |
| 618 | Johnson, Joshua |
| 619 | Johnson, Justin |
| 620 | Johnson, Randy |
| 621 | Johnson, Rick |
| 622 | Johnson, Samuel |
| 623 | Johnston, Jason |
| 624 | Joiner, Matthew |
| 625 | Jones, Charles |
| 626 | Jones, Eugene |
| 627 | Jones, Hugh |
| 628 | Jones, Shaun |
| 629 | Jorgensen, Jayloy |
| 630 | Juetten, Nathanael |
| 631 | Juris, Scott |
| 632 | Kainz, Zachary |
| 633 | Kaja, Patrick |
| 634 | Kaltenberg, Joseph |
| 635 | Kamke, Scott |
| 636 | Kamppi, Brian |
| 637 | Kamppi, Daniel |
| 638 | Kamppi, David |
| 639 | Kamyshnikov, Sergey |
| 640 | Kanouse, Dennis |
| 641 | Karner, Nathain |
| 642 | Karst, Timothy |
| 643 | Kastorff, Robert |
| 644 | Kaufert, Travis |
| 645 | Kaye, Jeffery |
| 646 | Keehn, Travis |
| 647 | Keller, Keith |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 648 | Kelly, Ryan |
|---|---|
| 649 | Kendl, John |
| 650 | Kendl, Steven |
| 651 | Kent, Jason |
| 652 | Kerins, Cary |
| 653 | Kerstner, Matthew |
| 654 | Keys, Jeff |
| 655 | Kickhaver, Zachary |
| 656 | Kiefer, Matthew |
| 657 | Kimball, Marty |
| 658 | Kinas, Robert |
| 659 | Kiner, Ronald |
| 660 | Kirkhuff, Michael |
| 661 | Kirton, Henry |
| 662 | Klaes, Nicholaus |
| 663 | Klagstad, Scott |
| 664 | Klein, Allen |
| 665 | Klein, Anthony |
| 666 | Klein, Randall |
| 667 | Kleinfeldt, Tony |
| 668 | Klescewski, Chester |
| 669 | Klukas, Trevor |
| 670 | Knitter, Robert |
| 671 | Knutson, Bryan |
| 672 | Knutson, Rodney |
| 673 | Koch, Troy |
| 674 | Koehler, Jeremy |
| 675 | Koeller, Greg |
| 676 | Koeppe, Brian |
| 677 | Kohl, Eric |
| 678 | Kohl, Jacob |
| 679 | Kollwitz, Paul |
| 680 | Konietzki, Jeremiah |
| 681 | Konop, Derek |
| 682 | Konrad, Damien |
| 683 | Koopman, Kyle |
| 684 | Kopke, Michael |
| 685 | Korhonen, Robert |
| 686 | Kornowske, Robert |
| 687 | Kostroski, Clint |
| 688 | Kowalik, Jeffrey |
| 689 | Krebs, Derek |
| 690 | Krenzelok, Nicholas |
| 691 | Krenzelok, Richard |
| 692 | Kretschmann, Chris |
| 693 | Kreul, Chris |
| 694 | Krieser, Donald |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 695 | Kroll, John |
|-----|-------------|
| 696 | Krueger, Brad |
| 697 | Krueger, Scott |
| 698 | Krull, Jared |
| 699 | Kubale, Timothy |
| 700 | Kuder, Charles |
| 701 | Kudick, Andrew |
| 702 | Kujawa, Tyrone |
| 703 | Kurtz, Ervin |
| 704 | LaBarbera, Anthony |
| 705 | LaBelle, Elliott |
| 706 | LaCosse, Donald |
| 707 | Lade, Terry |
| 708 | Lafky, Joel |
| 709 | Laganowski, Chris |
| 710 | Lahners, Ronald |
| 711 | Lamb, Gaylon |
| 712 | LaMettry, Daniel |
| 713 | Lancaste, Michael |
| 714 | Lands, Cecil |
| 715 | Lane, Patrick |
| 716 | Lange, Willie |
| 717 | Langer, Robert |
| 718 | Larkin, David |
| 719 | Larsen, Andrew |
| 720 | Larsen, Colin |
| 721 | Larson, Brandon |
| 722 | Larson, Christopher |
| 723 | Larson, Daniel |
| 724 | Larson, Daryn |
| 725 | Larson, Korey |
| 726 | Larson, Roman |
| 727 | Laschiava, Thomas |
| 728 | Later, Colin |
| 729 | Lauback, Dale |
| 730 | Lawson, Andrew |
| 731 | Lawson, Late |
| 732 | Lawver, Neil |
| 733 | Lecheheb, Adel |
| 734 | Ledwith, Misha |
| 735 | Lee, Daniel |
| 736 | Lee, Lydell |
| 737 | Lee, Robert |
| 738 | Lee, Tong |
| 739 | Leitermann, Clayton |
| 740 | Leitzinger, Keith |
| 741 | Lemerond, Dennis |

Exhibit C

Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 742 | Lemieux, Steven |
| 743 | Lemon, Michael |
| 744 | Leonhardt, Jay |
| 745 | Lewis, Kevin |
| 746 | Lewis, Rick |
| 747 | Linder, John |
| 748 | Lindquist, John |
| 749 | Link, Troy |
| 750 | Linn, Chad |
| 751 | Lippig, Michael |
| 752 | Liska, Keith |
| 753 | Livingston, Christopher |
| 754 | Lizotte, Chris |
| 755 | Lloyd, Mark |
| 756 | Lloyd, Steven |
| 757 | Loiselle, David |
| 758 | Lopes, John |
| 759 | Lorbetske, Michael |
| 760 | Lowe, Matthew |
| 761 | Lowe, Steven |
| 762 | Lueneburg, Matt |
| 763 | Lugo, Gary |
| 764 | Lukan, Gary |
| 765 | Luke, Robert |
| 766 | Lundgren, David |
| 767 | Lupa, Adam |
| 768 | Lyons, James |
| 769 | Lyons, Jay |
| 770 | MacDonald, Jeremy |
| 771 | MacFarlane, Ian |
| 772 | MacMillan, Joseph |
| 773 | MacPhetridge, Ronald |
| 774 | Madley, Carl |
| 775 | Madrid, Robert |
| 776 | Mael, Michael |
| 777 | Mahoney, David |
| 778 | Maki, William |
| 779 | Malinowski, Joseph |
| 780 | Malisch, Clinton |
| 781 | Mallette, James |
| 782 | Mallon, Franklin |
| 783 | Mallon, William |
| 784 | Malueg, Amanda |
| 785 | Manderscheid, Gary |
| 786 | Manibog, George |
| 787 | Manka, Robert |
| 788 | Mann,  Bart |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 789 | Marchand, Steve |
|-----|-----------------|
| 790 | Marenger, Shaun |
| 791 | Marsh, Andrew |
| 792 | Marshall, Matthew |
| 793 | Marshall, Michael |
| 794 | Martin, Benny |
| 795 | Martin, Bobby |
| 796 | Martin, Gerald |
| 797 | Martin, Louis (Frank) |
| 798 | Martin, Marcus |
| 799 | Martin, Robert |
| 800 | Martine, John |
| 801 | Mascarenas, Herbert |
| 802 | Masch, Jason |
| 803 | Mashak, Travis |
| 804 | Mason, Josh |
| 805 | Mathis, Donald |
| 806 | Matti, William |
| 807 | Mattler, William |
| 808 | Matz, Anthony |
| 809 | Maulson, Arthur |
| 810 | Maxey, Joseph |
| 811 | Maynard, Cedric |
| 812 | Mayo, Justin |
| 813 | Mayville, Jameson |
| 814 | Mazzara, Gregory |
| 815 | McAllister, Ben |
| 816 | McCallum, William |
| 817 | McCauley, Dale |
| 818 | McCauley, Nakomus |
| 819 | McCown, Derek |
| 820 | McDaniel, Layne |
| 821 | McDermott, Trent |
| 822 | McDonald, Daniel |
| 823 | McGinley, Steve |
| 824 | McGinnity, Dylan |
| 825 | McGlen, Jason |
| 826 | McGregor, Kevin |
| 827 | McHenry,Seth |
| 828 | McLain, Dan |
| 829 | McMillie, Nicholas |
| 830 | Meadowcroft, Eric |
| 831 | Meeks, Arthur |
| 832 | Meinking, Harry |
| 833 | Melby, Daniel |
| 834 | Meliani, Mouhcine |
| 835 | Melling, Kevin |

Exhibit C

Settlement Agreement Group
WI Deduction Claim

| 836 | Mensinga, Ryan |
| 836 | Mensinga, Ryan |
| 837 | Mertes, Jason |
| 838 | Mess, Gregory |
| 839 | Meyer, Daniel |
| 840 | Meyer, Richard |
| 841 | Meyer, Scott |
| 842 | Meyers, Robin |
| 843 | Michael, Shawn |
| 844 | Micketti, Deron |
| 845 | Middleton, Derek |
| 846 | Mier, Dale |
| 847 | Migala, Matthew |
| 848 | Migala, Mitchell |
| 849 | Mikesell, Thad |
| 850 | Mikula, Anthony |
| 851 | Miles, Phillip |
| 852 | Mileski, Kenneth |
| 852 | Mileski, Kenneth |
| 853 | Mileski, Kyle |
| 853 | Mileski, Kyle |
| 854 | Miller, Jack |
| 855 | Miller, Jake |
| 856 | Miller, John |
| 857 | Miller, Robert |
| 858 | Miller, Ryan |
| 859 | Millet, Thomas |
| 860 | Millin, Bradley |
| 861 | Millis, Dustin |
| 862 | Minnich, Derek |
| 863 | Minnich, Joshua |
| 864 | Miranda, Antonio |
| 865 | Mishler, Mark |
| 866 | Mitchell, Darion |
| 867 | Mitchell, Dennis |
| 868 | Mitchell, Jeffrey |
| 869 | Mittnacht, Trae |
| 870 | Moe, Michael |
| 871 | Moen, James |
| 872 | Moldenhauer, Tyler |
| 873 | Moll, Kelly |
| 874 | Moncrief, Kenneth |
| 875 | Monte, Richard |
| 876 | Montevideo, Devin |
| 876 | Montevideo, Devin |
| 877 | Moody, Patrick |
| 878 | Moon, Daniel |

Exhibit C

Settlement Agreement Group
WI Deduction Claim

| 879 | Moore, Curtis |
|-----|---------------|
| 880 | Moore, Dan |
| 881 | Moore, Thomas |
| 882 | Moorhouse, Brett |
| 883 | Moran, Fernando |
| 884 | Morford Sr, Scott |
| 885 | Morris, Richard |
| 886 | Morris, William |
| 887 | Morschauser, Ronald |
| 888 | Morse, Marcus |
| 889 | Mosehart, Jarrod |
| 890 | Moua, Ko |
| 890 | Moua, Ko |
| 891 | Moua, Thor |
| 892 | Moulton, Mike |
| 893 | Moystner, Romy |
| 894 | Moystner, Seth |
| 895 | Moystner, Thomas |
| 896 | Mueller, Daniel |
| 897 | Mueller, Duane |
| 898 | Mueller, Matthew |
| 899 | Muhasky, David |
| 900 | Muir, Patrick |
| 901 | Mullikin, Keith |
| 902 | Mundth, Jerrad |
| 903 | Munisteri, Justin |
| 904 | Murphy, Chad |
| 905 | Murphy, Timothy |
| 906 | Murray, Abel |
| 907 | Murray, Joseph |
| 908 | Murray,Jan |
| 909 | Myshka, John |
| 910 | Nahorniak, Michael |
| 911 | Nashton, Alex |
| 912 | Nehring, Steven |
| 913 | Neibauer, Randy |
| 914 | Nelson, Anthony |
| 915 | Nelson, Robert |
| 916 | Nemec, Scott |
| 917 | Nemeth, Shawn |
| 918 | Nennig, James |
| 919 | Nett, Scott |
| 920 | Neuens, Nicholas |
| 921 | Neuens, Roger |
| 922 | Newman, Brendan |
| 923 | Nicholson, Brian |
| 924 | Nicholson, Joseph |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 925 | Nicholson, Peter |
| 926 | Niemeyer, John |
| 927 | Nigbor, Dana |
| 928 | Noel, Jason John |
| 929 | Nofodji, Kokouvi |
| 929 | Nofodji, Kokouvi |
| 930 | Nolan, Michael |
| 931 | Northup, Shawn |
| 931 | Northup, Shawn |
| 932 | Notbusch, Jennifer |
| 933 | Novak, Andrew |
| 934 | Novak, Andrew |
| 935 | Novy, Jason |
| 936 | Nowak, James |
| 937 | Nunke, Jason |
| 938 | Nurse, Kurt |
| 939 | O'Connor, Sean |
| 940 | O'Keefe, Nathan |
| 941 | Olinger, Christopher |
| 942 | Olmstead, Timothy |
| 943 | Olsen, Michael |
| 944 | Olson, Benjamin |
| 945 | Olson, Brian |
| 946 | Olson, Eric |
| 947 | Olson, Joshua |
| 948 | Olson, Samuel |
| 949 | Olson, Tracy |
| 950 | Omernik, Michael |
| 951 | O'Neil, Mark |
| 952 | Orlopp. Michael |
| 953 | O'Rourke, Ryan |
| 954 | Otero, Sean |
| 955 | Otto, Charles |
| 956 | Paasch, Charles |
| 957 | Packard, Ronald |
| 958 | Paff, Thomas |
| 959 | Pagel, Justin |
| 960 | Pahl, Kris |
| 961 | Pahnke, Brian |
| 962 | Palazzo, Jason |
| 963 | Pallock, Mitch |
| 964 | Palmer, Casey |
| 965 | Pamonicutt, Martin |
| 966 | Pann, Eric |
| 967 | Parker, Herbert |
| 968 | Parkinson, Erin |
| 969 | Parsons, Mark |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 970 | Partlo, Wesley |
| 971 | Pate, Kenneth |
| 972 | Paulson, Eric |
| 973 | Pautz, Chadwick |
| 974 | Pavelich, Curtis |
| 975 | Payne, Samuel |
| 976 | Pedersen, David |
| 977 | Peete, Elandis |
| 978 | Peloquin, Troy |
| 979 | Penigar, Jacey |
| 980 | Perdue, Masean |
| 980 | Perdue, Masean |
| 981 | Perschke, Klaus |
| 982 | Petasek, Matt |
| 983 | Peterman, Robert |
| 984 | Peters, Darrel |
| 985 | Peters, David |
| 986 | Peterson, Clint |
| 987 | Peterson, Jacob |
| 988 | Peterson, James |
| 989 | Petitjean, Toby |
| 990 | Petrick, Scion |
| 991 | Pfaff, Darin |
| 992 | Pfalzgraf, Brian |
| 993 | Pfeifer, Christopher |
| 994 | Pfile, Damon |
| 995 | Pfisthner, Mark |
| 996 | Phelps, Gary |
| 997 | Philippi, Peter |
| 998 | Phillips, Christian |
| 999 | Piechocki, James |
| 1000 | Pierce, Todd |
| 1001 | Pierog, David |
| 1002 | Pinkham, Steve |
| 1003 | Pinkston, Jason |
| 1004 | Piontek, Shane |
| 1005 | Piotrowski, Michael |
| 1006 | Pitsch, Mark |
| 1007 | Plinske, David |
| 1008 | Pointer, Doug |
| 1009 | Polacek, Glenn |
| 1010 | Ponchaud, Aaron |
| 1011 | Pond, David |
| 1012 | Pool, Tony |
| 1013 | Poole, Daniel |
| 1014 | Porter, Kent |
| 1015 | Potochich, Jesse |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1016 | Potter, Steve |
|------|---------------|
| 1017 | Potts, Brett |
| 1018 | Powers, Jeffrey |
| 1019 | Powers, Steven |
| 1020 | Pratsch, Peter |
| 1021 | Pratt, Merritt |
| 1021 | Pratt, Merritt |
| 1022 | Prentice, James |
| 1023 | Preston, Stuart |
| 1024 | Prickett, William |
| 1025 | Prieve, Michael |
| 1026 | Prince, Benjamin |
| 1027 | Prince, James |
| 1028 | Proctor, Seth |
| 1029 | Prokash, Scott |
| 1030 | Proudian, Thomas |
| 1031 | Prue, Charles |
| 1032 | Purnell, Derrick |
| 1033 | Pyles, Anthony |
| 1034 | Quade, Justin |
| 1035 | Quaintance, Chris |
| 1036 | Quinchia, Michael |
| 1037 | Quinn, Matt |
| 1038 | Quintero, Juan |
| 1039 | Raab Burke, Josh |
| 1040 | Raboin, Joseph |
| 1041 | Race, Cody |
| 1042 | Radosevich, John |
| 1043 | Radosta, Jerrod |
| 1044 | Raduenz, Randy |
| 1045 | Rahm, Brent |
| 1046 | Rakow, Ted |
| 1047 | Ramsdell, Chad |
| 1048 | Ramsey, Jeff |
| 1049 | Rasmussen, Tyler |
| 1050 | Rasmusson, Tyrone |
| 1051 | Rataczak, Barry |
| 1052 | Ray, Radjoe |
| 1053 | Rebane-Onson, Justin |
| 1054 | Reddy, Tim |
| 1055 | Reetz, Troy |
| 1055 | Reetz, Troy |
| 1056 | Reeves, Eric |
| 1057 | Rehwinkel, Seth |
| 1058 | Reichenberger, Keith |
| 1059 | Reid, Steven |
| 1060 | Reilly, Patrick |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1061 | Reinhardt,Shawn |
|------|------------------|
| 1062 | Reinhold, Regnald |
| 1063 | Reinke, Grant |
| 1064 | Reitz,Albert |
| 1065 | Renier, Jacob |
| 1066 | Rentmeester, Jeremy |
| 1067 | Retzlaff, Robert |
| 1068 | Reynolds, Ryan |
| 1069 | Rhinehart, Matthew |
| 1070 | Rhoades, Michael |
| 1071 | Ricard, Robert |
| 1072 | Richard, Rod |
| 1073 | Richardson, Michael |
| 1074 | Richgels, Nolan |
| 1075 | Rickaby, Geoffrey |
| 1076 | Riley, JW |
| 1077 | Rindt, Tyrone |
| 1078 | Ringer, Casey |
| 1079 | Ripley, Richard |
| 1080 | Risch, Ryan |
| 1081 | Risen, Rick |
| 1082 | Rivera, Danny |
| 1083 | Rivest, Mike |
| 1084 | Rizer, Terry |
| 1085 | Robare, Dustin |
| 1086 | Roberts, James |
| 1086 | Roberts, James |
| 1087 | Rodefer, Robert John |
| 1088 | Rodriguez, Abraham |
| 1088 | Rodriguez, Abraham |
| 1089 | Rodriguez, Nelson |
| 1090 | Rogalski, Joseph |
| 1091 | Rogers, Steve |
| 1092 | Roman, Jennifer |
| 1093 | Roman-Bravo, Ervin |
| 1094 | Roper, Lawrence |
| 1095 | Roshell, Daniel |
| 1096 | Rosin, Bruce |
| 1097 | Ross, Brian |
| 1098 | Roth, Dustin |
| 1099 | Roth, Trampas |
| 1100 | Roubal, Mitch |
| 1101 | Rouse, Bradley |
| 1102 | Roussel, William |
| 1103 | Rowley,Frederick |
| 1104 | Rucinski, Daniel |
| 1105 | Ruesch, Scott |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1106 | Rugg, Burton |
| 1107 | Rule, Stephen |
| 1108 | Runyon, Robert |
| 1109 | Rupnow, Kenneth |
| 1110 | Rupnow, Ronald |
| 1111 | Rutter, Kenneth |
| 1112 | Ryba, Shannon |
| 1113 | Ryckman, David |
| 1114 | Ryczek, Edmund |
| 1115 | Ryer, Richard |
| 1116 | Rykal, Caleb |
| 1117 | Saack, James |
| 1118 | Sabala, Marcelo |
| 1119 | Sachse, Luke |
| 1120 | Sadek, Crystal |
| 1121 | Safari, Ahmad |
| 1122 | Saindon, Joseph |
| 1123 | Salazar, Roberto |
| 1124 | Salinas, Marcos |
| 1125 | Sanchez, Jorge |
| 1126 | Sandberg, Donald |
| 1127 | Sanders, Anthony |
| 1128 | Sargent, Christopher |
| 1129 | Saunders, Steven |
| 1130 | Scalissi, Joe |
| 1131 | Scanlon, Dean |
| 1132 | Schaefer, Zachary |
| 1133 | Schaller, Meranda |
| 1134 | Scheidler, Tammy |
| 1135 | Schertz, Robert |
| 1136 | Schick, Jesse |
| 1137 | Schilling, Randy |
| 1138 | Schladweiler, Wade |
| 1139 | Schlesner, John |
| 1140 | Schmalz, Robert |
| 1141 | Schmidt, Michael |
| 1142 | Schmidt, Sara |
| 1143 | Schneider, Anthony |
| 1144 | Schneider, Billy |
| 1145 | Schneider, George |
| 1146 | Schoenheide, Gerald |
| 1147 | Scholzen, Howard |
| 1148 | Schoonover, Duane |
| 1149 | Schoonover, Scott |
| 1150 | Schoppen, James |
| 1151 | Schram, John |
| 1152 | Schrauth, Trevor |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1153 | Schreiber, Jan |
|------|----------------|
| 1154 | Schroeder, David |
| 1155 | Schulze, Edward |
| 1156 | Schumacher, Brian |
| 1157 | Schwab, Kevin |
| 1158 | Schwahert, Brian |
| 1159 | Schwamman, Corey |
| 1160 | Schwanebeck, Randy |
| 1161 | Schwichtenberg, James |
| 1162 | Schwind, Adam |
| 1163 | Scott, Matthew |
| 1164 | Seidel, Kirk |
| 1164 | Seidel, Kirk |
| 1165 | Seiler, Christopher |
| 1166 | Semrow, Richard |
| 1167 | Senjen, Stephen |
| 1168 | Serum, Jackson |
| 1169 | Sessions, Calder |
| 1170 | Severance, Adam |
| 1171 | Shackelford, Daniel |
| 1172 | Shafer, Malachi |
| 1173 | Sheehy, Robert |
| 1174 | Shefchik, Adam |
| 1175 | Shepard, Lee |
| 1176 | Sherwood, Michael |
| 1177 | Shoemaker, Eric |
| 1178 | Siegal,Joe |
| 1179 | Simon, Eugene |
| 1180 | Simon, Michael |
| 1181 | Simpson, Joe |
| 1182 | Sindicic, Justin |
| 1183 | Singleton, Steve |
| 1184 | Sinn, Daniel |
| 1185 | Skenadore, David |
| 1186 | Skog, Shane |
| 1187 | Skopik, Kevin |
| 1188 | Skubal, Chad |
| 1189 | Skulski, Chester |
| 1190 | Slaght, Frederick |
| 1191 | Slatky, Cole |
| 1192 | Slattery, Shawn |
| 1193 | Smart, Adam |
| 1194 | Smith, Brian |
| 1195 | Smith, Christopher |
| 1196 | Smith, Cory |
| 1197 | Smith, Darryl |
| 1198 | Smith, Gerald |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1199 | Smith, Kenneth |
| 1200 | Smith, Kevin |
| 1201 | Smith, Melvin |
| 1202 | Smith, Michael |
| 1203 | Smith, Richard |
| 1204 | Snyder, Richard |
| 1205 | Sorenson, Justin |
| 1206 | Sorenson, Scott |
| 1207 | Sorenson, Tyler |
| 1208 | Sowin, John |
| 1209 | Speich, Jason |
| 1210 | Spencer, Joseph |
| 1211 | Spigarelli, Brian |
| 1212 | Spinelli, Dino |
| 1213 | Spinhirne, James |
| 1214 | Spivey, Kenny |
| 1215 | Springstroh, Perry |
| 1216 | St Cyr, Tom |
| 1217 | St. Cyr, Laurie |
| 1218 | Stade, Charles |
| 1219 | Stafford, David |
| 1220 | Stafford, Ezra |
| 1221 | Stahl, Leonard |
| 1222 | Stai, Brad |
| 1223 | Stanford, Barry |
| 1224 | Stangl, Michael |
| 1225 | Stankiewicz, Nathan |
| 1226 | Staves, Bernie Jo |
| 1227 | Steege, Brad |
| 1228 | Stenger, Paul |
| 1229 | Stenroos, Quentin |
| 1230 | Stensrud, John |
| 1231 | Stensven, Steve |
| 1232 | Sternard, Jeffrey |
| 1233 | Steves, Brian |
| 1234 | Stewart, Jason |
| 1235 | Stieber, Craig |
| 1236 | Stieber, Robert |
| 1237 | Stiglich, Mike |
| 1238 | Stine, William |
| 1239 | Stocks, Nathan |
| 1240 | Stofflet, Dana |
| 1241 | Stoikes, William |
| 1242 | Storlie, Jason |
| 1243 | Strand, Dennis |
| 1244 | Strauss, Joshua |
| 1245 | Strejc, Nicholas |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| | |
|---|---|
| 1246 | Strickland, Joseph |
| 1247 | Strizek, Andrei |
| 1248 | Stuer, Michael |
| 1249 | Sukowaty, Adam |
| 1250 | Sunita, Gary |
| 1251 | Suwyn, Daniel |
| 1252 | Swagger, Terry |
| 1253 | Swanson, Skipp |
| 1254 | Swille, Jesse |
| 1255 | Swille, Michael |
| 1256 | Swim, Jason |
| 1257 | Sylvester, Paul |
| 1258 | Szemborski, Jordan |
| 1259 | Talano, Mathew |
| 1260 | Tallman, Bob |
| 1261 | Taylor, Brent |
| 1262 | Taylor, Kevin |
| 1263 | Taylor, Ryan |
| 1264 | Tearman, Loren |
| 1265 | Tedesco, Chris |
| 1266 | Teichmiller, Justin |
| 1267 | Tello, Salvador |
| 1268 | Ternouth, Mike |
| 1269 | Thao, Meng |
| 1270 | Thao, Va |
| 1271 | Thielbar, Jeff |
| 1272 | Thom, Brian |
| 1273 | Thomas, Christopher |
| 1274 | Thomas, Robert |
| 1275 | Thompson, Brian |
| 1276 | Thompson, Josh |
| 1277 | Thompson, Morgan |
| 1278 | Thompson, Scott |
| 1279 | Thompson-Martin, Carlene |
| 1280 | Thorp, Joseph |
| 1281 | Thuemler, Kalin |
| 1282 | Thurber,Norman |
| 1283 | Thurk, Todd |
| 1284 | Tibbits, Keith |
| 1285 | Tiedeman, James |
| 1286 | Tillman, Shane |
| 1287 | Tilson, Angela |
| 1288 | Tipler, Daniel |
| 1289 | Todd, Alvin |
| 1290 | Tomasello, Benjamin |
| 1291 | Toutloff, Francis |
| 1292 | Tracy, Robert |

Exhibit C

Settlement Agreement Group
WI Deduction Claim

| 1293 | Trepanier, Erich |
|------|------------------|
| 1294 | Trepp, Erik |
| 1295 | Trevor, Keith |
| 1296 | Tripamer, James |
| 1297 | Tubbs, William |
| 1298 | Turnbill, Anthony |
| 1299 | Turner, Clifton |
| 1300 | Turner, Courtney |
| 1301 | Turner, Michael |
| 1302 | Turos, Dezso "Dosh" |
| 1303 | Tyne, Scott |
| 1304 | Urbach, Jeff |
| 1305 | Utley, Brian |
| 1306 | Utley, Eric |
| 1307 | Vail, Richard |
| 1308 | Vaini, Timothy |
| 1309 | Valley, Jeffrey |
| 1310 | Van De Hei, Joel |
| 1311 | Van Drisse, Brett |
| 1312 | Van Frachen, Jessie |
| 1313 | Van Horn, Joel |
| 1314 | Van Meter, Jacob |
| 1315 | Van Vleet, Larry |
| 1316 | Vande Leest, Paul |
| 1317 | VanderPol, Mark |
| 1318 | Vang, John |
| 1319 | Vang, Meng |
| 1320 | Vannetter, Chris |
| 1321 | Varner, Cliff |
| 1322 | Vasicek, Rudy |
| 1323 | Vegoe, Christopher |
| 1324 | Ver Bockel, Kevin |
| 1325 | Verheyen, Jason |
| 1326 | Vernig, Nate |
| 1327 | Vogel, Brian |
| 1328 | Vogel, Robert |
| 1329 | Volk, Nick |
| 1330 | Voss, Stephen |
| 1331 | Wacker, Justin |
| 1332 | Walker, Jimmie |
| 1333 | Walsh, David |
| 1334 | Walters, Joshua |
| 1335 | Wangen, Timothy |
| 1336 | Warlin, Eric |
| 1337 | Washbish, Michael |
| 1338 | Washburn, Michael |
| 1339 | Washburn, Mike |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1340 | Waydick, Jefrey |
|------|------------------|
| 1341 | Weber, Walter |
| 1342 | Webster, Lee |
| 1343 | Webster, Richard |
| 1344 | Webster, Robert |
| 1345 | Wegner, Jay |
| 1346 | Wegner, Ryan |
| 1347 | Wehrli, Jeff |
| 1348 | Weidner, Fritz |
| 1349 | Weiler, Wayne |
| 1350 | Weimert, Thomas |
| 1351 | Weinberger, John |
| 1352 | Weister, Jason |
| 1353 | Welch, Charles |
| 1354 | Welch, Wade |
| 1355 | Welchlin, Taran |
| 1356 | Wells, Michael |
| 1357 | Wellsandt, Randy |
| 1358 | Wellsandt, Tyler |
| 1359 | Wennesheimer, Thomas |
| 1360 | Wenzel, Curt |
| 1361 | Wenzel, Douglas |
| 1362 | Werner, Paul |
| 1363 | Wesoloski, Phillip |
| 1364 | West, Kelly |
| 1365 | Westfall, Kevin |
| 1366 | Westimayer, John |
| 1367 | Westphal, Mike |
| 1368 | Whalen, Scott |
| 1369 | White, Jeffery |
| 1370 | White, Stephan |
| 1371 | Whitley, William |
| 1372 | Wicker, Nicholas |
| 1373 | Wiebel, John |
| 1374 | Wilcox, Jeremy |
| 1375 | Wilcox, Richard |
| 1375 | Wilcox, Richard |
| 1376 | Wilkie, Ryan |
| 1377 | Wilmot, Jesse |
| 1378 | Wilson, Andrew |
| 1379 | Wilson, David |
| 1380 | Wilson, Frank |
| 1381 | Wilson, Wayne |
| 1382 | Wilund, Adam |
| 1383 | Winch, William |
| 1384 | Winkler, Andre |
| 1385 | Winkler, Michael |

Exhibit C
Settlement Agreement Group
WI Deduction Claim

| 1386 | Wisner, Randall |
|------|-----------------|
| 1387 | Withers, Michael |
| 1387 | Withers, Michael |
| 1388 | Witkowski, Todd |
| 1389 | Woeckener, William |
| 1390 | Woehler, Justin |
| 1391 | Wolff, Warren |
| 1392 | Wolfgram, Nicholas |
| 1393 | Wolslegel, Andrew |
| 1394 | Woodford, Tim |
| 1395 | Woodmansee, Kyle |
| 1396 | Woodruff, Jeremy |
| 1397 | Woodward, Dustin |
| 1398 | Wright, Chris |
| 1399 | Wussow, Richard |
| 1400 | Wynkoop, Gerrit |
| 1401 | Wyrwicki, James |
| 1402 | Xiong, Muachie |
| 1403 | Xiong, Stanley |
| 1404 | Xiong, Tou |
| 1405 | Yanda, Charles |
| 1406 | York, James "Mickey" |
| 1407 | York, Reginald |
| 1408 | Young, David |
| 1409 | Younger, Brian |
| 1410 | Yuenger, Andrew |
| 1411 | Zaddack, Brian |
| 1412 | Zais, Cory |
| 1413 | Zalabak, Emil |
| 1414 | Zambrano, Luis |
| 1415 | Zarda, William |
| 1416 | Zarnoth, Jonathan |
| 1417 | Zech, Tyler |
| 1418 | Zehren, Matthew |
| 1419 | Zelechowski, Richard |
| 1420 | Zeutzius, Daniel |
| 1421 | Ziegler, Jason |
| 1422 | Ziegler, Jason |
| 1423 | Zimmerman, Brad |
| 1424 | Zimpher, Andrew |
| 1425 | Zink, Albert |
| 1426 | Zittlow, John |

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**RICHARD WILCOX,**
**RICHARD D. MORRIS, and**
**DEWEY STEVENSON,**
on behalf of themselves and
all others similarly situated,

              Case No. 3:09-CV-659

       Plaintiffs,

   vs.

**ALTERNATIVE ENTERTAINMENT, INC. and**
**THOMAS BURGESS**

       Defendants.

---

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**PRELIMINARY STATEMENT**

1.   This is a collective and class action brought by Individual and

Representative Plaintiffs, Richard Wilcox ("Wilcox"), Richard D. Morris ("Morris"), and

Dewey Stevenson ("Stevenson") on their own behalf and on behalf of the members of

the proposed classes identified below. Wilcox, Morris, Stevenson and members of the

putative classes were employed by Alternative Entertainment, Inc. ("Alternative

Entertainment") as satellite dish installers (also commonly referred to as Satellite

Technicians). The Plaintiffs and the members of the putative classes were paid on a

piece rate basis and were not paid overtime wages for the work they performed over

forty (40) hours a week, nor were they paid any compensation for their nonproductive labor. Further, Plaintiffs and the putative class members were regularly subject to "charge backs" for alleged faulty workmanship, lost or stolen property, or property damage despite Alternative Entertainment's lack of a prior written authorization to do so. Plaintiffs and putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1367.

3.     Venue is proper in the United States District Court for the Western District of Wisconsin because Alternative Entertainment operates a facility in this district and because the events giving rise to these claims occurred in this district.

## PARTIES

4.     Wilcox, a Representative Plaintiff, is an adult resident of Monona, Wisconsin. Wilcox was employed as a satellite dish installer by Alternative Entertainment and Thomas Burgess in Madison, Wisconsin, within the time period prescribed by the applicable statute of limitations. During the period relevant to this action, Wilcox owned the vehicle he used as a satellite dish installer, and was referred to as a "POV" or personally owned vehicle satellite dish installer. Wilcox

2

brings these claims on behalf of the Collective POV Overtime Class, the Collective POV Minimum Wage Class, the Wisconsin POV Overtime Class and the Wisconsin POV Minimum Wage Class.

5.      Morris, a Representative Plaintiff, is an adult resident of Reedsburg, Wisconsin. Morris is employed as a satellite dish installer by Alternative Entertainment and Thomas Burgess in Madison, Wisconsin, within the time period prescribed by the applicable statute of limitations. During the period relevant to this lawsuit, Morris operated a vehicle owned by Alternative Entertainment as a satellite dish installer. During the period he operated a vehicle owned by Alternative Entertainment, Morris was referred to as a "COV" or company owned vehicle satellite dish installer. Morris brings these claims on behalf of the Collective COV Overtime Class, the Collective COV Minimum Wage Class, the Wisconsin COV Overtime Class, the Wisconsin COV Minimum Wage Class and the Wisconsin Unlawful Deduction Class.

6.      Stevenson, a representative plaintiff, is an adult resident of Bitely, Michigan.  Stevenson was employed by Alternative Entertainment in Michigan as a satellite dish installer within the preceding three years.  On one or more occasions, Stevenson had charge backs deducted from his earnings without valid authorization.  During the period relevant to this action, Stevenson owned the vehicle he used as a satellite dish installer, and was referred to as a "POV" or personally owned vehicle satellite dish installer. Also during the period relevant to this action, Stevenson operated a vehicle owned by Alternative Entertainment as a

3

satellite dish installer.  During the period he operated a vehicle owned by Alternative Entertainment, Stevenson was referred to as a "COV" or company owned vehicle satellite dish installer.  Stevenson brings these claims on behalf of the Michigan POV and COV Overtime Classes, the Michigan POV and COV Minimum Wage Classes and the Michigan Unlawful Deduction Class.  Stevenson, Morris and Wilcox are referred to collectively as "The Named Plaintiffs."

      7.    Wilcox brings this action on behalf of himself and on behalf of the Collective POV Overtime Class pursuant to 29 U.S.C. § 216(b). Wilcox's consent form was previously filed as Exhibit A to Plaintiff's complaint. Dkt.1. The **Collective POV Overtime Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Alternative Entertainment, Inc. and/or Thomas Burgess as a satellite dish installer, and who operated a personally owned vehicle as a satellite dish installer, who were denied overtime wages at any time during the past three years.

      8.    Wilcox brings this action on behalf of himself and on behalf of the Collective POV Minimum Wage Class pursuant to 29 U.S.C. § 216(b). The **Collective POV Minimum Wage Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Alternative Entertainment, Inc. and/or Thomas Burgess as a satellite dish installer, and who operated a personally owned vehicle as a satellite dish installer, who were denied payment of the minimum wage at any time during the past three years.

      9.    Morris brings this action on behalf of himself and on behalf of the Collective COV Overtime Class pursuant to 29 U.S.C. § 216(b). The Collective COV Overtime Class and the Collective POV Overtime Class are referred to collectively

4

as the Collective Overtime Classes. Morris' consent is filed as Exhibit A to Plaintiff's

Second Amended Collective and Class Action Complaint. The **Collective COV**

**Overtime Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. and/or Thomas Burgess as a satellite
> dish installer and who operated a company owned vehicle
> as a satellite dish installer, who were denied overtime
> wages at any time during the past three years.

10.    Morris brings this action on behalf of himself and on behalf of the

Collective COV Minimum Wage Class pursuant to 29 U.S.C. § 216(b). The

Collective COV Minimum Wage Class and the Collective POV Minimum Wage

Class are referred to collectively as the Collective Minimum Wages Classes. Morris'

consent is filed as Exhibit A to Plaintiff's Second Amended Collective and Class

Action Complaint. The **Collective COV Minimum Wage Class** of similarly situated

employees is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. and/or Thomas Burgess as a satellite
> dish installer, and who operated a company owned vehicle
> as a satellite dish installer, who were denied payment of
> the minimum wage at any time during the past three years.

11.    Wilcox brings this action on behalf of himself and on behalf of the

Wisconsin POV Overtime Class pursuant to Fed. R. Civ. P. 23. The **Wisconsin POV**

**Overtime Class** is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. in Wisconsin as a satellite dish
> installer, and who operated a personally owned vehicle as a
> satellite dish installer, who were denied overtime wages at
> any time during the past two years.

12. Wilcox brings this action on behalf of himself and on behalf of the Wisconsin POV Minimum Wage Class pursuant to Fed. R. Civ. P. 23. The **Wisconsin POV Minimum Wage Class** is defined as:

> All persons who have been or are employed by Alternative Entertainment, Inc. in Wisconsin as a satellite dish installer, and who operated a personally owned vehicle as a satellite dish installer, who were denied payment of the minimum wage at any time during the past two years.

13. Morris brings this action on behalf of himself and on behalf of the Wisconsin COV Overtime Class pursuant to Fed. R. Civ. P. 23. The **Wisconsin COV Overtime Class** is defined as:

> All persons who have been or are employed by Alternative Entertainment, Inc. in Wisconsin as a satellite dish installer, and who operated a company owned vehicle as a satellite dish installer, who were denied overtime wages at any time during the past two years.

14. Morris brings this action on behalf of himself and on behalf of the Wisconsin COV Minimum Wage Class pursuant to Fed. R. Civ. P. 23. The **Wisconsin COV Minimum Wage Class** is defined as:

> All persons who have been or are employed by Alternative Entertainment, Inc. in Wisconsin as a satellite dish installer, and who operated a company owned vehicle as a satellite dish installer, who was denied payment of the minimum wage at any time during the past two years.

15(a). Morris brings this action on behalf of himself and on behalf of the Wisconsin Unlawful Deduction Class pursuant to Fed. R. Civ. P. 23. The **Wisconsin Unlawful Deduction Class** is defined as:

> All Alternative Entertainment, Inc. satellite dish installers in Wisconsin who have had a charge back deducted from

6

his/her paycheck by Alternative Entertainment, Inc. for
allegedly defective or faulty workmanship, lost or stolen
property or damage to property, at any time during the
past six years.

15(b).  Stevenson brings this action on behalf of himself and on behalf of the
Michigan Unlawful Deduction Class pursuant to Fed. R. Civ. P. 23.  The Michigan
Unlawful Deduction Class is defined as:

> All Alternative Entertainment, Inc., satellite dish installers in Michigan
> who have had a charge back deducted from his/her paycheck by
> Alternative Entertainment, Inc., for allegedly defective or faulty
> workmanship, lost or stolen property or damage to property, at any time
> during the past three years.

15(c)  Stevenson brings this action on behalf of himself and on behalf of the

Michigan POV and COV Overtime Classes pursuant to Fed. R. Civ. P. 23. The

**Michigan POV Overtime Class** is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. in Michigan as a satellite dish
> installer, and who operated a personally owned vehicle as a
> satellite dish installer, who were denied overtime wages at
> any time during the past three years.

The **Michigan COV Overtime Class** is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. in Michigan as a satellite dish
> installer, and who operated a company owned vehicle as a
> satellite dish installer, who were denied overtime wages at
> any time during the past three years.

15(d)  Stevenson brings this action on behalf of himself and on behalf of the

Michigan POV and COV Minimum Wage Classes pursuant to Fed. R. Civ. P. 23.

The **Michigan POV Minimum Wage Class** is defined as:

> All persons who have been or are employed by Alternative
> Entertainment, Inc. in Michigan as a satellite dish

installer, and who operated a personally owned vehicle as a satellite dish installer, who were denied payment of the minimum wage at any time during the past three years.

The **Michigan COV Minimum Wage Class** is defined as:

All persons who have been or are employed by Alternative Entertainment, Inc. in Michigan as a satellite dish installer, and who operated a company owned vehicle as a satellite dish installer, who was denied payment of the minimum wage at any time during the past three years.

16.     Alternative Entertainment is a Wisconsin company with its principal place of business in Seymour, Wisconsin. On information and belief, Alternative Entertainment employs satellite dish installers in Wisconsin and Michigan who install "Dish Network" satellite dishes. Alternative Entertainment is an "employer" within the meaning of 29 U.S.C. § 203(d), Mich.Comp.Laws Chapter 408, Wis. Stat. §§ 103.001(6) and 104.01(3). Alternative Entertainment's registered agent of service is Brick N. Murphy, 231 South Adams Street, Green Bay, Wisconsin 54301.

17.     Thomas Burgess (Burgess) is the president, and co-owner of Alternative Entertainment, Inc. Burgess resides at 1360 Fox River Drive, De Pere, Wisconsin 54115. Burgess is involved in the day to day operations of Alternative Entertainment, Inc., and exercises authority and control over its employees. Burgess is an "employer" within the meaning of 29 U.S.C. § 203(d).

18.     Alternative Entertainment is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

## CLASS ALLEGATIONS

19.     Wilcox and Morris bring the Third and Fourth Claims for Relief on their own behalf and on behalf of the **Wisconsin Overtime POV Class,** the **Wisconsin COV Overtime Class** (collectively the Wisconsin Overtime Classes), the **Wisconsin POV Minimum Wage Class,** and the **Wisconsin COV Minimum Wage Class** (collectively the Wisconsin Minimum Wage Classes) defined in Paragraphs 9-13 <u>supra</u>, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. Morris brings the Fifth Claim for Relief on his own behalf and on behalf of the **Wisconsin Unlawful Deduction Class**, defined in Paragraph 15(a) <u>supra</u>, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  Stevenson brings the Sixth Claim for Relief on his own behalf and on behalf of the Michigan Unlawful Deduction Class, defined in paragraph 15(b), pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Stevenson brings the Seventh Claim for Relief on his own behalf and on behalf of the Michiga**n Overtime POV Class,** the Michiga**n COV Overtime Class** (collectively the Michigan Overtime Classes), and brings the Eighth Claim for Relief on his own behalf and on behalf of the Michiga**n POV Minimum Wage Class,** and the **Michigan COV Minimum Wage Class** (collectively the Michigan Minimum Wage Classes) defined in paragraphs 15(c) and (d), pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

20.     The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such

persons is unknown, upon information and belief, Alternative Entertainment has

employed hundreds of people who satisfy each class definition.

21.    There are questions of law and fact common to the Wisconsin and

Michigan Overtime Classes that predominate over any questions solely affecting

individual members of these classes, including, but not limited to:

      (a)    Whether Alternative Entertainment unlawfully failed to pay overtime compensation in violation of and within the meaning of Wisconsin Statute § 103.03, Wisconsin Administrative Code § DWD 274.03 and Mich. Comp. Laws § 408.394;

      (b)    The nature and amount of compensable work performed by the Named Plaintiffs and members of the putative Wisconsin and Michigan Overtime Classes;

      (c)    Whether the Named Plaintiffs and members of the putative Wisconsin and Michigan Overtime Classes are exempt from overtime compensation under Wisconsin or Michigan law;

      (d)    Whether Alternative Entertainment employed the Named Plaintiffs and members of the putative Wisconsin and Michigan Overtime Classes within the meaning of Wisconsin or Michigan law; and

      (e)    The proper measure of damages sustained by the Wisconsin and Michigan Overtime Classes.

22.    There are questions of law and fact common to the Wisconsin and

Michigan Minimum Wage Classes that predominate over any questions solely

affecting individual members of these classes, including, but not limited to:

      (a)    Whether Alternative Entertainment unlawfully failed to pay minimum wage compensation in violation of and within the meaning of Wisconsin

Statute § 104.01(3) and Mich. Comp. Laws § 408.393 .

(b) The nature and amount of compensable work performed by the Named Plaintiffs and members of the putative Wisconsin and Michigan Minimum Wage Classes;

(c) Whether Alternative Entertainment employed the Named Plaintiffs and members of the Wisconsin and Michigan Minimum Wage Classes within the meaning of Wisconsin or Michigan law; and

(d) The proper measure of damages sustained by the Wisconsin and Michigan Minimum Wage Classes.

23. There are questions of law and fact common to the Wisconsin Unlawful Deduction Class and to the Michigan Unlawful Deduction Class that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether Alternative Entertainment deducted, or charged back, wages from the Plaintiffs and putative class members for alleged defective or faulty workmanship, lost or stolen property or damage to property;

(b) Whether the Plaintiffs or putative class members provided valid authorizations to Alternative Entertainment to make deductions in paragraph (a) supra;

(c) The proper measure of damages sustained by the Wisconsin Unlawful Deduction Class and the Michigan Unlawful Deduction Class.

24. The Named Plaintiffs' claims are typical of those of the Wisconsin and Michigan Overtime Classes. The Named Plaintiffs, like other members of the putative Wisconsin and Michigan Overtime Classes, were subjected to Alternative

11

Entertainment's policy and practice of refusing to pay overtime in violation of Wisconsin and Michigan law. The Named Plaintiffs' job duties were and are typical of those of other Wisconsin and Michigan Overtime Class members.

25.    The Named Plaintiffs' claims are typical of those of the Wisconsin and Michigan Minimum Wage Classes. The Named Plaintiffs, like other putative members of the Wisconsin and Michigan Minimum Wage Classes, were subjected to Alternative Entertainment's policy and practice of maintaining an illegal piece rate pay method whereby during those weeks where the number of hours worked and total compensation earned resulted in payment of less than the minimum wage for every hour worked, no additional compensation was provided to the Named Plaintiffs or members of the putative classes. Further, under this policy, the Named Plaintiffs and members of the putative classes were denied any wages for their nonproductive work hours.

26(a).  Morris' claims are typical of those of the Wisconsin Unlawful Deduction Class. Morris, like other putative Wisconsin Unlawful Deduction Class members, was subjected to Alternative Entertainment's policy and practice of making deductions for alleged faulty workmanship, lost or stolen property or damage to property, either without the prior written authorization of the employee, or based upon a coerced authorization.

26(b).  Stevenson's claims are typical of those of the Michigan Unlawful Deduction Class.  Stevenson, like other putative Michigan Unlawful Deduction Class members, was subjected to Alternative Entertainment's policy and practice of

12

making deductions for alleged faulty workmanship, lost or stolen property or damage to property, either without prior written authorization of the employee, or based upon a coerced authorization.

27.     Wilcox, Morris and Stevenson will fairly and adequately protect the interests of the Wisconsin and Michigan Overtime Classes, the Wisconsin and Michigan Minimum Wage Classes, the Wisconsin Unlawful Deduction Class and the Michigan Unlawful Deduction Class.  Wilcox, Morris and Stevenson have retained counsel experienced in complex wage and hour litigation, including numerous other class and collective action matters before this Court.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

29.     Class certification of the Claims for Relief is appropriate under 29 U.S.C. § 216  and Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to these classes predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Alternative Entertainment's common and uniform policies and practices denied the class members pay to which they are entitled.  The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation.  In

13

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Alternative Entertainment's pay practices.

30.    Wilcox, Morris and Stevenson intend to send notice to all members of the classes to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

31.    Wilcox and Morris individually and on behalf of the Collective Overtime Classes re-allege and incorporate by reference the allegations in the preceding paragraphs.

32.    Alternative Entertainment is an employer within the meaning of 29 U.S.C. §§ 203(d) and (g).

33.    Thomas Burgess is an employer within the meaning of 29 U.S.C. §§ 203(d) and (g).

34.    The Named Plaintiffs and the members of the Collective Overtime Classes are employees within the meaning of 29 U.S.C. § 203(e).

35.    The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

36.    During the applicable statute of limitations, the Named Plaintiffs and members of the Collective Overtime Classes were suffered and permitted by

14

Burgess and Alternative Entertainment, Inc. to perform work in excess of forty (40) hours per week without receiving overtime compensation.

37.    These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, the Named Plaintiffs and members of the Collective Overtime Classes have suffered a wage loss.

38.    Burgess and Alternative Entertainment knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiffs and members of the Collective Overtime Classes overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA

39.    Wilcox and Morris individually and on behalf of the Collective Minimum Wage Classes re-allege and incorporate by reference the allegations in the preceding paragraphs.

40.    The FLSA requires each covered employer to compensate all employees at a rate not less than the federal minimum wage for all hours worked.

41.    During the applicable statute of limitations, the Named Plaintiffs and members of the Collective Minimum Wage Classes were suffered and permitted by Alternative Entertainment and Burgess to perform work for which they received less than the federal minimum wage, including any nonproductive work they performed.

42.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 206. Because of these violations, the Named Plaintiffs and members of the Collective Minimum Wage Classes have suffered a wage loss.

43.     Burgess and Alternative Entertainment knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiffs and members of the Collective Minimum Wage Classes minimum wage compensation in violation of the FLSA.

<u>THIRD CLAIM FOR RELIEF</u>:
FAILURE TO PAY OVERTIME COMPENSATION
IN VIOLATION OF WISCONSIN LAW

44.     Wilcox and Morris individually and on behalf of the Wisconsin Overtime Classes re-allege and incorporate by reference the allegations in the preceding paragraphs.

45.     The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, and Wisconsin Administrative Code § DWD 274.03.

46.     At all relevant times, Alternative Entertainment has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.001. At all relevant times, Alternative Entertainment has employed, and/or continues to employ, "employee[s]," including the named Plaintiffs and the members of the putative Wisconsin Overtime Classes, within the meaning of Wis. Stat. § 103.001.

47.     At all relevant times, the Named Plaintiffs and members of the putative Wisconsin Overtime Classes were Alternative Entertainment employees, within the meaning of Wis. Stat. § 103.001(5).

16

48.     Section 103.02, Wis. Stat., and Wisconsin Administrative Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees. The Named Plaintiffs and members of the putative Wisconsin Overtime Classes are not exempt from overtime pay requirements under Wisconsin law.

48.     At all relevant times, Alternative Entertainment had a policy and practice of failing and refusing to pay overtime pay to the Named Plaintiffs and members of the putative Wisconsin Overtime Classes for their hours worked in excess of forty (40) hours per workweek.

49.     As a result of Alternative Entertainment's willful failure to pay overtime wages earned and due to the Named Plaintiffs and the members of the putative Wisconsin Overtime Classes, Alternative Entertainment has violated, and continues to violate Wis. Stat. §§ 103.03, 109.03, and Wisconsin Administrative Code § DWD 274.03.

50.     The Named Plaintiffs, on behalf of themselves and members of the putative Wisconsin Overtime Classes, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Alternative Entertainment, as provided by Wis. Stat. § 109.03(6).

51.     The Named Plaintiffs, on behalf of themselves and members of the putative Wisconsin Overtime Classes, seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and Wisconsin Administrative Code § DWD 274.03, and any penalties due under Wis.

Stat. § 109.11, as well as such other legal and equitable relief from Alternative

Entertainment's unlawful and willful conduct as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF:
### FAILURE TO PAY MINIMUM WAGE COMPENSATION
### IN VIOLATION OF WISCONSIN LAW

52.    Wilcox and Morris individually and on behalf of the Wisconsin

Minimum Wage Classes re-allege and incorporate by reference the allegations in

the preceding paragraphs.

53.    Section 104.02, Wis. Stat., requires that every wage paid or agreed to

be paid by an employer to an employee shall be not less than the living wage.

54.    During their employment with Alternative Entertainment, and within

the applicable statute of limitations, the Named Plaintiffs and the members of the

putative Wisconsin Minimum Wage Classes were suffered and permitted to work

hours for which they were not compensated at least the minimum rate as prescribed

by Wisconsin Administrative Code § DWD 272.03, including all nonproductive work

they performed.

55.    These practices violate Wis. Stat. § 104.03. As a result of these

unlawful practices, the Named Plaintiff and the members of the putative Wisconsin

Minimum Wage Classes have suffered a wage loss.

56.    The Named Plaintiffs, on behalf of themselves and members of the

putative Wisconsin Minimum Wage Classes, seek damages in the amount of the

unpaid wages earned and due as provided by Wis. Stat. §§ 104.11 and 109.03, and

any penalties due under Wis. Stat. § 109.11, as well as such other legal and

equitable relief from Alternative Entertainment's unlawful and willful conduct as the Court deems just and proper.

### FIFTH CLAIM FOR RELIEF:
### UNLAWFUL DEDUCTIONS IN VIOLATION OF WISCONSIN LAW

57.     Morris individually and on behalf of the Wisconsin Unlawful Deductions Class alleges and incorporates by reference the allegations in the preceding paragraphs.

58.     Section 103.455, Wis. Stat., requires an employer to gain written authorization from an employee prior to deducting wages from that employee for alleged defective or faulty workmanship, lost or stolen property or damage to property.

59.     Plaintiffs and the putative Wisconsin Unlawful Deductions Class were subject to Alternative Entertainment's policy of deducting wages, characterized as "charge backs," for alleged defective or faulty workmanship, lost or stolen property or damage to property.

60.  Alternative Entertainment did not obtain the written authorization of the Plaintiffs or putative Wisconsin Unlawful Deductions Class members prior to making "charge backs" or obtained coerced authorizations.

61.  As a result of Alternative Entertainment's unlawful "charge back" policy, Morris and the putative Wisconsin Unlawful Deductions Class members have suffered a wage loss, wherefore they demand twice the amount of each "charge back" pursuant to Wis. Stat. § 103.455.

## SIXTH CLAIM FOR RELIEF: CONVERSION
## UNLAWFUL DEDUCTIONS UNDER MICHIGAN LAW

62.  Stevenson, individually and on behalf of the Michigan Unlawful Deduction Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

63.  Alternative Entertainment wrongly exercised dominion over the property of Stevenson and the Michigan Unlawful Deduction Class, when it deducted wages, characterized as "chargebacks", from the earnings of Stevenson and the Class for alleged defective or faulty workmanship, lost or stolen property or damage to property, or equipment purchases.

64.  Alternative Entertainment did not obtain the written authorization of Stevenson or putative Michigan Unlawful Deductions Class members prior to making "charge backs" or obtained coerced authorizations.

65.  As a result of taking money earned by Stevenson and the Class, as described above, Alternative Entertainment committed conversion under Michigan common law, and is therefore liable to Stevenson and the Michigan Unlawful Deductions Class for the value of the property taken at the time of the conversion, plus interest from the time of the conversion until final judgment is entered.

## SEVENTH CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF MICHIGAN LAW

66.  Stevenson individually and on behalf of the Michigan Overtime Classes re-alleges and incorporates by reference the allegations in the preceding paragraphs.

67.     The foregoing conduct, as alleged, violates Mich. Comp. Laws 483.384.

68.     At all relevant times, Alternative Entertainment has been, and continues to be, an "employer" within the meaning of Mich. Comp. Laws Ch. 483. At all relevant times, Alternative Entertainment has employed, and/or continues to employ, "employee[s]," including Stevenson and the members of the putative Michigan Overtime Classes, within the meaning of Mich. Comp. Laws Ch. 483.

69.     At all relevant times, Stevenson and members of the putative Michigan Overtime Classes were Alternative Entertainment employees, within the meaning of Mich. Comp. Laws Ch. 483.

70.     Mich. Comp. Laws Ch. 483 requires an employer to pay overtime compensation to all non-exempt employees.  The Stevenson and members of the putative Michigan Overtime Classes are not exempt from overtime pay requirements under Michigan law.

71.     At all relevant times, Alternative Entertainment had a policy and practice of failing and refusing to pay overtime pay to the Stevenson and members of the putative Michigan Overtime Classes for their hours worked in excess of forty (40) hours per workweek.

72.     As a result of Alternative Entertainment's willful failure to pay overtime wages earned and due to the Stevenson and the members of the putative Michigan Overtime Classes, Alternative Entertainment has violated, and continues to violate Mich. Comp. Laws 483.384.

73.    Stevenson, on behalf of himself and members of the putative Michigan Overtime Classes, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Alternative Entertainment, as provided by Mich. Comp. Laws Ch. 483.

74.    Stevenson, on behalf of himself and members of the putative Michigan Overtime Classes, seek damages in the amount of the unpaid wages earned and due as provided by Mich. Comp. Laws Ch. 483 as well as such other legal and equitable relief from Alternative Entertainment's unlawful and willful conduct as the Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGE COMPENSATION
## IN VIOLATION OF MICHIGAN LAW

75.    Stevenson individually and on behalf of the Michigan Minimum Wage Classes re-allege and incorporate by reference the allegations in the preceding paragraphs.

76.    Mich. Comp. Laws Ch. 483 requires that every wage paid or agreed to be paid by an employer to an employee shall be not less than the living wage.

77.    During their employment with Alternative Entertainment, and within the applicable statute of limitations, Stevenson and the members of the putative Michigan Minimum Wage Classes were suffered and permitted to work hours for which they were not compensated at least the minimum rate as prescribed by Mich. Comp. Laws Ch. 483, including all nonproductive work they performed.

78.     These practices violate Mich. Comp. Laws Ch. 483.  As a result of these unlawful practices, Stevenson and the members of the putative Michigan Minimum Wage Classes have suffered a wage loss.

79.     Stevenson, on behalf of himself and members of the putative Michigan Minimum Wage Classes, seek damages in the amount of the unpaid wages earned and due as provided by Mich. Comp. Laws Ch. 483, and any penalties due, as well as such other legal and equitable relief from Alternative Entertainment's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Richard Wilcox, Richard Morris and Dewey Stevenson, on behalf of themselves and all members of the Collective Classes and Rule 23 Classes pray for the following relief:

A.     An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.     An order certifying this action as a class action on behalf of the proposed Rule 23 Classes;

C.     An order designating Wilcox, Morris and Stevenson as the Named Plaintiffs and as representatives of the Rule 23 Classes;

D.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

23

E.    An order finding that Alternative Entertainment violated the FLSA, Wisconsin and Michigan wage and hour laws;

F.    An order finding that these violations were willful;

G.    Judgment against Alternative Entertainment in the amount equal to the Plaintiffs' and the Collective Classes' unpaid back wages at the applicable minimum wage and overtime rates;

H.    An award in the amount of all liquidated damages and penalties as provided under Wisconsin and Michigan law and the FLSA;

I.    An award equaling twice the amount of each illegal "charge back," pursuant to Wis. Stat. § 103.455.

J.    An award in the amount of all chargebacks taken from the Michigan Unlawful Deduction class during the preceding 3 years, plus interest.

K.    An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

L.    Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August XXX, 2010.

HAWKS QUINDEL, S.C.
Attorneys for Plaintiffs

By:_____*/s/ William E. Parsons*_____
          William E. Parsons, State Bar No. 1048594

24

Email: wparsons@hq-law.com
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

**AXLEY BRYNELSON, LLP**
Attorneys for Plaintiffs

By:_____*/s/ Michael J. Modl*_____
    Michael J. Modl, State Bar No. 1011419
    Email: mmodl@axley.com
    Timothy D. Edwards, State Bar No. 1036836
    Email: tedwards@axley.com
    Steven M. Streck, State Bar No. 1013070
    Email: sstreck@axley.com
    Post Office Box 1767
    Madison, Wisconsin 53701-1767
    Telephone: 608/257-5661
    Facsimile: 608/257-5444

**GINGRAS, CATES & LUEBKE, S.C.**
Attorneys for Plaintiffs

By:_____*/s/ Robert J. Gingras*_____
    Robert J. Gingras, State Bar No. 1002909
    Email: gingras@gcllawyers.com
    Michael J. Luebke, State Bar No. 1010307
    Email: luebke@gcllawyers.com
    Heath P. Straka, State Bar No. 1031351
    Email: straka@gcllawyers.com
    Post Office Box 1808
    Madison, Wisconsin 53701-1808
    Telephone: 608/833-2632
    Facsimile: 608/257-5444

<u>**EXHIBIT E**</u>

<u>**RICHARD WILCOX AND RICHARD MORRIS V. ALTERNATIVE
ENTERTAINMENT, INC., et al.**</u>

**NOTICE OF WAGE/HOUR CLASS ACTION SETTLEMENT, SETTLEMENT
HEARING AND CLAIMS PROCEDURE**

**To:  Technicians Employed By Alternative Entertainment, Inc. ("AEI") in
Wisconsin at any time between December 22, 2003 and August 6, 2010; and Technicians
Employed By AEI in Michigan at any time between October 29, 2006 and August 6, 2010.**

Based on information in AEI's records, you are a class member who may be entitled to participate and receive a substantial payment in the proposed settlement of claims asserted in the case captioned *Richard Wilcox, et al. v. Alternative Entertainment, Inc., et al.,* Case No. 09-CV-659 filed in the United States District Court for the Western District of Wisconsin (the "Civil Action").

Please read this Notice carefully.  It contains important information about your rights concerning the class action settlement described below.  As described more fully below, *see* Section 6.c., to participate in the settlement, **you must submit a properly completed Settlement Claim Form and Release of Claims postmarked by DATE** [60 days from the date of mailing].  If you fail to turn in a timely Settlement Claim Form and Release of Claims, you will not be entitled to receive any monetary distribution from the settlement.  If you do not want to participate in the settlement, and do not want to be bound by the Release described in Section 6.b., you must exclude yourself by mailing a letter informing the Claims Administrator of your intention to opt-out, postmarked by no later than [DATE].

Unless you "opt-out" of the Civil Action and the settlement by submitting a letter informing of your intention to opt-out postmarked by [DATE], you will be bound by the Release in Section 6.b., regardless of whether you submit a Settlement Claim Form and Release of Claims or receive money. *See* Section 9 below, for additional information. The law prohibits retaliation against current or former employees who participate in settlements.

**Important Deadlines:**

- Deadline for the Settlement Claim Form and Release of Claims: must be postmarked by DATE [60 days from the date of mailing];

- Deadline for the Opt-Out Letter: must be postmarked by [45 days from the date of mailing]

- Deadline for objecting to the settlement: must be postmarked by DATE [45 days from the date of mailing].

For assistance completing the enclosed Settlement Claim Form and Release of Claims or for assistance with related matters, please contact Class Counsel listed in Section 5 below.

This Notice explains the nature of the Civil Action and the terms of the settlement and informs you of your rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the Parties.

This Notice contains information about the following topics:

1.    What Is This Civil Action About?

2.    What Is A Class Action?

3.    What Is The Purpose Of This Notice?

4.    Who Is Included In The Civil Action?

5.    Who Is Class Counsel?

6.    Who is the Settlement Administrator

7.    What Are the Benefits And Terms Of the Proposed Settlement (including information about how you can participate in the Settlement)?

8.    When Is The Fairness Hearing To Approve Settlement?

9.    How Can You Object To The Proposed Settlement?

10.    How Can You Opt-out Of The Settlement?

11.    Submission of Deficient Claim Forms/Right to Cure

12.    How Can You Examine Court Records?

13.    What If You Have Questions?

**1.    What Is This Civil Action About?**

On or about October 29, 2009, Richard Wilcox, an employee of Alternative Entertainment, Inc. ("Plaintiff") brought this Civil Action, in which he claimed that AEI violated the Fair Labor Standards Act ("FLSA") and Wisconsin wage law by failing to pay employees overtime pay on some occasions. Plaintiff sought recovery of statutory damages, interest, attorneys' fees and costs, liquidated damages and other relief. The Plaintiff twice amended the Complaint to add other class representatives, Richard Morris and Dewey Stephenson, and to add claims that AEI violated the FLSA and Wisconsin and Michigan wage law by failing to pay

employees minimum wage and overtime pay on some occasions, and that AEI violated Wisconsin laws on payroll deductions and converted wages in Michigan for payroll deductions.

AEI has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Civil Action. To avoid the burden, expense, inconvenience, and uncertainty of continued Civil Action, however, AEI has concluded that it is in its best interests to resolve and settle the Civil Action by entering into a settlement agreement (the "Settlement").

The Civil Action is presently before Judge Barbara B. Crabb, United States District Judge for the United States District Court for the Western District of Wisconsin. Judge Crabb has not made any decision on the merits of Plaintiffs' claims. On [DATE], the Court certified Plaintiffs' classes for purposes of settlement and granted preliminary approval of the Settlement, subject to a fairness hearing which will take place on [DATE].

**2.      What Is A Class Action?**

A class action is a civil action in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "Plaintiffs" or "Class Representatives," file a civil action asserting claims on behalf of the entire class.

**3.      What Is The Purpose Of This Notice?**

Judge Crabb has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed settlement and of your rights, including:

- To inform you of how to claim your potential share of Settlement funds;

- To inform you of your right to "opt-out" of the settlement classes, and thereby preserve your ability to independently bring any claim that you might have; and

- To inform you of your right to file objections to the Settlement.

**4.      Who Is Included In The Civil Action?**

- **Wisconsin Overtime and Minimum Wage Class:** You are a Wisconsin Overtime/Minimum Wage Class Member if you were employed by AEI as a COV or POV technician at any time between October 29, 2006 and August 6, 2010 in Wisconsin.

- **Michigan Overtime and Minimum Wage Class:** You are a Michigan Overtime/Minimum Wage Class Member if you were employed by AEI as a COV or POV technician at any time between October 29, 2006 and August 6, 2010 in Michigan.

- **Wisconsin Deduction Wage Class:** You are a Wisconsin Deduction Wage Class Member if you were employed by AEI as technician at any time between December 22, 2003 and August 6, 2010 in Wisconsin.

- **Michigan Deduction Wage Class:** You are a Michigan Deduction Wage Class Member if you were employed by AEI as a technician at any time between October 29, 2006 and August 6, 2010 in Michigan.

- **It is possible that you may be a member of more than one of the above classes, and, if so, your claim will be valued accordingly.**

5.    <u>**Who Is Class Counsel?**</u>

The Court has approved and appointed three firms to represent all members of the Class. Class Counsel are:

William E. Parsons
David C. Zoeller
HAWKS QUINDEL, S.C.
P.O. Box 2155
Madison, Wisconsin 53701-2155
(800) 610-0040

Michael J. Modl
Timothy D. Edwards
Steven M. Streck
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, Wisconsin 53701-1767
(800) 368-5661

Robert J. Gingras
Michael J. Luebke
Heath P. Straka
GINGRAS, CATES & LUEBKE, S.C.
P.O. Box 1808
Madison, Wisconsin 53701-1808
(888) 357-7661

6.    <u>**Who Is the Settlement Administrator?**</u>

Rust Consulting, Inc. is administering the settlement claims process. Settlement Claim Forms must be returned to Rust Consulting, Inc., and must be postmarked by DATE. Please direct questions related to the case or the settlement to class counsel listed above.

Rust Consulting, Inc.
PO Box 461
Minneapolis, MN 55440-0461
Phone: 1-800-616-1486

**7.    What Are The Benefits And Terms Of The Proposed Settlement?**

Plaintiffs and Defendants have agreed to the Settlement summarized below. The complete terms and conditions of the proposed Settlement are on file with the Clerk of Court at the address listed below in Section 10.  The Parties' obligations under the Settlement Agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

a.    *What are the benefits of the settlement?*

Class Members who timely and properly complete and return the Settlement Claim Form and Release of Claims, as described in Section 6.c. below, may be entitled to a substantial payment.

b.    *What is the legal effect of participating in the settlement?*

If the Court grants final approval of the Settlement, in exchange for the promise of payment as set forth above, the claims asserted in the Civil Action will be dismissed with prejudice and Class Members who do not opt-out will fully release and discharge Defendants and/or Released Parties from all wage-related disputes (including related retaliation claims) and claims to the fullest extent allowed by law including but not limited to those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq*., the Michigan Wage Law, M.C.L. 408.381, *et. seq.*, the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. 408.471, *et. seq.*, Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 *et. seq.*, Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 *et seq.* and 274.01 *et seq.*, The Wisconsin Wage Deduction Statute, Wis. Stat. §103.455, The Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims of conversion which any such Class Member has or might have, known or unknown, of any kind whatsoever, and any claim for attorney's fees or costs associated with the released claims. The foregoing release does not include any wage related claims brought pursuant federal, state, or local anti-discrimination statutes or laws.

The exact terms of the Release in the Settlement Agreement read:

(A) Release of Claims – Class Members.  By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, , Class Counsel, and Class Representatives, on behalf of each individual Wisconsin Overtime/Minimum Wage Class Member, Michigan Overtime/Minimum Wage Class Member, Wisconsin Deduction Class Member, Michigan Deduction Class Member, Opt-In Class

5

Member and Class Representative hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and/or the Released Parties from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes (including related retaliation claims) and claims including but not limited to those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq., the Michigan Wage Law, M.C.L. 408.381, et. seq., the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. 408.471, et. seq., Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 et. seq., Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 et seq. and 274.01 et seq., The Wisconsin Wage Deduction Statute, Wis. Stat. §103.455, The Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims of conversion which any such Rule 23 Class Member or Class Representative has or might have, known or unknown, of any kind whatsoever (the "Wage Classes Released Claims"). The foregoing release does not include any wage related claims brought pursuant to employment discrimination statutes or laws.

(B)     Release of Claims - Fees and Costs.  All Claimants, Class Counsel, and Class Representatives, on behalf of the classes and each individual Class Representative, Rule 23 Class Member and Opt-In Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants and the Released Parties for attorneys' fees and costs associated with Class Counsel's representation of the Class Representatives, the Rule 23 Class Members, or the Opt-In Class Members. Class Counsel has petitioned the Court for fees totaling 1/3 of the Maximum Settlement Amount of $2,330,000. Additionally, the parties have agreed that the Class Representatives shall receive payments for their assistance in prosecuting this lawsuit totaling no more than $25,000. Class Representatives and Class Counsel understand and agree that any fees and costs approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of Plaintiffs with regard to the Released Claims and/or the Class Representatives' Released Claims.

c.      *How can I receive a distribution in the settlement?*

If you wish to receive a distribution from the Settlement Fund, you must timely complete and return the enclosed Settlement Claim Form and Release of Claims according to instructions provided on the form, including a release of claims consistent with that set forth in Section 6.b of this Notice. The oath must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Settlement Claim Form and Release of Claims must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and must be postmarked by DATE[60 days from the date of mailing]. If you do not properly complete and timely submit the Settlement Claim Form and Release of Claims postmarked by DATE [60 days from the date of mailing], you will not be eligible to receive any monetary distribution. You should NOT complete the Settlement Claim Form and Release of Claims if you send in an opt-out letter. If you do submit both an opt-out letter and the Settlement Claim Form and Release of Claims, you will be eligible to receive your potential share of the settlement and will still be bound by all other terms of the Settlement.

8.    **When Is The Fairness Hearing To Approve The Settlement?**

The Court has granted preliminary approval of the proposed Settlement, concluding preliminarily that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement amount is fair, adequate, and reasonable. A hearing will be held to determine whether final approval of the Settlement should be granted. At the hearing, the Court will hear objections, if any, and arguments concerning the fairness of the proposed Settlement. The hearing will take place before Judge Crabb on [DATE] or as soon thereafter as practicable, in United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin 53701-0432.  The Court will also consider Class Counsel's application for fees and costs and the service payments sought by Class Representatives. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

**YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT. YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR OBJECTIONS. IF YOU WISH TO ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTENTION TO APPEAR AT THE FAIRNESS HEARING.**

9.    **How Can You Object To The Proposed Settlement?**

If you want to object to the Settlement, you must serve a written statement of the objection to class counsel, at the addresses listed in paragraph 5 above, and file it with the court at the following address:

United States District Court
Western District of Wisconsin
120 North Henry Street, Room 320
P.O. Box 432
Madison, WI 53701-0432

Your objection will not be heard unless it is mailed to the Class Counsel and Defense Counsel and filed with the court via First Class United State Mail, postage prepaid, and postmarked by DATE [45 days from the date of mailing]. The objection need not be in any specific form; a short and simple statement of your objection is sufficient. You do not need to be represented by counsel to object. If you wish to present your objection at the fairness hearing, you must state your intention to do so in your written objection.

### 10.    How Can You Opt-Out Of The Settlement?

You have the right to exclude yourself, and yourself only, from this Civil Action and Settlement. If you choose to exclude yourself, you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against Defendants, but you will not be eligible to receive the benefits of this Settlement. If you intend to exclude yourself, you must draft a letter stating "I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN WILCOX, ET AL. V. ALTERNATIVE ENTERTAINMENT, INC., ET AL., UNITED STATES DISTRICT COURT CASE, NO. 09-CV-00659, IN THE WESTERN DISTRICT OF WISCONSIN. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT." The Opt-Out letter must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked no later than [45 days from the date of mailing]. You should NOT mail a Opt-Out letter if you complete the Settlement Claim Form and Release of Claims. If you do submit both an Opt-Out letter and the Settlement Claim Form and Release of Claims, you will be eligible to receive your share of the settlement and will still be bound by all other terms of the Settlement.

### 11.    Submission of Deficient Claim Forms/Right to Cure

If any Class Member timely submits a deficient Claim Form, then, within fifteen (15) calendar days of the Settlement Administrator's receipt of such Claim Form, the Settlement Administrator shall send by first class mail a notice to such Class Member informing him or her of the deficiency and that he or she has twenty (20) calendar days from the date the notice is mailed to cure the deficiency. The Settlement Administrator will also copy (via email) Class Counsel and Defense Counsel with any such notices of deficiency. A response from the Class Member curing the deficiency must be in writing and must be postmarked and mailed within twenty (20) calendar days after the date the notice of deficiency is mailed to the Class Member in order to be considered a timely response. Any responses that are not timely shall not be considered, and the deficient Claim Form shall be null and void and shall not be accepted or processed.

### 12.    How Can You Examine Court Records?

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement

Agreement, you should visit the Clerk of Court US District Court, Western District of Wisconsin, 120 North Henry Street, Room 320, Madison, Wisconsin 53701-0432.  The Clerk will make all files relating to this Civil Action available to your for inspection and copying at your own expense.

**13.      What If You Have Questions?**

If you have questions about this Notice, or want additional information, you can contact Class Counsel at the phone numbers and addresses listed in Section 5 above. More information may be found at www.aeiclassaction.com.


Dated: [DATE].

**This Notice is sent to you by Order of the United States District Court for the Western District of Wisconsin. Unless filing an objection to the settlement, please do not contact the Court.** More information may be found at www.aeiclassaction.com.

# Exhibit F

TECHNICIAN SETTLEMENT CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
PO BOX 461
MINNEAPOLIS, MN 55440-0461

RETURN SERVICE REQUESTED

<<RUST BAR CODE PER CLASS MEMBER>>

NAME
ADDRESS
CITY STATE ZIP

CLAIM, OPT IN, WAIVER AND RELEASE FORM AND SUBSTITUTE W-9 FOR TECHNICIANS

**Richard Wilcox and Richard Morris v. Alternative Entertainment, Inc., et al.**

**You may be eligible for a substantial payment**, if you are a Class Member and you did not opt out of the settlement, and if you properly complete the SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS and timely mail it to the Claims Administrator. In order to be eligible to receive any portion of the settlement funds you MUST sign, date, and return the SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS attached to this document, **the form must be postmarked on or before DATE**.  [60 days from the date of mailing].

If your SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS is not postmarked by DATE [60 days from the date of mailing], you will not be eligible to receive any portion of the settlement funds. For more information on the settlement and your rights, please see the attached NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION CIVIL ACTION AND FAIRNESS HEARING ("NOTICE").

By signing, dating, and returning the SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS, you are confirming the release of claims set forth below (for further information, see NOTICE). The SETTLEMENT CLAIM FORM AND RELEASE OF CLAIMS must be personally filled out by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf.

Be sure to make a copy of the signed Claim Form for your records. It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.  The contact information for the Claims Administrator is in Section 6 of the Notice.

## CONSENT TO JOIN

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and various other state laws.  I hereby consent and agree to pursue any claims under the FLSA against AEI by joining in the above-referenced lawsuit filed in the United States District Court for the Western District of Wisconsin,

titled *Richard Wilcox, et. al. v. Alternative Entertainment, Inc. et al.,* Case No. 09-CV-659, as amended (the "Civil Action"), and I hereby opt-in to become a plaintiff in the Civil Action. I consent and agree to be bound by any adjudication of this action by the Court.   I consent and agree to pursue my claims for wage-related claims of any kind during my tenure as an AEI technician in connection with the above-referenced Civil Action.   I hereby designate the law firms of Hawks Quindel, S.C., Axley Brynelson, LLP and Gingras, Cates & Luebke, S.C. to represent me in this action.   I further agree to be bound by the collective and class action settlement.  This settlement has been approved by the class representatives and my attorneys and has been preliminarily approved by this Court as fair, adequate, and reasonable.

## RETALIATION

The law prohibits retaliation against an employee for exercising his/her rights under the FLSA, Wisconsin wage and hour law, or Michigan wage and hour law. Therefore, AEI and its employees are prohibited from discharging you or retaliating against you because you choose to participate in this lawsuit.

## QUESTIONS

If you have any further questions with respect to this action or about this Notice, you may direct such questions to Class counsel at 608/257-0040. More information may be found at www.aeiclassaction.com. **YOU SHOULD NOT CONTACT THE COURT.**

## RELEASE OF CLAIMS

The release below includes:  all wage and hour claims for current and former AEI employees who were employed in Wisconsin or Michigan at anytime between October 29, 2006 and August 6, 2010; all wage deduction claims for current and former AEI employees who were employed in Wisconsin at any time between December 22, 2003 and August 6, 2010; and all wage deduction claims for current and former AEI employees who were employed in Michigan at any time between October 29, 2006 and August 6, 1010.

By signing below, I acknowledge that I was employed by Alternative Entertainment, Inc. ("Defendant" or "AEI"):

in Wisconsin or Michigan as a COV or POV technician at any time between October 29, 2006 and August 6, 2010 and was not paid minimum wage and/or overtime for all hours I worked; and / or

in Wisconsin or Michigan as a technician and had money deducted from my wages for defective or faulty workmanship, lost or stolen property or damage to property without my authorization; and that I:

(A) Hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendants and/or the Released Parties (defined as, Defendants and DISH Network, Inc.

their owners (including, but not limited to, Tom Burgess), stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them), from any and all past and present wage related matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, related to any wage-related disputes (including related retaliation claims) and claims including but not limited to those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq., the Michigan Wage Law, M.C.L. 408.381, *et. seq.*, the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. 408.471, *et. seq.*, Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 *et. seq.*, Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 *et seq.* and 274.01 *et seq.*, The Wisconsin Wage Deduction Statute, Wis. Stat. § 103.455, The Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims of conversion which any such Rule 23 Class Member or Class Representative has or might have, known or unknown, of any kind whatsoever ("Wage Classes Released Claims"), and any claim for attorney's fees or costs associated with the released claims. The foregoing release does not include any wage related claims brought pursuant federal, state, or local anti-discrimination statutes or laws. This release does not affect the releasing individual's rights to bring claims against DISH Network related to his employment with DISH Network prior to or subsequent to his employment with the Company.

(B)    Hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that I may have against Defendants and/or the Released Parties (defined as, Defendants and DISH Network, Inc., their owners (including, but not limited to, Tom Burgess), stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action), for attorneys fees and costs associated with Class Counsel's representation of the Class Representatives and the Rule 23 Class Member in connection with the Released Claims. In addition, with regard to the release of claims against Dish Network, Inc., its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, the foregoing release applies only to claims arising during the releasing individual's employment with the Company or termination therefrom." This release does not affect the releasing individual's rights to bring claims against DISH Network related to his employment with DISH Network prior to or subsequent to his employment with the Company. I understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys fees and costs associated with Class Counsel's representation of those individuals for any wage claims held by me in connection with the Released Claims.

I acknowledge that this Settlement Claim Form and Release of Claims is intended to include in its effect all wage related claims as set forth above asserted in or arising from my employment with AEI or asserted in this case, including both asserted and unasserted claims, and including those claims that I do not know or suspect to exist in my favor against AEI or Released Parties.

I declare under penalty of perjury that the above information is correct.

_____                    _____
Date                                                                              Signature

This Claim Form and Release of Claims must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States mail, and postmarked by DATE [60 days from the date of mailing]:

Technician Settlement Claims Administrator
C/O Rust Consulting, Inc.
PO Box 461
Minneapolis, MN 55440-0461

Address Information:

_____
Name

_____
Address

_____
City, State, Zip Code



**GREEN BAY AREA FINANCIAL CENTERS:**

Ashwaubenon Financial Center 960 Hansen Road, Green Bay, WI 54304  *(920) 491-9955*
Bay Settlement Financial Center 2260 Bay Settlement Road, Green Bay, WI 54311 *(920) 468-0900*
Downtown Green Bay City Center 301 N. Adams, Green Bay, WI 54301 *(920) 430-9800*
Howard Financial Center 2450 Velp Avenue, Suite 101, Green Bay, WI 54303 *(920) 434-5400*
I-43 Financial Center 920 Huron Road, Green Bay, WI 54311 *(920) 468-2500*
Ledgeview Financial Center 1395 S. Broadway, De Pere, WI 54115 *(920) 983-7600*
Seymour Financial Center 106 E. State Road 54, Seymour, WI 54165 *(920)833-2288*
Suamico Financial Center 2502 Lineville Road, Green Bay, WI 54313 *(920) 434-1000*
West De Pere Financial Center 1450 Scheuring Road, De Pere, WI 54115 *(920) 336-6360*

LETTER OF CREDIT
Re:  Our Letter of Credit No. 1393

We have established our irrevocable standby Letter of Credit in your favor as detailed herein subject to ISP 98.

Documentary Credit Number:  517956

Further Identification:

Date of Issue:  September 2, 2010

Beneficiary:    Rust Consulting, Inc.
                625 Marquette Ave., Suite 880
                Minneapolis, MN  55402

Applicant:      Alternative Entertainment, Inc.
                6560 Old Hwy. 29
                Seymour, WI  54165

                                Date and Place of Expiry:     March 2, 2011
                                At our counter no later than 3:00pm C.D.T

Documentary Credit Amount: USD2,330,000

Available with:  Baylake Bank, N.A.

This Letter of Credit shall be effective until 3:00p.m., CDT on March 2, 2011.  At that time, this Letter of Credit will expire unless, at least 30 days prior to that expiry date, Rust Consulting, Inc. sends written notice to us via certified mail, express carrier, or hand delivery at the above address that you wish to extend this Letter of Credit for an additional four month period.  If the term of this Letter of Credit is so renewed, then this Letter of Credit will expire at the end of such renewal period or any succeeding renewal period unless, at least 30 days prior to the then-current expiry date, you send written notice to us via certified mail, express carrier, or hand delivery at the above address that you wish to extend this Letter of Credit for an additional four month period.

At least 15 days prior to the expiry of the then-current term of this Letter of Credit, we may send you a notice in writing via certified mail, express carrier or hand delivery at the above-address that we elect not to extend this Letter of Credit for any additional period.  Upon such notice to

*Helping Build The Good Life™*

you, you may draw on us within the then-applicable expiry date and time via certified mail, express carrier or by hand delivery to Baylake Bank located at 217 North Fourth Avenue, Sturgeon Bay, Wisconsin, 54235 at sight for an amount not to exceed the balance remaining in this Letter of Credit.  Such draw must be made by your presentation of your draft and dated statement purportedly signed by one of your officials reading a follows: Quote:
The amount of this drawing USD _____ under Baylake Bank, N.A. Letter of Credit number 1393 represents funds due to us as we have received notice from Baylake Bank, N.A. of their decision not to extend Letter of Credit number 1393 and the underlying obligation remains outstanding. Unquote.

Additional Details:

This Letter of Credit is available with Baylake Bank, N.A. against beneficiary's dated statement purportedly signed by one of its authorized officers in the form of Exhibit A attached hereto which forms an integral part of this Letter of Credit.

All correspondence and any drawings hereunder are to be directed within the then-applicable expiry date and time, via certified mail, express carrier or by hand delivery to Baylake Bank, Attention: Standby Letter of Credit Department located at 217 North Fourth Avenue, Sturgeon Bay, Wisconsin,  Customer inquiry number is 1-800-267-3610.   Please have our reference number available when you contact us.

We hereby engage with you that drawings made under and in compliance with the terms and conditions of this Letter of Credit will be duly honored. The number and the date of our credit and the name of our bank must be quoted on all documents required.

Except as far as otherwise expressly stated herein, this Letter of Credit is subject to the International Standby Practices ("ISP98"), International Chamber of Commerce Publication no. 590.  This Letter of Credit shall also be governed by, and construed in accordance with the laws of the State of Wisconsin.

_____

Keith Appleton, Vice President-Baylake Bank

EXHIBIT A

Ladies and Gentlemen:

The undersigned hereby draws on irrevocable Letter of Credit no. 1393 (the "Letter of Credit"), issued by Baylake Bank, N.A. (the "Issuer") in favor of Rust Consulting, Inc. (the "Beneficiary").

In connection therewith, the Beneficiary hereby certifies to the Issuer, with reference to the Letter of Credit, that Alternative Entertainment, Inc. ("AEI") has failed to pay the settlement funds obligated under the Settlement Agreement that it entered into with Plaintiffs in Wilcox, et al. v. Alternative Entertainment, Inc., et al., W.Dis.Ct. Wis., Case No. 09-CV-659.  Beneficiary is entitled under that Settlement Agreement to present this draft and draw upon the Letter of Credit.  In addition, Beneficiary hereby certifies to the Issuer that the amount of the accompanying draft properly reflects amounts owed by AEI to the Beneficiary under the Settlement Agreement, and the amount does not exceed the amount which is due and payable by AEI to the Beneficiary under the Settlement Agreement, and that AEI has failed to pay such amount now due.

Such amounts shall be paid by wire transfer to the following bank and account:

In witness thereof, the Beneficiary has executed and delivered this certificate this _____ day of _____.


_____
Authorized Officer



_____
Authorized Signature

EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD WILCOX and
RICHARD D. MORRIS and the
putative classes of others similarly
situated,

        Plaintiffs,

    v.                                                        Case No. 09-CV-659

ALTERNATIVE ENTERTAINMENT, INC., et al.,

        Defendants.

### CLASS REPRESENTATIVE SETTLEMENT AGREEMENT
### AND RELEASE OF CLAIMS

This individual Settlement Agreement and Release of Claims (the "Agreement") is made

by _____, his/her heirs, executors, administrators, attorneys, agents and/or assigns

(collectively, "the Plaintiff"); and Alternative Entertainment, Inc., ("AEI") (collectively, "the

Parties") to reflect the settlement of any and all claims the Plaintiff may have against the

Released Parties (as defined in ¶ 1) including but not limited to claims asserted in the matter

entitled *Richard Wilcox, et. al. v. Alternative Entertainment, Inc., et al.,* Case No. 09-CV-659

filed in the United States District Court for the Western District of Wisconsin (the "Civil

Action"). In the Civil Action, the United States District Court for the Western District of

Wisconsin has approved settlement of all claims and dismissed this action with prejudice. The

full terms of settlement are set forth in the Settlement Agreement filed with the Court.

    1.    <u>Release</u>: Plaintiff forever and fully releases and covenants not to sue AEI and

DISH Network, Inc., their owners (including, but not limited to, Tom Burgess), stockholders,

predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action (collectively, the "Released Parties") from any and all past and present matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Plaintiff has or might have, known or unknown, of any kind whatsoever, arising from the period of time preceding the execution of this Agreement (with the exception of any workers' compensation claims or unemployment claims under Wisconsin law or any claims under COBRA) ("Class Representative Released Claims").

2.      <u>Specific Payment</u>:      In full settlement of all claims, including claims for attorneys' fees, and in consideration of the execution by the Plaintiff of this Agreement and the promises made herein, AEI hereby agrees that it will pay the Plaintiff the amount of [XXXXXXXXX] (less applicable withholding) as a Class Representative.  Said payment will be made by AEI  as payment of wages with appropriate withholding and tax reporting.  The funds will be paid in the form of a check with the Federal, State, and Local wage withholding taxes withheld and reported to the appropriate taxing authority.  The Claims Administrator will withhold the employer's portion of the withholding and pay that amount out of AEI's separate funds.  The Claims Administrator shall issue to each Plaintiff receiving payment a W-2 for half the gross amount of the payment described in this paragraph for the year they receive the monies and a Form 1099 for the remaining half of the gross amount of the payment.  Defendant shall be solely responsible to pay for all "employer-sided" taxes as required as a result of said payments,

and Plaintiffs shall be solely responsible to pay for all "employee-sided" taxes required as a result of said payments.

  3. <u>Non-Admission</u>:  The parties understand and agree that AEI's agreement to pay the amount described or any other statement made in this Agreement shall not constitute an admission of any violation of any law or breach of any duty by AEI, nor does it constitute an admission of any allegation of wrongdoing or illegal conduct on the part of the Released Parties. The parties recognize that AEI specifically denies each and every one of the allegations of wrongdoing and illegal conduct made by the Plaintiffs.  AEI expressly denies liability for any claim asserted by the Plaintiffs and is settling this dispute in order to avoid the inconvenience of further controversy and for no other reason.

  4. <u>Class Counsel Review</u> :  The terms of this Agreement are the product of mutual negotiation and compromise between the Plaintiff (or his/her representatives) and AEI.  Class Counsel is as follows:

William E. Parsons    Michawl J. Modl
David C. Zoeller     Timothy D. Edwards
HAWKS QUINDEL, S.C.  Steven M. Streck
P.O. Box 2155      AXLEY BRYNELSON, LLP
Madison, Wisconsin 53701-2155 P.O. Box 1767
(608) 257-0040     Madison, Wisconsin 53701-1767
           (608) 257-5661

           Robert J. Gingras
           Michael J. Luebke
           Heath P. Straka
           GINGRAS, CATES & LUEBKE, S.C.
           P.O. Box 1808
           Madison, Wisconsin 53701-1808
           (608) 833-2632

  THE UNDERSIGNED FURTHER STATES THAT HE/SHE HAS CAREFULLY READ AND UNDERSTAND THE WRITTEN AND FOREGOING "SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS"; THAT HE/SHE HAS HAD FULL

OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL; THAT HE/SHE HAS FULL AUTHORITY TO EXECUTE SAID AGREEMENT; AND THAT HE/SHE EXECUTES SAME AS HIS OWN FREE ACT AND DEED.

**In order to receive payment specified in ¶ 2, this Settlement Agreement and Release of Claims must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States mail, and received by [DATE]:**

**Rust**

**[ADDRESS]**

AGREED:                                               DATED:

_____            _____, 20__

[XXXXXXXX]