IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD WILCOX,
RICHARD D. MORRIS, and
DEWEY STEVENSON,
on behalf of themselves and
all others similarly situated,

        Plaintiffs,

Case No. 3:09-CV-659

vs.

ALTERNATIVE ENTERTAINMENT, INC. and
THOMAS BURGESS

        Defendants.

**DECLARATION OF WILLIAM E. PARSONS IN SUPPORT OF PETITION
FOR CLASS COUNSEL'S COSTS AND ATTORNEYS' FEES**

I, William E. Parsons, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1.    I am an adult resident of the State of Wisconsin.

2.    I make this declaration in support of the Petition for Class Counsel's Costs and Attorneys' Fees in the above-captioned matter.

3.    I am an attorney duly authorized to practice law in the State of Wisconsin and am admitted to practice in the United States District Court for the Western District of Wisconsin.

4.    I am a partner at the law firm of Hawks Quindel, S.C. ("Hawks") in Madison, Wisconsin and I am one of the attorneys retained to represent Plaintiffs in the present action.

5. Hawks was retained as Class Counsel to represent Plaintiffs and the putative class members as relates to the FLSA and Wisconsin and Michigan wage and hour claims, in this matter.

6. The Plaintiffs in the FLSA and Michigan and Wisconsin wage and hour claims, Richard Wilcox (Wisconsin), Richard Morris (Wisconsin) and Dewey Stevenson (Michigan) executed a fee agreement retaining Hawks as Class Counsel.

7. Pursuant to the terms of the fee agreements, Plaintiffs Wilcox, Morris and Stevenson agreed to a payment of 33.33% of the gross settlement amount to Class Counsel, in the event this matter was resolved through settlement.

8. Pursuant to the fee agreements, Class Counsel agreed to assume the risk for all actual costs in the litigation in the event Plaintiffs were unsuccessful.

9. Under the terms of the fee agreements, Class Counsel is entitled to request attorneys' fees in the amount of 33.33% of the common fund, plus actual costs. Instead of requesting a separate award of actual costs, however, Class Counsel ask that their costs be absorbed into the combined 33.33% fees and costs request.

10. Your declarant has served as lead counsel in this lawsuit on behalf of the Plaintiff FLSA and state wage and hour classes and has directed the efforts of attorneys and other legal professionals at Hawks as relates to the FLSA and state wage and hour claims.

11. In prosecuting this case, attorneys and legal professionals at Hawks have reasonably and necessarily performed more than 800 hours of legal work related to the FLSA and state wage and hour claims in this litigation.

12. I have supervised the work performed by the attorneys and other legal professionals at Hawks and confirm that the time expended was reasonable and necessary for the successful litigation of this matter.

13. In April of 2010, Counsel for the parties, as well as representatives of the parties, agreed to meet for purposes of settlement discussions. Counsel for the parties, as well as representatives from AEI, including owner and President Tom Burgess, met in Madison, WI on April 23, 2010 and discussed settlement.

14. During the course of these discussions, Mr. Burgess discussed the financial condition of AEI and its limited resources. Additionally, Mr. Burgess advised that, if necessary, he and the company may need to pursue bankruptcy in the event of a large enough judgment in this matter against the company.

15. Counsel for the parties continued to have informal discussions regarding settlement and agreed to mediate this matter on August 6, 2010.

16. The parties mediated for the full day on August 6, 2010, and in the evening successfully reached a resolution. At the conclusion of the mediation, Class Counsel and counsel for AEI executed a "rough term sheet" memorializing the primary terms of the settlement agreement.

17. The settlement efforts in the case were highly contested, and entirely at arm's-length.

18. As of August 31, 2010, Class Counsel and legal professionals associated with Class Counsel have devoted more than 1,700 hours on behalf of the plaintiff classes and have incurred approximately $9,000 in actual costs. I reasonably anticipate that

Class Counsel will incur an additional $2,000 in costs in related to administering the settlement and addressing class members' questions regarding the settlement.

19. Class Counsel and Defense Counsel have retained a third-party administrator, Rust Consulting, Inc. ("Rust"), to help administer the settlement. Rust's services will cost approximately $40,000. The first $40,000 in such costs and fees will be paid by AEI from the Maximum Settlement Amount ($2,330,000). Class Counsel will be solely responsible for all such costs and fees in excess of $40,000.

20. Class Counsel's legal services have included detailed investigations of potential wage deduction related claims against AEI. This has included in-person and telephonic conferences with Plaintiffs and numerous putative class members. The putative class is approximately 2,000 individuals from two states. Class Counsel contacted numerous putative class members to investigate the issues in the case, including non-payment for off-the-clock work activities, alleged improper overtime payment for productive work, non-payment for work provided during scheduled lunch hours, and alleged improper wage deductions. Class Counsel spent substantial time and effort researching applicable wage and hour and wage deduction law. Class Counsel prepared the Complaint as well as amended pleadings in this matter. Class Counsel spent time and effort responding to the Defendant's motion to transfer this matter to the Eastern District of Wisconsin. Class Counsel spent significant time on written discovery and depositions in this matter. AEI provided the equivalent of tens of thousands of pages of electronic documents, including numerous spreadsheets relating to the wage and hour and wage deduction claims. Class Counsel spent numerous hours analyzing these spreadsheets and preparing the appropriate damages analysis. Class Counsel also spent

significant time and resources proving that Plaintiff classes were suitable for class certification. This included reviewing applicable law, reviewing a significant number of documents and spreadsheets and contacting numerous putative class members.

21. Through the duration of this case, Class Counsel consulted regularly, discussed the status of pending matters and analyzed strategies to continue move the case forward.

22. Lead counsel delegated appropriate tasks to the various team members.

23. With the magnitude of this litigation, it was imperative that there be regular communication between everyone on Class Counsel's litigation team.

24. Class Counsel's obligations will continue into the future. This will include the need to assist, as appropriate, with settlement administration as well as participation in the final approval hearing. Additional fees will be incurred relating to contacts with class members regarding the settlement. Assuming that the Settlement Agreement receives preliminary approval, Class Counsel's obligations will continue during the claims process, through the final approval hearing and for several months thereafter dealing with questions and concerns of the class members.

25. I am familiar with complex litigation including employment litigation and class action litigation.

26. I am familiar with wage and hour and wage deduction law and know that there were a number of potential defenses to the claims asserted in this action. I am aware that had AEI been successful on one or more of these defenses, recovery could have been reduced significantly.

27. I am aware that class certification of Wisconsin and Michigan state law classes under Rule 23, Federal Rules of Civil Procedure, has its own set of hurdles and that a failure to certify or a motion granting decertification is a significant risk in wage and hour and wage deduction litigation.

28. Class Counsel took substantial risks of non-recovery of both costs and fees in pursuing this case on behalf of the Plaintiff classes. These risks included various defenses as well as class certification risks.

29. Based upon my experience as an attorney who has been practicing law in Madison, Wisconsin for over 6 years, including litigating employment and other class action lawsuits, a one-third contingent fee is consistent with the market rate given the risks involved in this type of litigation.

Dated October 1, 2010

/William E. Parsons