IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD WILCOX,
RICHARD D. MORRIS and
DEWEY STEVENSON,
on behalf of themselves and
all others similarly situated,

                        Case No. 3:09-CV-659

              Plaintiffs,

vs.

ALTERNATIVE ENTERTAINMENT, INC. and
THOMAS BURGESS,

              Defendants.

## FINAL ORDER

On March 7, 2011 at 1:00p.m., a hearing was held on the Parties' motion for final approval of the class settlement of this action ("Settlement"). Class Counsel appeared for the Plaintiffs, Hawks Quindel, by William Parsons and David Zoeller, Gingras, Cates & Luebke, S.C., by Heath Straka, and Axley Brynelson, LLP, by Mike Modl. Defendant appeared by Squire, Sanders & Dempsey (US) LLP, by Jill S. Kirila and Liebmann, Conway, Olejniczak & Jerry, S.C., by Kurt A. Goehre. Plaintiffs and Defendants are referred to collectively in this order as the Parties.

Having received and considered the Settlement Agreement, the supporting papers filed by the Parties, and the evidence and argument

received by the Court at the final approval hearing held on March 7, 2011, by means of this order (the "Final Approval Order"), the Court grants final approval to the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Defendants and all class members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court, pursuant to 28 U.S.C. section 1332(d) has original jurisdiction and, also has supplemental jurisdiction pursuant to 28 U.S.C. section 1367, over all state-law claims asserted by plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4. Pursuant to the Preliminary Approval Order, a Notice of Settlement and Claim Form were sent to the Settlement Class Members. These papers informed class members of the terms of the Settlement, their

right to claim a share of the settlement proceeds, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. The Settlement Notice was provided with ample time for the class members to follow these procedures.

5. Additional notice regarding the Settlement was provided through posting of the legal notice in six regional newspapers, and through posting of the notice at http://www.aeiclassaction.com/.

6. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of class members. Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement and Preliminary Approval Order. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process, including but not limited to the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), the Fair Labor Standards Act, the United States Constitution, and any other applicable law.

7. The Settlement Classes as defined in Section 2.5 of the Settlement Agreement are certified pursuant to Fed. R. Civ. P. 23 (a) and (b)(3).

8. The 216(b) opt-in settlement class includes all members on Exhibit A to the Parties' Joint Motion for Final Approval.

9. Pursuant to Rule 23(e), the Court further finds and determines that (a) the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each class member, (b) 3 of the class members have opted out of the Settlement, (c) 2 class members have objected to the Settlement, (d) the Settlement ordered is finally approved, and (e) all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Settlement Classes and Defendants, after thorough factual and legal investigation.

10. The Court further finds that the response of the Settlement Classes to the Settlement supports settlement approval. Of the 2,076 Settlement Class members, 822 individuals, who represent 39.5% of the total Settlement Class, are claiming $1,041,998.91 of the $1,528,333.40 allocated

to the Settlement Classes, or 68.17% of the total funds allocated to the Settlement Classes.

11. The Court finds and determines that the payments to be made to the class members as provided for in the Settlement Agreement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The Court hereby gives final approval to and orders the payment of those amounts be made to the Authorized Claimants out of the $2,330,000 Maximum Settlement Amount in accordance with the terms of the Settlement Agreement.

12. The Court approves the award of Enhancement Payments to Plaintiffs Richard Wilcox, Richard Morris, and Dewey Stevenson in the aggregate amount of $25,000.00 as fair and reasonable based on the applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

13. The Court approves Class Counsel's petition for costs and attorney's fees and finds that an award of attorney's fees in the amount of $776,666.66, inclusive of all costs, as set forth in the Court's October 15, 2010 Order granting Class Counsel's petition for attorneys' fees and costs (Dkt. 155), is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

14. The Court approves payment to Rust Consulting, Inc., as described in Section 4.2 of the Settlement Agreement, with the first $40,000

in such costs and fees paid by AEI from the amount available for the Maximum Settlement Amount ($2,330,000) and Class Counsel being solely responsible for all such costs and fees in excess of $40,000. The Court finds that the payment of the Settlement Administration Costs is fair and reasonable.

15. The Court finds that all members of the Settlement Class who have either: (a) sent a timely Claim Form; or (b) failed to send a timely Claim Form or Request for Exclusion are hereby deemed to have waived and released, to the fullest extent of applicable law, as to Defendants and/or the Released Parties, from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes (including related retaliation claims) and claims including but not limited to those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*, the Michigan Wage Law, M.C.L. 408.381, *et. seq.*, the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. 408.471, *et. seq.*, Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 *et. seq.*, Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 *et seq.* and 274.01 *et seq.*, The Wisconsin Wage Deduction Statute, Wis. Stat. §103.455, The Wisconsin

Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims of conversion which any such Rule 23 Class Member or Class Representative has or might have, known or unknown, of any kind whatsoever (the "Wage Classes Released Claims"). The foregoing release does not include any wage related claims brought pursuant to employment discrimination statutes or laws.

16. If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement Agreement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to the Plaintiffs and the Settlement Class, individually or collectively, all such liability being expressly denied by Defendants. The Settlement Agreement is not an admission by Defendants nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendants. Furthermore, the

Settlement Agreement is not a concession by Defendants and shall not be used as an admission of any fault, omission or wrongdoing by Defendants or of the existence or non-existence of any fact. Neither this Order, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to Defendants' liability as to any released claims (as defined in the Settlement Agreement and the Claim Form) or the denials or defenses of Defendants, and shall not be offered in evidence in any action or proceeding against the parties hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order. This Order, the Settlement Agreement and exhibits thereto, and any other papers and records on file in this lawsuit may be filed in this Court or in any other litigation as evidence of the settlement by Defendants to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released claims.

18. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

19. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

20. The request to withdraw an object by Scott Gudenschwager is GRANTED.

IT IS SO ORDERED.

Entered this 7th day of March, 2011.

*Barbara B. Crabb*
Barbara B. Crabb
UNITED STATES DISTRICT COURT
JUDGE